# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506 2373
F: +1 212 849 5854
MIngber@mayerbrown.com

October 13, 2020

BY ECF

The Honorable William Alsup
San Francisco Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Jermaine Thomas et al., v. Cricket Wireless, LLC*, Case No. 3:19-cv-07270

Dear Judge Alsup:

Cricket Wireless LLC ("Cricket") seeks the Court's assistance to compel plaintiffs to respond to Cricket's August 7, 2020 requests for production of documents concerning plaintiffs' engagement of their counsel. This information is critical both to assessing plaintiffs' and their counsel's adequacy to represent the putative class and to investigating serious irregularities in this case. Indeed, more than half of the 13 named plaintiffs have sought to dismiss their claims after Cricket began asking basic questions about whether they had in fact purchased the products and/or services that they allege that Cricket deceptively marketed. And so far, six plaintiffs have refused to appear for depositions. Further inquiry into whether Rule 23(a)(4)'s adequacy requirement can be satisfied here is sorely needed.

Specifically, Cricket seeks the following information from plaintiffs:

1. Documents "concerning [plaintiffs'] engagement and retention of [their] attorneys for this action, including any retainer agreements or engagement letters" for this "matter";

2. Documents "concerning any agreement or arrangement regarding the payment of any fees or costs associated with this action and the distribution of any monetary compensation received in this action"; and

3. Documents "concerning the identity of every lawyer or law firm with whom or with which [plaintiffs] communicated concerning the possibility of representing [plaintiffs] to pursue claims in this action and the date(s) of each communication."

On September 8, plaintiffs objected to every request, insisting that the documents were all "irrelevant" and "privileged." Ex. A (Plaintiffs' Objections and Responses). In a September 25 letter, Cricket explained why the objections were baseless and requested a meet-and-confer

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

call on either September 28 or 29. Rather than agree to a call, on October 6, plaintiffs advised that they would respond to Cricket's letter by October 9. On October 11, plaintiffs finally sent a letter confirming their refusal to produce any of the requested documents. On October 12, the parties met and conferred about the requests by telephone, but reached an impasse.

As discussed below, plaintiffs' objections are meritless.

***Relevance***. On October 29, 2020, plaintiffs must move for class certification, which requires them—and their counsel—to demonstrate their adequacy to be class representatives and class counsel under Federal Rule of Civil Procedure 23(a)(4). The requested information—including retainer or engagement agreements or other agreements regarding payment of costs or distribution of proceeds of the case, such as litigation funding documents—is highly pertinent to the adequacy inquiry. Those documents could reveal a conflict of interest between the named plaintiffs, or their counsel, on the one hand and absent class members on the other, or otherwise illuminate whether the named plaintiffs would adequately protect the interests of the class. The documents also may reveal any irregularities in how the named plaintiffs were recruited to lend their names to this case, which may reveal the unsuitability of plaintiffs and their counsel to serve as fiduciaries to the purported class.

Indeed, as numerous courts have found, this material is relevant and the proper subject of discovery to assess whether class certification is warranted. *See*, *e.g.*, *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009) ("the point is that uncovering conflicts of interest between the named parties and the class they seek to represent is a critical purpose of the adequacy inquiry"); *Haghayeghi v. Guess?, Inc.*, 2016 WL 9526465, at *1 (S.D. Cal. Mar. 21, 2016) (compelling named plaintiffs to produce "all documents concerning your ability to control or participate in this litigation," "all documents that concern or constitute any retainer agreement," and "all documents that concern any agreement between you and your attorneys . . . regarding the payment of any fees or costs") (capitalization omitted); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014) (citing multiple cases supporting the conclusion that "Plaintiff's retainer and fee agreement with counsel in this case is relevant to the Rule 23(a)(4) analysis of whether Plaintiff is an adequate representative of the class"). Moreover, the Standing Order for All Judges of the Northern District of California specifies that "[i]n any proposed class, collective, or representative action, the required disclosure [of interested entities or persons under Civil Local Rule 3-15] includes any person or entity that is funding the prosecution of any claim or counterclaim." Plaintiffs cannot insist on keeping any such agreements hidden.

In objecting to these requests, plaintiffs have relied on two wholly inapposite cases. In the first case, *In re Google Adwords Litigation*, 2010 WL 4942516 (N.D. Cal. Nov. 12, 2010), the court declined to compel production of fee arrangement documents because the defendant in that case "never . . . asked about the terms of Plaintiffs' legal representation" during plaintiffs' depositions. *Id.* at *5. Cricket very much intends to depose plaintiffs here about this topic. When, as here "Defendant seeks these documents *in advance* of Plaintiff's deposition to discover whether Plaintiff may adequately represent the class or if a conflict of interest exists," then "*In re Google* . . . is distinguishable" and "Defendant is entitled to seek this relevant information during

Page 3

discovery." *Haghayeghi*, 2016 WL 9526465, at *2. And in the second case, *Pappas v. Naked Juice Co.*, 2012 WL 12885109 (C.D. Cal. Dec. 5, 2012), the court deemed the request for retainer agreements part of an unfounded fishing expedition because there was no "basis for speculating about the adequacy of the class representatives" in that case. *Id.* at *6. Here, the question of plaintiffs' adequacy is very much real. The timing of this case in relation to the earlier *Barraza* copycat action—which some of plaintiffs' counsel filed and then settled on an individual basis—and the fact that many named plaintiffs have sought to withdraw once Cricket raised questions regarding their supposed purchase of the disputed product or service, gives rise to reasonable suspicion that plaintiffs are inadequate class representatives.

Moreover, the third request properly seeks documents concerning the fact and timing of named plaintiffs' communications with lawyers about the commencement of this suit. The timing of those communications and any non-privileged agreements creating a conflict of interest again is highly relevant to the adequacy inquiry. Indeed, those documents might show that lawyers affirmatively recruited plaintiffs for this suit, confirming that this is a lawyer-driven action in which the named plaintiffs are not fulfilling their fiduciary obligations to protect absent class members. Cricket is entitled to show that "plaintiff's counsel, and not plaintiffs, are the driving force behind this action." *Bodner v. Oreck Direct, LLC*, 2007 WL 1223777, at *3 (N.D. Cal. Apr. 25, 2007). And the requested documents are needed to meet that burden.

*Privilege*. None of Cricket's requests seeks attorney-client privileged communications. To the contrary, it is settled that the retainer, engagement, litigation-funding, or other side agreements between would-be class representatives and their counsel are not privileged. *See*, *e.g.*, *Gusman*, 298 F.R.D. at 599-600 (S.D. Cal. 2014) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine.") Nor does Cricket's third request seek privileged information: "[c]ommunications between attorney and client that concern the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *Id.* (internal quotation marks omitted).  To be clear, Cricket does not request—and has never requested—the content of any such privileged communications. Instead, it seeks the underlying facts, which are not privileged.

Cricket respectfully requests that the Court compel the 10 plaintiffs who have been served with these discovery requests to produce documents as soon as possible—especially in light of the fact that named plaintiffs' depositions commenced as of October 12.

                                        Respectfully,

                                        */s/ Matthew D. Ingber*
                                        *Counsel for Cricket Wireless, LLC*