LAW OFFICES

# WAGSTAFF & CARTMELL LLP

4740 GRAND AVENUE · SUITE 300
KANSAS CITY, MISSOURI 64112

(816) 701-1100
FAX (816) 531-2372

October 14, 2020

The Honorable William Alsup
San Francisco Courthouse, Courtroom 12
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102

      RE:    *Thomas et al v. Cricket Wireless, LLC*
                Case No.: 3:19-cv-07270-WHA

Dear Judge Alsup:

On behalf of Plaintiffs, we write to apprise the Court of an impasse between the parties over Plaintiffs' right to conduct discovery on Cricket's document preservation efforts after *Barazza v. Cricket Wireless* was filed in May 2015.

Plaintiffs have served two sets of document requests on Cricket. Cricket refused to engage in any discussion with Plaintiffs' counsel about the sources of information that Cricket was searching for responsive documents. Cricket has now provided 11 document productions, but the production letters from Cricket show that these documents have come from two main company sources: (1) custodian e-mail accounts of individuals still at the company hand selected by Cricket; and (2) Legacy Cricket Enterprise Data Warehouse.[1] Plaintiffs identified seventeen (17) key executives that our investigation indicated were the key decision-makers at Cricket on issues relevant to this dispute. Exhibit 1 (Aug. 24 Letter). Cricket has produced no documents from any of these individuals. Cricket has produced no documents from any legacy Cricket central files or repositories. Based on Cricket's production sources, it appears that Cricket failed to engage in any document preservation efforts after *Barazza*. Plaintiffs should be entitled to probe this issue in discovery to investigate whether Cricket violated any duties to preserve information that warrant discovery sanctions.[2]

Plaintiffs served a Rule 30(b)(6) deposition notice duces tecum. *See* Exhibit 2 (Plaintiffs' 30(b)(6) Deposition Notice). Cricket contends that no duty to preserve existed after *Barazza*

---

[1] Cricket has tried to camouflage this issue. It will no doubt point to the volume of information that it has produced, including producing information from third parties like TPN Retail and from "publicly available internet sources." But Plaintiffs are not asserting that Cricket has failed to produce some information that remains at Cricket. Instead, Plaintiffs contend that most of the information that Cricket has produced has come from secondary actors and/or secondary sources. Cricket appears to have discarded information from the primary actors and primary sources. Plaintiffs are entitled to discovery on this issue.

[2] Generally, "[t]here are two sources of authority under which a district court can sanction a party who has despoiled evidence and/or engaged in bad faith conduct: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under [Federal Rule of Civil Procedure ("Fed.R.Civ.P.")] 37 . . ." *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) (quotation marks omitted).

The Honorable William Alsup
October 14, 2020
Page | 2

settled, and it will not respond to any discovery about preservation efforts prior to September 30, 2016. Exhibit 3 (Cricket's Letter). Cricket is wrong on the law. Cricket had a duty to preserve information when litigation became reasonably foreseeable.[3] A duty to preserve evidence is triggered by any event that would give a potential litigant reasonable notice that future litigation might be forthcoming. The "trigger date" is based on "an objective standard, asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 990 (N.D. Cal. 2012). "A variety of events may alert a party to the prospect of litigation." *See Fed. R. Civ. P. 37* advisory committee's note. Courts have repeatedly imposed this duty when past litigation triggers the duty.[4] *Williams v. BASF Catalysts LLC*, 2016 WL 1367375 (D.N.J. Apr. 5, 2016) ("*BASF*"), provides a recent application of the broad preservation rule. In *BASF*, an initial plaintiff sued BASF in 1979 because its talc powder contained asbestos. *Id.* at *3. After the case settled, the defendant destroyed all relevant records on this issue. *Id.* Twenty-seven years later, a second suit was brought alleging intentional spoliation of evidence by those exposed to BASF's talc products. Defendants argued they had no duty to preserve the documents because the evidence was destroyed after the first litigation ended but before the current action was filed. The court disagreed, explaining that a party has a duty to preserve evidence "when it was relevant in a prior lawsuit, and where it was reasonably foreseeable that the evidence would be relevant to anticipated lawsuits of nearly identical subject matter . . . ." *Id.*

Here, Plaintiffs can establish that a duty to preserve evidence existed after May 2015. During the litigation and at the time of the first dismissal on December 22, 2015, the circumstances show that a company in Cricket's position would have been aware that future litigation was reasonably foreseeable.
- Two plaintiffs brought a putative class action against Cricket in May 2015.
- Cricket agreed to pay the two individual plaintiffs the full value of their claims, including punitive damages of 100 times the cost of the phone, as well as attorney's fees and costs. *See* Exhibit 4 (Settlement Hearing Tr. at 5).
- Cricket tried to include terms in the individual settlement agreements that would have hindered plaintiffs' counsel from taking steps to pursue future litigation against Cricket on behalf of other members of the putative class, but plaintiffs' counsel rejected those

---

[3] *See, e.g., Fishman v. Tiger Nat. Gas, Inc.*, No. C 17-05351 WHA, 2018 WL 6068295, at *3 (N.D. Cal. Nov. 20, 2018)(Alsup, J.)(evaluating when a party has a duty to preserve electronically stored information and imposing sanctions for failing to do so).

[4] *See also Stinson v. City of New York*, 2016 WL 54684, at *4 (S.D.N.Y. Jan. 5, 2016) ("*Stinson*") (holding that the duty to preserve arose when a complaint was filed in an earlier action containing similar allegations); *M & T Mortg. Corp. v. Miller*, No. 02 Civ. 5410, 2007 WL 2403565, at *5 (E.D.N.Y. Aug. 17, 2007) ("M & T Mortgage") (duty to preserve documents dated from regulator's filing of an earlier action where the allegations in the subsequent action were "strikingly similar"); *Livingston v. Isuzu Motors, Ltd.*, 910 F. Supp. 1473, 1494 (D. Mont. 1995) (raw test data required to have been preserved for future potential rollover litigation against Isuzu given Isuzu's knowledge of other manufacturers' rollover problems "as well as other information known industry wide involving the rollover factor in narrow track utility vehicles"); *Phillip M. Adams & Associates, LLC v. Winbond Elecs. Corp.*, 2010 WL 3767318, at *4 (D. Utah Sept. 16, 2010) ("The Court finds that MSI should have preserved evidence pertinent to future FDC litigation. From 1999-2000 the industry as a whole was aware of potential litigation.").

ATTESTATION: The filer attests that concurrence in the filing of this document has been obtained from the signatory.

The Honorable William Alsup
October 14, 2020
Page | 3

- changes in a red-line response and the agreements were silent about future litigation.[5]
- When *Barazza* settled, the statute of limitations clearly had not run on the other putative class members' claims against Cricket. Cricket subsequently entered multiple tolling agreements tolling the claims of the entire putative class.

These circumstances leave no doubt that a company in Cricket's position understood that the lawsuit had merit, that more than 800,000 other similarly situated customers who bought 4G/LTE devices had the same claims against Cricket, and future litigation was reasonably foreseeable. Thus, Cricket had a duty to preserve relevant information. That duty continued to exist.[6]

Cricket also had an independent duty to preserve documents as a result of a different, existing class action lawsuit that was filed in federal court in March 2015 and was not resolved until a class action settlement that was finally approved by the court in 2018. That case involved issues related to Cricket's CDMA handsets. *See, e.g., Bond v. Cricket Commc'ns, LLC*, No. CV MJG-15-923, 2017 WL 4838754, at *1 (D. Md. Oct. 26, 2017), *aff'd sub nom. Scott v. Bond*, 734 F. App'x 188 (4th Cir. 2018). Thus, Plaintiffs are entitled to probe when information was discarded by Cricket for this independent reason.

This Court should allow plaintiffs to conduct discovery on spoliation issues. Plaintiffs request that the Court compel Cricket to (1) provide interrogatory answers[7] and produce any documents (and provide a privilege log for any purportedly privileged communications[8]) related to Cricket's decisions about retaining legacy Cricket documents, emails, and information after the *Barraza* litigation was filed in May 2015[9],; and (2) prepare a corporate representative to sit for a deposition to answer questions on the document preservation topics (Topics #1 and #2) in Plaintiffs' Rule 30(b)(6) deposition notice.

Respectfully submitted,
*/s/ Melody Dickson*
COUNSEL FOR PLAINTIFFS

Cc: All counsel of record
Encl: Exhibits

---

[5] If Cricket disputes this occurred, then Plaintiffs will provide the Court with the draft settlement agreements in camera or file them under seal.

[6] As this Court's order denying Cricket's motion to dismiss or transfer explained, two of the current plaintiffs filed another action in the Western District of Missouri in September 2016. Dkt. No. 35 at 4. The parties stipulated to a dismissal but only because Cricket agreed to a broad tolling agreement. That agreement expired on November 4, 2019, the day the plaintiffs in this case filed essentially the same putative class action. *Id.*

[7] Exhibit 5, Defendant's Answers and Objections to Plaintiffs' First Interrogatories, Nos. 1, 2, and 3.

[8] Plaintiffs reserve the right to seek further discovery or in camera review of documents if the privilege log indicates that there were communications involving Cricket's attorneys regarding document retention after *Barraza* was filed. *See Rambus v. Infineon Techs. AG*, 220 F.R.D. 264, 282 (E.D. Va. 2004) (crime-fraud exception to attorney-privilege applies to issues of spoliation); *Williams v. Big Picture Loans, LLC*, 2019 WL 1983048, *15 (E.D. Va. May 3, 2019) (same; ordering depositions of lawyers on issue of spoliation); *see also Adidas America, Inc. v. TRB Acquisitions LLC*, 2019 WL 7630793, *5 ("The Ninth Circuit has observed that the threshold for conducting *in camera* review is 'considerably lower … than for fully disclosing documents.'").

[9] Plaintiffs raised these issues in an August 5 discovery letter with regard to Defendant's refusal to answer Plaintiffs' First Requests for Production Nos. 55, 56, and 57. Dkt. No. 75. Defendant has now also refused to respond to the *duces tecum* requests that were issued with the 30(b)(6) deposition notice.

ATTESTATION: The filer attests that concurrence in the filing of this document has been obtained from the signatory.