LAW OFFICES

# WAGSTAFF & CARTMELL LLP

4740 GRAND AVENUE - SUITE 300
KANSAS CITY, MISSOURI 64112

(816) 701-1100
FAX (816) 531-2372

October 14, 2020

The Honorable William Alsup
San Francisco Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: *Thomas et al. v. Cricket Wireless, LLC*, Case No. 3:19-cv-07270-WHA

Dear Judge Alsup,

    Plaintiffs write to advise the Court of disputes that have arisen regarding Defendant's responses and objections to Plaintiffs' 2nd Request for Production to Defendant Cricket Wireless, LLC (attached hereto as Exhibit 1), and Plaintiffs' 2nd Interrogatories to Defendant Cricket Wireless, LLC (attached hereto as Exhibit 2). The parties have met and conferred telephonically on multiple occasions and exchanged numerous correspondence on these issues. It is clear from these efforts that Defendant is not interested in compromise but, rather, intent on delaying discovery in hopes of avoiding liability for its misconduct.

    Plaintiffs request an order directing Defendant to fully respond to each of the discovery requests identified below or, in the alternative, permitting Plaintiffs to submit a motion to compel on the issues.

### **Class member data – Request Nos. 1-2[1] and 5 and Interrogatory Nos. 3-4.**

    Defendant refuses to produce the identities and addresses of putative class members who purchased 4G LTE capable devices and service plans.[2] This information is particularly important here because where Cricket customers lived and used their Cricket devices impacts their inclusion in the Class. Thus, Plaintiffs require this information to determine the scope of the class and any

---

[1] Requests Nos. 1 and 2 overlap in some respects with Requests 9 and 10 from Plaintiffs' 1st Request for Production to Defendant. Plaintiffs filed a discovery letter concerning Requests 9 and 10 on August 5, 2020, which is pending. ECF No. 75. However, Requests 1 and 2 include additional information not sought by Requests 9 and 10.

[2] In response to Interrogatory Nos. 3-4, Defendant referred to documents it produced in response to Requests for Production. However, as Plaintiffs have explained to Defendant, the information Defendants points to is insufficient because it does not provide any way for Plaintiffs to link customers' devices to their corresponding service plans, rendering it largely useless.

The Honorable William Alsup
October 14, 2020
Page **2** of **3**

relevant subclasses and to establish the requirements of Fed. R. Civ. P. 23 including numerosity, typicality, and commonality.

Next, Defendant will not release a complete set of service plans that were purchased with Cricket's 4G phones. Defendant has internally classified some plans as "3G" and refuses to produce any information about Defendant's sales of these "3G" service plans during the Class Period, claiming such information is irrelevant.[3] Plaintiffs cannot evaluate the interrelated merits issues attendant to damages without the details of all service plans Cricket sold during the Class Period. The parties disagree about which plans Cricket marketed as having 4G capabilities. Plaintiffs should not be limited at the discovery stage of the case from exploring the full scope of plans that Cricket sold with its 4G devices. Thus, information as to all service plans marketed and sold by Cricket during the Class Period is necessary for Plaintiffs to effectively prosecute their claims.

Defendant likewise refuses to provide information identifying which Cricket customers migrated from Cricket's network to AT&T's 4G LTE GSM Network and whether they received any credits or financial incentives in connection with the migration. Plaintiffs understand that Defendant intends to argue that any such credits or financial incentives may reduce or eliminate a class member's damages. While Defendant has represented it intends to produce some responsive information in an anonymized fashion, when Defendant has produced information in that manner previously, Plaintiffs have been unable to make the necessary connections between customer, device, and service plan. Here, an anonymized production would prevent Plaintiffs from connecting the migration credits to a customer, device, and service plan. Defendant's proposed manner of production renders much of the information unusable and, thus, amounts to a failure to respond. And Defendant has yet to make even the promised anonymized production.

Defendant's primary objection to these requests is that customer information is "protected by various state and federal laws, rules and regulations," or that producing the information would run afoul of Cricket's privacy policies. But Defendant fails to explain the application of any such law, regulation or policy to the information sought by these requests, much less why the Stipulated Protective Order entered on August 6, 2020 (ECF No. 77) fails to provide sufficient protection for any identifying information of class members. Indeed, "numerous courts in this District have made clear that the disclosure of class members'… information…is a common practice in the pre-class-certification context." *Brawner v. Bank of Am., N.A.*, 2014 WL 6845504, at *3 (N.D. Cal. Dec. 4, 2014) (holding that class member specific discovery is warranted where the information is needed to substantiate class certification allegations and that standard protective order is sufficient to protect putative class members' privacy rights) (collecting cases); *see also Artis v. Deere & Co.*, 276 F.R.D. 348, 353 (N.D. Cal. 2011). "Indeed, to deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion." *Brawner*, 2014 WL 6845504, at *3.

---

[3] *See Finjan, Inc. v. Zscaler, Inc.*, 2019 WL 1543514, *1 (N.D. Cal. Apr. 9, 2019) ("[t]he Federal Rules of Civil Procedure broadly interpret relevancy").

The Honorable William Alsup
October 14, 2020
Page **3** of **3**

**Market areas where Cricket provided LTE coverage – Request Nos. 3-4 and Interrogatory Nos. 1-2.**

Request Nos. 3 and 4 seek "[d]ata files that identify each Cellular Market Area ("CMA") where Cricket provided LTE services to its customers from its own LTE network" and "from a partner LTE network," as well as the timing and amount of the LTE services provided.[4]  Similarly, Interrogatory Nos. 1-2 seek identification of the CMA's where Cricket provided LTE service through Cricket's network or a partner's network and the quantity of data provided.[5]  Plaintiffs allege that Defendant marketed and sold Nationwide LTE while knowing it could not provide Nationwide LTE.  The locations, dates, and amounts of LTE services provided by Cricket during the Class Period are critical to Plaintiffs' claims.

Defendant has stated it will search for documents responsive to Request Nos. 3-4.  But Defendant refuses to provide any insight into what information will be searched or provide a date by which it will make any production.  To date, no information has been produced or update given on when, or if, a production might occur.  In response to the Interrogatories, Defendant relies on its production of "GIS files that were used during the relevant time period to assemble coverage maps."  However, these files require unique software to access and are largely unusable even with the software installed.  Indeed, Defendant has suggested that should either party convert the data to a usable format, that party should share the formatted information with the other party.  Defendant has stated it would consider supplementing its responses to Interrogatories 1-2 but has failed to do so or provide a timeline for doing so.

Respectfully submitted,

Melody Dickson
COUNSEL FOR PLAINTIFFS

CC:   All counsel of record
Encl: Exhibits

---

[4] Exhibit 1.
[5] Exhibit 2.