LAW OFFICES

# WAGSTAFF & CARTMELL LLP

4740 GRAND AVENUE - SUITE 300
KANSAS CITY, MISSOURI 64112

(816) 701-1100
FAX (816) 531-2372

October 20, 2020

The Honorable William Alsup
San Francisco Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Thomas et al. v. Cricket Wireless, LLC*, Case No. 3:19-cv-07270-WHA

Dear Judge Alsup,

Plaintiffs write to advise the Court of a dispute that has arisen regarding Defendant's refusal to collect and search documents it claims are in the sole possession of Leap Wireless International, Inc. ("Leap"). Leap was Cricket's parent corporation through most of the Class Period, at which time it was acquired by Cricket's current parent company—AT&T. Counsel for Defendant and Leap—the same attorneys—are attempting to shield all information in Leap's possession from discovery. Counsel's gamesmanship should not be rewarded.[1]

Defendant has strategically shielded all information in Leap's possession from discovery. Defendant's plan had two steps. Step one: Defendant objected to Plaintiffs' requests for production on the basis that Plaintiffs' definition of Cricket was overbroad and sought documents "outside of Cricket's possession, custody, or control."[2] Plaintiffs' First Requests for Production of Documents sought discovery from Cricket, which Plaintiffs defined to include "any parents, subsidiaries, affiliates, officers, directors, or agents."[3] The parties met and conferred on Defendant's objections, including the issue of discovery of information purportedly in the sole possession of Leap. Plaintiffs expressed their disagreement with Defendant's position that documents in Leap's possession were outside of Cricket's control for Rule 34 purposes. In response, counsel for Cricket represented that they were also counsel for Leap and that if Plaintiffs sought discovery of information in Leap's possession, Plaintiffs would need to issue a document subpoena to Leap. Setting aside their disagreement with Cricket's overly narrow view of

---

[1] The parties have met and conferred telephonically and exchanged written correspondence on these issues.

[2] *See* Defendant's Responses and Objections to Plaintiffs' First Requests for Production of Documents, attached hereto as Exhibit 1. This, of course, was only one of many objections Defendant's made to Plaintiffs' Requests. In fact, Defendant has objected to every single discovery request served by Plaintiffs in the case.

[3] Plaintiffs' First Requests for Production of Documents to Defendant Cricket Wireless, LLC, attached hereto as Exhibit 2.

possession, custody, and control, Plaintiffs issued a Rule 45 document subpoena to Leap on August 28, 2020.[4]

Step two: Leap, represented by counsel for defendant Cricket, lodged boilerplate objections to every category of documents sought by Plaintiffs' August 28 subpoena.[5] Leap refused to collect or search any documents. Among other baseless objections, discussed below, Leap objected on the basis that Plaintiffs should seek the discovery from Cricket. The trap was set. Cricket refused to collect or search documents it claimed were in Leap's sole possession and Leap refused to collect or search documents it told Plaintiffs to seek from Cricket.[6]

Defendant's and its counsel's ploy should not be rewarded. As parent to Cricket for the majority of the Class Period, at which point it was acquired by Cricket's current parent, AT&T, Leap is no doubt in possession of relevant discovery. And that information is within Cricket's control. Leap's officers and directors were directly involved in the conduct at issue in this litigation, often having dual roles at Cricket and Leap. Leap operated solely through Cricket. Employees of each freely exchanged information in the ordinary course of business. For all practical purposes, Leap and Cricket were the same. In that scenario, Cricket has control over any information in Leap's possession and must collect and search such information in response to Rule 34 document requests. *See Stella Systems, LLC v. MedeAnalytics, Inc.*, 2015 WL 1870052, *3 (N.D. Cal. Apr. 22, 2015) (factors to consider in Rule 34 "control" analysis include corporate structure, "nonparty's connection to the transaction at issue in the litigation," and "whether the related entities exchanged documents in the ordinary course of business"); *Kyocera Int'l., Inc. v. Nokia, Inc.*, 2005 WL 8173284, *5 (S.D. Cal. Aug. 9, 2005) (courts consider control exercised by parent, "showing that the two entities operate[] as one," and access to records during ordinary course of business); *Thales Avionics Inc. v. Matsushita Avionics Systems Corp.*, 2006 WL 6534230, *4 (C.D. Cal. March 8, 2006) (factors include "exchange or intermingling of directors, officers or employees of the two corporations"); *Choice-Intersil Microsystems, Inc. v. Agere Systems, Inc.*, 224 F.R.D. 471, 472-73 (N.D. Cal. 2004) (control found where subsidiary was wholly-owned by parent and subsidiary could access documents on relevant subject matter upon demand). "Courts are able to disregard corporate form to prevent … 'misleading actions whereby corporations try to hide documents or make discovery of them difficult.'" *Stella Systems*, 2015 WL 1870052 at *3.

Defendant's claim of an impenetrable barrier separating the documents of Cricket and Leap is disingenuous at best. The intent is clear and consistent with Defendant's conduct throughout this litigation: withhold discovery and delay at all costs in hopes of avoiding liability for its misconduct.

---

[4] *See* Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action direct to Leap Wireless International, Inc., attached hereto as Exhibit 3.

[5] *See* Non-Party Leap Wireless International Inc.'s Responses and Objections to Plaintiffs' Subpoena Duces Tecum Dated August 28, 2020, attached hereto as Exhibit 4.

[6] As a practical note, if Leap does not possess any information not also in the possession of Cricket, defense counsel need only say so. Of course, they have not.

The Honorable William Alsup
Page **3** of **3**

   Of course, Leap lodged a bevy of other objections in response to Plaintiffs' subpoena, including relevance, overbreadth, undue burden, and privilege.[7] As discussed above, there can be no genuine dispute that Leap possesses relevant discovery. *See Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 2019 WL 3069009, *5 (C.D. Cal. Apr. 29, 2019) ("'[t]he scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b)'"). And Leap has not produced a privilege log or provided any substantiation for its undue burden objections. *Id.* at *3 (non-party withholding documents based on privilege "must … expressly make the claim" and provide description sufficient to assess the claim). As to burden, Leap has taken the extreme position that because it is a non-party and Plaintiffs' subpoena purportedly seeks irrelevant documents (it does not), "any burden whatsoever" is undue.[8] Of course, Leap fails to cite any authority for the notion that "any burden whatsoever" on a non-party is undue; particularly a non-party that was intimately involved in the misconduct at issue in the underlying litigation.

   Plaintiffs respectfully request an order directing Defendant to collect and search documents in the possession of Leap or, in the alternative, directing Leap to collect and search relevant information in response to Plaintiffs' Rule 45 subpoena to Leap.

                  Respectfully submitted,

                  */s/ Austin Brane*

                  Austin Brane
                  COUNSEL FOR PLAINTIFFS

CC: All counsel of record
Encl: Exhibits

---

[7] Exhibit 4.
[8] *Id*.