1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERMAINE THOMAS, et al.,

Plaintiffs,

v.

CRICKET WIRELESS, LLC,

Defendant.

Case No.  19-cv-07270-WHA   (AGT)

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE TO RFP NO. 57**

Re:  ECF No. 119

Pending before the Court is the parties' joint discovery letter in which plaintiffs seek an order compelling defendant Cricket Wireless LLC to produce its litigation hold notices and related correspondence.  ECF No. 119.[1]  For the reasons that follow, plaintiffs' motion to compel is denied without prejudice to renewal, if warranted, after completion of the upcoming deposition of Cricket's Rule 30(b)(6) representative on document retention.

**A.    Background**

In this putative class action, plaintiffs allege that between 2012 and 2014, Cricket sold 4G/LTE devices and service plans to customers nationwide by falsely advertising its 4G/LTE coverage.  Plaintiffs contend that Cricket "admittedly failed to preserve key evidence that would substantiate these allegations," including custodial accounts of C-level executives and 4G sales data, and based on this "preliminary evidence of spoliation," plaintiffs sought written, documentary, and oral discovery regarding Cricket's document retention practices.  *Id.* at 2.

---

[1] This discovery dispute was initially presented to Judge Alsup (*see* ECF No. 97), who subsequently referred it and all other then-pending discovery disputes (*see* ECF Nos. 75, 78, 79, 80, 81, 93, 96, 98, 99, 101) to the undersigned.  ECF No. 110 at 1; *see* ECF No. 107 (November 2, 2020 joint status report summarizing all pending discovery disputes).  In the instant joint letter, the parties report that through their continued meet and confer efforts, they have resolved all but two of the discovery disputes (ECF Nos. 97 and 98).  ECF No. 119 at 1.  It is clear to the Court that the parties have worked hard in meeting and conferring to narrow the issues in dispute and the Court is confident that they will continue to do so.

United States District Court
Northern District of California

Cricket acknowledges that "some legacy databases and documents of questionable relevance from the 2012–2014 time period" were not retained but maintains that no spoliation has occurred because it was not under a duty to preserve the missing information. *Id.* at 4. Cricket asserts that it "has been transparent about what documents were not retained" and has agreed to (1) "produce documents sufficient to show which databases were sunset (and when)," (2) tell plaintiffs "when it stopped retaining the custodial documents of particular legacy Cricket officers and employees that plaintiffs have identified," and (3) provide "a Rule 30(b)(6) deposition about the retention of legacy Cricket data."[2] *Id.*

Cricket has not agreed, however, to produce documents responsive to plaintiffs' narrowed RFP No. 57, which seeks Cricket's:

> litigation hold notices and correspondence related to the release of those hold notices that relate to Cricket's 4G/LTE advertising, sales, or network from 2012 through 2014 or were made in connection with four cases: (1) this case; (2) *Thomas v. Cricket Wireless, LLC*, No. 4:16-cv-1065-FJG (W.D. Mo.); (3) *Barazza v. Cricket Wireless, LLC*, No. 3:15-cv-2471-WHA (N.D. Cal.); and (4) *Bond v. Cricket Communications, LLC*, No. 1:15-cv-923-GLR (D. Md.).

*Id.* at 1. Cricket claims that these documents are irrelevant and privileged and has refused to produce them (or a privilege log). *Id.* at 2 n.1, 4–5.

**B.      Discussion**

As an initial matter, Cricket's objections as to relevance are overruled. The requested litigation holds and related correspondence are relevant to plaintiffs' examination of Cricket's document preservation practices and efforts and whether Cricket spoliated relevant evidence.[3]

---

[2] During the December 4, 2020 discovery hearing, the parties informed the Court that the Rule 30(b)(6) deposition about document retention is tentatively scheduled for December 18, 2020.

[3] Cricket's relevance arguments in the joint letter are directed specifically to the litigation holds issued in the *Barazza* and *Bond* cases. ECF No. 119 at 5. In *Barazza*, which was filed in this District in May 2015 and settled in December 2015, the two named plaintiffs made nearly identical allegations against Cricket based on the same underlying conduct at issue here. *Bond*, another class action against Cricket filed in March 2015 and resolved in 2018, involved allegations of fraud related to Cricket's CMDA devices and, although the theory of liability in *Bond* differed from plaintiffs' theory here, plaintiffs persuasively argue that "both cases involved false advertising during an overlapping period" and "the sources of information and custodial files at issue [in *Bond*] should have resulted in the preservation of some of the same evidence Plaintiffs seek here." *Id.* at 3 n.4.

As to the privilege objections, however, Cricket is correct that litigation hold notices, "if prepared by counsel and directed to the client, are protected by the attorney-client privilege." *Shenwick v. Twitter, Inc.*, No. 16-cv-05314 JST (SK), 2018 WL 833085, at *4 (N.D. Cal. Feb. 7, 2018); *cf. Cohen v. Trump*, No. 13-cv-2519 GPC (WVG), 2015 WL 3617124, at *7 (S.D. Cal. June 9, 2015) (noting that although a litigation hold notice itself may be protected by attorney-client privilege and/or attorney work product doctrine, "the basic details surrounding the litigation hold are not").

Plaintiffs do not dispute that litigation holds like the ones they seek here are normally considered privileged and generally are not discoverable.  Instead, citing to *Al Otro Lado, Inc. v. Wolf*, No. 17-cv-02366 BAS (KSC), 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020), they argue that a "preliminary showing of spoliation" can overcome the privilege, and does so here, given Cricket's admission that certain information from the class period was not retained.  ECF No. 119 at 2–3.  Plaintiffs emphasize that the question currently before the Court is not whether Cricket had a duty to preserve the missing information, or whether plaintiffs are prejudiced by the failure to preserve (those inquiries will be addressed if and when plaintiffs seek spoliation sanctions); but "[r]ather, the question is whether plaintiffs should be allowed to take the 'initial step' of discovering the content of the litigation hold notice . . . so that they can 'investigate and possibly prove spoliation.'"  *Al Otro Lado*, 2020 WL 4432026, at *2 (quoting *City of Colton v. Am. Promotional Events, Inc.*, No. 09-cv-06630 PSG (SSx), 2011 WL 13223880, at *5 (C.D. Cal. Nov. 22, 2011)).

Cricket counters that ordering production of its privileged litigation holds and related correspondence is premature at this stage because "'[a]ny concerns . . . about spoliation can be addressed through means other than forcing Defendants to reveal . . . privileged documents,' such as a 'deposition of the person most knowledgeable' about document retention," which Cricket has agreed to provide and is set to occur later this month.  ECF No. 119 at 5 (quoting *Shenwick*, 2018 WL 833085, at *4).  The Court agrees.  Notably, both cases plaintiffs rely on followed this course of action—in each case, the "preliminary showing of spoliation to overcome the attorney-client privilege" for litigation holds was made based on testimony elicited from the "Rule 30(b)(6)

3

witness." *Al Otro Lado*, 2020 WL 4432026, at *1–2; *see also City of Colton*, 2011 WL 13223880, at *1, 6 (finding a "sufficient preliminary showing of spoliation to warrant production of [privileged litigation hold] letters" based on "deposition testimony . . . regarding . . . document retention practices").

Plaintiffs have offered no convincing reason why the Court should deviate from the Rule 30(b)(6) deposition-first approach, and the Court declines to do so here. Plaintiffs will have the opportunity to get answers about Cricket's document preservation efforts at the upcoming Rule 30(b)(6) deposition. And while plaintiffs "should not inquire specifically into how the [litigation hold notices] were worded or to how they described the legal issues in this [or any other] action," *In re eBay Seller Antitrust Litig.*, No. 07-cv-01882 JF (RS), 2007 WL 2852364, at *2 (N.D. Cal. Oct. 2, 2007), questions about the "basic details surrounding the litigation hold[s]" are fair game, *Cohen*, 2015 WL 3617124, at *7. These basic details include (1) when and to whom the litigation hold notices were given, (2) what kinds and categories of information and data Cricket employees were instructed to preserve and collect, and (3) what specific actions they were instructed to take to that end. *See In re eBay*, 2007 WL 2852364, at *1–2 (emphasizing that plaintiffs are entitled to inquire into "the *facts* of what [the defendant's] document retention and collection policies are," including "what [its] employees are *doing* with respect to collecting and preserving").

## C. Conclusion

For the reasons discussed above, plaintiffs' motion to compel production of documents responsive to narrowed RFP No. 57 is denied without prejudice at this time. Plaintiffs may renew their request to compel, if warranted, after the upcoming Rule 30(b)(6) deposition and after they have met and conferred with Cricket. If Cricket withholds any responsive documents on the basis of attorney-client privilege or attorney work product doctrine, it must provide a privilege log that complies with Judge Alsup's requirements (*see* ECF No. 3-3 ¶ 24) by **December 21, 2020.**

**IT IS SO ORDERED.**

Dated: December 14, 2020

ALEX G. TSE
United States Magistrate Judge