Archis A. Parasharami (State Bar No. 321661)
Kevin Ranlett (*pro hac vice*)
Daniel E. Jones (*pro hac vice*)
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
Telephone:    +1.202.263.3000
Facsimile:    +1.202.263.5000
Email:        aparasharami@mayerbrown.com
              kranlett@mayerbrown.com
              djones@mayerbrown.com

Matthew D. Ingber (*pro hac vice*)
Jarman D. Russell (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  +1.212.506.2373
Facsimile:  +1.212.849.5973
Email:        mingber@mayerbrown.com
              jrussell@mayerbrown.com

Attorneys for Defendant
CRICKET WIRELESS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE THOMAS, JERMAINE MILLER, JAMIE POSTPICHAL, RONALD ELLISON, SARAH WATERS, KAMILAH RIDDICK, FELICIA REDDICK, TIARA CROMWELL, LYSHA ENCARNACION, LANI HALE, MELIZZA WEAVER, ALFREDO SANCHEZ, and CLARISSA KELLY, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRICKET WIRELESS LLC,<br><br>Defendant. | Case No. 3:19-cv-07270-WHA<br><br>**CRICKET WIRELESS LLC'S MOTION TO DISMISS CLAIMS OF PLAINTIFFS TIARA CROMWELL, CLARISSA KELLY, AND KAMILAH RIDDICK WITH PREJUDICE AND TO ENFORCE ORDER COMPELLING APPEARANCE AT DEPOSITIONS OR, IN THE ALTERNATIVE, FOR SANCTIONS**<br><br>Date: February 4, 2021<br>Time: 8:00 a.m.<br>Courtroom: 12, 19th Floor<br>Judge: Hon. William H. Alsup |

# TABLE OF CONTENTS

`

**Page**

NOTICE OF MOTION ................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

BACKGROUND ........................................................................................................................... 4

      A.     Plaintiffs File A Putative Class Action Challenging The Marketing Of The Cricket 4G/LTE Devices And Rate Plans They Allegedly Purchased. ................. 4

      B.     Eight Of The Thirteen Named Plaintiffs From The First Amended Complaint Seek To Drop Their Claims. ................................................................. 5

      C.     The Court Grants Voluntary Dismissal Without Prejudice, Provided That The Withdrawing Plaintiffs And Proposed Plaintiffs Appear For Depositions In November. ................................................................................. 6

      D.     Only Nine Of The Thirteen Individuals Ordered To Make Themselves Available For 90-Minute Zoom Depositions Comply. .......................................... 7

      E.     Plaintiffs Cromwell, Kelly, And Riddick And Proposed Plaintiff Dozier Fail To Make Themselves Available For Depositions During November 2020 ........................................................................................................................ 11

      F.     Plaintiffs' Counsel Seek Leave To Amend The Complaint To Change The Lineup Of Named Plaintiffs Yet Again. ............................................................. 13

ARGUMENT ............................................................................................................................... 16

I.     The Voluntary Dismissals Of The Claims Of Plaintiffs Cromwell, Kelly, And Riddick Should Be Converted To Dismissals With Prejudice ........................................ 16

II.    The Court Should Enforce Its Order Directing Plaintiffs Cromwell, Kelly, And Riddick And Proposed Plaintiff Dozier To Appear For Their Depositions By Compelling That They Appear For Depositions By March 1, 2021............................... 17

III.   In The Alternative, Evidentiary Sanctions Should Be Imposed On Plaintiffs Cromwell, Kelly, And Riddick And Proposed Plaintiff Dozier For Failing To Comply With The Court's Order Compelling Them To Appear For Their Depositions. .......................................................................................................... 18

CONCLUSION............................................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ........................................................................................................17

*Davis v. McLaughlin*,
   326 F.2d 881 (9th Cir. 1964) .........................................................................................17

*Dysthe v. Basic Research, LLC*,
   273 F.R.D. 625 (C.D. Cal. 2011) ...................................................................................16

*Fraley v. Facebook Inc.*,
   2012 WL 555071 (N.D. Cal. Feb. 21, 2012) .................................................................16

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982) .......................................................................................................19

*Karimi v. Golden Gate Sch. of Law*,
   361 F. Supp. 3d 956 (N.D. Cal. 2019) ...........................................................................20

*Lau v. Glendora Unified Sch. Dist.*,
   792 F.2d 929 (9th Cir. 1986) .........................................................................................17

*Navellier v. Sletten*,
   262 F.3d 923 (9th Cir. 2001) .........................................................................................19

*Opperman v. Path, Inc.*,
   2015 WL 9311888 (N.D. Cal. Dec. 22, 2015) ...............................................................16

*Ex parte Robinson*,
   19 Wall. 505 (1874) .......................................................................................................17

*Sali v. Corona Reg'l Med. Ctr.*,
   884 F.3d 1218 (9th Cir. 2018) ..................................................................................17, 18

*Sherman v. Yahoo! Inc.*,
   2015 WL 473270 (S.D. Cal. Feb. 5, 2015) ....................................................................16

**Other Authorities**

Fed. R. Civ. P. 23 .........................................................................................................................6, 7

Fed. R. Civ. P. 37 .................................................................................................................. *passim*

Fed. R. Civ. P. 41 ....................................................................................................................1, 16, 17

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 4, 2021, or as soon thereafter as the matter may be heard before the Honorable William Alsup, in Courtroom 12, located on the 19th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, defendant Cricket Wireless LLC ("Cricket") will and hereby does move this Court for an order: (1) dismissing the claims of plaintiffs Tiara Cromwell, Clarissa Kelly, and Kamilah Riddick with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and (2) requiring those plaintiffs and proposed plaintiff Laura Dozier to comply with the Court's November 5, 2020 order directing that they appear for depositions.  Alternatively, Cricket requests that the Court impose evidentiary sanctions on those plaintiffs pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(ii).  The motion is supported by the accompanying Memorandum of Points and Authorities, the declaration of Jarman Russell, and by such other written and oral argument as may be presented to the Court.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the claims of plaintiffs Tiara Cromwell, Clarissa Kelly, and Kamilah Riddick should be dismissed with prejudice under Rule 41(b) because they failed to comply with the conditions the Court imposed on their motion for voluntary dismissal without prejudice.

2.      Whether those plaintiffs and proposed plaintiff Laura Dozier should be required to appear for the 90-minute Zoom depositions that the Court ordered on November 5, 2020 and that these individuals refused to attend.

3.      Whether, in the alternative, evidentiary sanctions should be imposed against these named and proposed plaintiffs under Rule 37(b)(2)(A)(i)-(ii) for failure to comply with the Court's November 5 order directing them to appear for their depositions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Although it is not unprecedented for a particular named plaintiff to seek leave to withdraw because of the rigors of being a putative class representative, this is the rare case in which plaintiffs' counsel have played musical chairs with a large number of named plaintiffs.  Of

1

1   the 20 individuals whom plaintiffs' counsel put forward as potential class representatives, so far

2   13 have asked to drop their claims or withdrawn their request to be added as a named plaintiff.

3   Even worse, most of these individuals sought to withdraw after Cricket raised concerns that,

4   during the class period, those individuals either had not purchased the disputed 4G/LTE phones

5   and rate plans or did not even have Cricket accounts.  This sequence of events raises serious

6   questions regarding the adequacy of plaintiffs' counsel and the remaining plaintiffs to represent

7   the interests of the putative class.

8        Recognizing that Cricket was entitled to explore these questions, this Court therefore

9   conditioned the voluntary dismissal without prejudice of the named plaintiffs' claims on their

10  sitting for depositions during the month of November 2020 regarding how they were recruited to

11  be named plaintiffs.  The Court also held that the five individuals seeking to be added as named

12  plaintiffs in the then-proposed Second Amended Complaint also appear during November 2020

13  for depositions.  To ease the burdens on these individuals, the Court limited the depositions to

14  90-minutes by Zoom.

15       Some—but unfortunately not all—of these depositions took place during November

16  2020, as the Court had ordered.  In a demonstration of their inadequacy, plaintiffs' counsel were

17  unable to produce four of their clients:  plaintiffs Tiara Cromwell, Clarissa Kelly, and Kamilah

18  Riddick and proposed plaintiff Laura Dozier.  The fact that plaintiffs' counsel could not—in the

19  three-and-a-half weeks following the November 4 conference—persuade their clients to comply

20  with a court order (after representing in prior pleadings that these clients were prepared to serve

21  as class representatives) suggests that the named plaintiffs in this case are mere figureheads for a

22  purely lawyer-driven class action.

23       In any event, the Court should not countenance these plaintiffs' failure to comply with its

24  order.  Because the Court conditioned the voluntary dismissal of the claims of plaintiffs

25  Cromwell, Kelly, and Riddick without prejudice on their appearing for depositions, their

26  dismissals should instead be with prejudice.  Indeed, in the most recent motion for leave to file a

27  new Second Amended Complaint, plaintiffs Kelly and Riddick concede (via counsel) that their

28  claims should be dismissed with prejudice.

2

CRICKET WIRELESS'S MOTION TO DISMISS CLAIMS OF CERTAIN PLAINTIFFS AND ENFORCE ORDER RE DEPOSITIONS;
CASE NO. 3:19-CV-07270-WHA

1    In addition, plaintiffs Cromwell, Kelly, and Riddick and proposed plaintiff Dozier should

2    be ordered to comply by no later than March 1, 2021 with the Court's November 5 order that

3    they make themselves available for 90-minute Zoom depositions.  Cricket and the Court are

4    entitled to their testimony regarding how they were recruited to be named plaintiffs.

5    Alternatively, these individuals should be sanctioned for refusing to appear at Court-

6    ordered depositions.  The normal sanction would be an award of attorneys' fees and costs.  But

7    in light of the representations of plaintiffs' counsel that these individuals are of limited means,

8    Cricket instead requests evidentiary sanctions.  In particular, these individuals should be deemed

9    to have admitted the things that Cricket would have been able to ask them about had their

10   depositions actually occurred:

- They did not independently choose to sue Cricket, but instead were recruited to be named plaintiffs through the same website solicitations as the other withdrawing plaintiffs.

- They have no proof contradicting Cricket's records showing that plaintiffs Cromwell and Riddick were not Cricket account holders during the class period and that plaintiff Kelly and proposed plaintiff Dozier did not purchase 4G/LTE devices or service plans during the class period.

- Plaintiffs Cromwell and Riddick do not know the phone numbers or names associated with their alleged Cricket accounts.

- Plaintiffs' counsel never asked these four individuals for proof that they were Cricket account holders who purchased 4G/LTE devices or service plans during the class period.

- Before seeking to withdraw, they were neither supervising their lawyers' conduct of the litigation nor reviewing any of the pleadings or filings in the case.

- They had signed the same retainer agreements as the other withdrawing plaintiffs.

- Notwithstanding what was written in the retainer agreement, they did not understand that this case was a class action or what their duties would be as class representatives.

3

CRICKET WIRELESS'S MOTION TO DISMISS CLAIMS OF CERTAIN PLAINTIFFS AND ENFORCE ORDER RE DEPOSITIONS;
CASE NO. 3:19-CV-07270-WHA

1      • They believe that they would be responsible for paying hourly rates to their

2         lawyers if class certification were denied for any reason.

3         These admissions make sense as a sanction; after all, the other withdrawing plaintiffs

4   have already testified to this effect.  In addition, these individuals should be precluded from

5   submitting any testimony or other evidence in support of any motion for class certification

6   submitted in this case.  These plaintiffs should not be allowed to circumvent the inquiry into

7   adequacy that the Court had ordered by simply refusing to make themselves available for short

8   Zoom depositions.

9                                **BACKGROUND**

10      **A.     Plaintiffs File A Putative Class Action Challenging The Marketing Of The
              Cricket 4G/LTE Devices And Rate Plans They Allegedly Purchased.**

11

12        In the original Complaint, filed November 4, 2019, four named plaintiffs—Jermaine

13   Thomas, Jermaine Miller, Tammie Barnes, and Jamie Postpichal—alleged that they each

14   purchased a 4G/LTE device and 4G/LTE data plan from Cricket during the class period (Dkt. 1,

15   at ¶¶ 36-67), and that (in their view) Cricket had failed to disclose that "its 4G/LTE services

16   were (and would continue to be) only available in very limited geographic regions" (*id.* ¶ 119).

17   Plaintiffs seek to represent a putative nationwide class with state subclasses.  *Id.* ¶¶ 145-49.

18        The operative First Amended Complaint, which was filed February 11, 2020, dropped

19   Tammie Barnes and added 10 new named —the three remaining original plaintiffs (Thomas,

20   Miller, and Postpichal) plus new plaintiffs Ronald Ellison, Sarah Waters, Kamilah Riddick,

21   Felicia Reddick, Tiara Cromwell, Lysha Encarnacion, Lani Hale, Melizza Weaver, Alfredo

22   Sanchez, and Clarissa Kelly. Dkt. 16, at ¶¶ 54-140.  Plaintiffs seek to represent a putative

23   nationwide class with 12 state subclasses.  *Id.* ¶¶ 220-32.

24        On June 25, 2020, plaintiffs filed a motion for leave to file a proposed Second Amended

25   Complaint, which sought to add five additional individuals (Beverly Addison, Christina Allaer,

26   Laura Dozier, Maishia Johnson, and Mary Porter) as named plaintiffs to replace three

27   withdrawing named plaintiffs(Cromwell, Encarnacion, and Riddick).  Dkt. 65, at 4 & n.5.  That

28   motion is currently pending.

### B.    Eight Of The Thirteen Named Plaintiffs From The First Amended Complaint Seek To Drop Their Claims.

As Cricket has previously discussed in detail, it sought discovery from plaintiffs regarding their alleged purchases of 4G/LTE devices and service plans because Cricket's records showed that, during the class period, some plaintiffs either had purchased only 3G devices and rate plans or did not have Cricket accounts at all.  Dkt. 103, at 2-4.  In addition to seeking written discovery, on August 11, Cricket served notices of deposition on ten named plaintiffs—all except the three (Kamilah Riddick, Jermaine Thomas, and Sarah Waters) as to whom Cricket had moved to compel arbitration.  Dkt. 95, at ¶ 70.[1]

Most of the named plaintiffs refused to cooperate in scheduling their depositions.  Although plaintiffs Kelly and Sanchez eventually agreed to provide a single date each in mid-October for the depositions, plaintiffs Cromwell, Encarnacion, Hale, Reddick, and Weaver refused to provide any available dates for a deposition.  Dkt. 95, at ¶¶ 73, 76-77.  On October 9—the Friday before plaintiff Kelly's October 12 deposition—plaintiffs Hale, Kelly, Reddick, Sanchez, and Weaver moved for a voluntary dismissal of their claims without prejudice.  Dkt. 92.  They also moved for a protective order barring their depositions, contending that the fact that they have asked to withdraw excuses them from any discovery obligations.  Dkt. 93, at 1-2.  (Plaintiffs Cromwell and Encarnacion also had moved for a protective order barring their depositions for the same reason.  Dkt. 81, at 3.)

The October 9 motion for voluntary dismissal meant that a total of eight out of the thirteen named plaintiffs in the First Amended Complaint—Cromwell, Encarnacion, Hale, Kelly, Redick, Riddick, Sanchez, and Weaver—were seeking to withdraw.

- First, as noted above, on June 25, 2020, plaintiffs moved for leave to amend their complaint to drop the claims of plaintiffs Cromwell, Encarnacion, and Reddick. Dkt. 65, at 4 & n.5.  In that motion, plaintiffs offered no explanation for why these

---

[1]    Cricket also sent subpoenas to the five individuals whom were proposed to be added as named plaintiffs in the proposed Second Amended Complaint (Dkt. 65, at 4), as Cricket's records indicated that, during the class period, four of the five also either had not purchased 4G phones or service plans or did not have Cricket accounts at all.  Declaration of Jarman Russell ("Russell Decl.") ¶ 3.

5

three individuals sought to voluntarily dismiss their claims without prejudice. *See id.* That motion instead sought to substitute five new proposed named plaintiffs for the withdrawing ones (namely, Beverly Addison, Christina Allaer, Laura Dozier, Maishia Johnson, and Mary Porter). *Id.* at 4-5.

- Second, on October 9, plaintiffs Hale, Kelly, Reddick, Sanchez, and Weaver also moved to dismiss their claims without prejudice. Dkt. 92. These five plaintiffs assert that they "are not seeking withdrawal to refile their claims elsewhere," but want "dismissal without prejudice so that they may participate as absent class members should a class be certified." *Id.* at 3. They explain that after Cricket informed them on "October 5, 2020" that "its searches" of its records "show that" these five plaintiffs "did not buy a 4G/LTE phone from [Cricket] during the class period," they "elect[] to dismiss their individual claims." *Id.* at 5. Plaintiffs do not explain why these individuals did not know *before* October 5, 2020 whether they had bought a 4G/LTE device from Cricket during the class period.

In response, Cricket agreed that the eight withdrawing plaintiffs' claims should be dismissed, but argued that the dismissals should be with prejudice and that the plaintiffs should be required to appear for depositions because their testimony about how they were recruited to join this lawsuit is highly relevant to whether the remaining plaintiffs and plaintiffs' counsel satisfy the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4). Dkt. 103, at 1-2.

### C. The Court Grants Voluntary Dismissal Without Prejudice, Provided That The Eight Withdrawing Plaintiffs And Five Proposed Plaintiffs Appear For Depositions In November.

On November 4, 2020, the Court conducted a status conference and hearing on the plaintiffs' motion for voluntary dismissal. Dkt. 111. The next day, the Court ordered that "Cricket is permitted to take the depositions of [the eight] named plaintiffs that are requesting dismissal from this suit, as well as the [five] proposed plaintiffs named in the proposed amended complaint." Dkt. 110, at 1. The Court explained that although "Cricket may later move to take additional depositions exploring other areas for good cause shown, for now, each deposition is limited to **NINETY MINUTES OVER ZOOM**," and all depositions must take place "before the end of

**NOVEMBER 2020**.”  *Id.* at 1-2 (emphasis in original).  The Court then concluded that “upon notice of the completion of this process to the Court, plaintiffs may file their proposed amended complaint, which will dismiss certain named plaintiffs . . . without prejudice.” *Id.* at 2.

In short, the Court’s November 5 order entitled Cricket to take 90-minute videoconference depositions of 13 withdrawing or proposed plaintiffs during November 2020.

### D.     Only Nine Of The Thirteen Individuals Ordered To Make Themselves Available For 90-Minute Zoom Depositions Comply.

Following entry of the Court’s November 5 order, 9 of the 13 plaintiffs ordered to appear for online depositions in November 2020 made themselves available to do so.  Specifically, Cricket was able to take 90-minute videoconference depositions of withdrawing plaintiffs Encarnacion, Hale, Reddick, Sanchez, Weaver and proposed plaintiffs Addison, Allaer, and Porter.  Russell Decl. ¶ 5-6.[2]

During those depositions, the witnesses provided testimony relevant to whether the remaining potential class representatives and their counsel could ever satisfy the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4).  For example:

- **Plaintiffs were recruited through a website:**  Rather than independently deciding to sue Cricket, the plaintiffs all testified that they were recruited through an online advertisement seeking Cricket customers during the class period for a lawsuit.  For example:

    - Encarnacion: “What I saw was an ad and when I saw the ad, I just clicked on the ad and you know, it said if you have been a Cricket customer . . . for this period of time, then you . . . could sign up . . . I guess to get some kind of compensation, I’m not sure.”  Russell Decl. Ex. 1 at 17:12-21.

---

[2]   Proposed plaintiff Maishia Johnson indicated that she would appear for a deposition in November 2020, but only if it was a full seven-hour deposition rather than the 90-minute deposition authorized by the Court’s November 5 order.  Russell Decl. ¶ 7.  Plaintiffs’ counsel refused to produce Ms. Johnson for deposition twice—once in November 2020 for the 90-minute Zoom deposition ordered by the Court and again following the filing of the anticipated amended complaint in December.  *Id.*  So that Cricket would have an opportunity to question her regarding the allegations in plaintiffs’ proposed amended complaint, which was submitted on December 15 with a motion for leave to file it, the parties agreed to defer her deposition until after that complaint is filed.  *Id.* ¶ 7.

7

- Addison: "It was a website that had lots of different class actions listed on it?" "Yeah." *Id.* Ex. 7 at 24:2-5.
- Allaer: "You know how those things pop up periodically. Like I was playing Scrabble and just—I just saw it." "And before then, were you aware that Cricket had done anything wrong?" "No." *Id.* Ex. 2 at 19:1-22.
- Reddick: "[H]ow did you come to be aware that you could bring a lawsuit against Cricket?" "I put the claim in and then I talked to [an] attorney." "Okay. Where did you put the claim in?" ". . . I went to the website." "It was a website about class action settlements?" "Yes." "Had you been to that website before you filled in the claim for Cricket?" "Yes" "How many different class action lawsuits have you applied for through that website?" ". . . It's about maybe about 20 of them[.]" *Id.* Ex. 3 at 16:8-17:24.
- Sanchez: "[Y]ou're saying you were browsing for job opportunities and saw some advertisement or some link to a site to potential—a potential lawsuit against Cricket?" "Yeah. It was, like, a—like, a settlement site of places and companies." *Id.* Ex. 4 at 13:21-14:1.
- Porter: "[T]he class action probably popped up on my e-mail, the top class action [website] or something[.]" *Id.* Ex. 5 at 13:1-9.

- **Plaintiffs admitted that they had no proof contradicting Cricket's records about their lack of 4G/LTE purchases.** The deposed plaintiffs conceded that they could not corroborate their allegations that they had Cricket service during the class period. For example:
  - Plaintiff Hale admitted that she had told her lawyers that she herself might not have purchased the disputed 4G/LTE phone or service. Russell Decl. Ex. 6 at 66:14-18, 68:5-10 (Hale: "Was someone else paying for Cricket phones and service that you used during the class period?" "I told my lawyer that it could have been under my husband's name . . . ." "[D]o you recall purchasing a Samsung Galaxy from Cricket . . . ?" "My husband purchased

8

1    it for me[.]").

2    o   Plaintiff Addison explained away Cricket's lack of records by suggesting

3        that her account was under a false name that she could not remember and

4        assigned a phone number that she also could not recall. *Id.* Ex. 7 at 89:1-

5        23, 91:18-23 ("Do you have any reason to think that you provided anything

6        other than your [real] name to Cricket?" "I was young and dumb at that

7        time. I was a hothead." "Okay. So you're not sure what name you provided

8        to Cricket? "I don't know what name I provided to Cricket . . . ." "Do you

9        remember what the phone number was? . . ." "I'm not—I can't tell you. I

10       don't know for a fact, so I can't tell you.").

11   o   Other plaintiffs simply admitted that they had no proof that they had

12       purchased the disputed 4G/LTE phones or service and could not remember

13       their Cricket phone numbers during the class period. *See*, *e.g.*, *id.* Ex. 3 at

14       40:6-14 (Reddick: "So you don't have any Cricket receipts, right" "No, I do

15       not." "And you don't have any Cricket bills?" "No." "Do you have any e-

16       mails from Cricket?" "No, I do not." "Do you have any other documents at

17       all related to your interaction with Cricket?" "No, I do not."); *id.* Ex. 8 at

18       8:12-14, 25:22-23 (Weaver: "Could you find any documentation of the

19       phone you bought?" "No. . . ." "What was your [Cricket] phone number" "I

20       cannot tell you that. I don't remember."); *id.* Ex. 2 at 59:9-12, 61:19-22

21       (Allaer: "Do you remember the telephone number that was associated with

22       your Cricket cell phone during the class period?" "I don't. . . . " "Did you

23       have any records related to your credit cards [allegedly used to purchase the

24       phone] at that time [during the class period]?" "[T]hose are the ones I

25       shredded two years ago."); *id.* Ex. 5 at 37:21-38:4, 55:12-14 (Porter: "No.

26       I've already thrown all that away." "Do you remember the phone number

27       you had . . .?" "I do not.").

28   o   Plaintiff Encarnacion, who also testified that she could not remember her

9

1    Cricket phone number from the class period (*id.* Ex. 1 at 44:8-45:24),

2    promised that she would look up her Cricket account number and provide it

3    immediately after her November 16 deposition, but she never did so (*id.* at

4    47:13-48-22, 59:2-60:14; *see also id.* ¶ 18).

5  • **Plaintiffs were not supervising their lawyers:** Although the plaintiffs each

6    asserted that they were in regular communication with their lawyers, when asked,

7    they could not answer questions about the status of the case.  For example:

8    o  When plaintiff Encarnacion was asked "were you aware that this case was

9       a class action?," she replied "no, I don't know what it means by a class

10      action." *Id.* Ex. 1 at 60:15-20.

11   o  Other plaintiffs had no idea what motions had been filed in the case.  *See*,

12      *e.g.*, Russell Decl. Ex. 6 at 76:20-80:20 (Hale: "[D]o you know what

13      motions have been filed in this case? "I do not . . . ." "Do you know if your

14      lawyers have engaged in settlement discussions with Cricket? "I do not.");

15      *id.* Ex. 3 at 46:11-49:6 (similar for Reddick); *id.* Ex. 7 at 58:18-61:10

16      (similar for Addison); *id.* Ex. 2 at 47:19-50:11 (Allaer: in response to the

17      question if she has "reviewed any legal papers filed in the case", she stated

18      "I don't know"); *id.* Ex. 4 at 42:25-43:3 (Sanchez: "What motions have been

19      filed in this case?" "That's—that's—I have nothing to do with motions at

20      this time. My attorneys handle that.").

21   o  Plaintiffs' counsel eventually began giving their clients last-minute

22      coaching about the status of the case before their depositions.  For example,

23      proposed plaintiff Porter admitted that she was unaware of any motions

24      being filed in the case until her lawyers told her about them in prepping her

25      for the deposition the business day before. *Id.* Ex. 5 at 31:13-15.  She then

26      suggested that she had reviewed a nonexistent motion for class certification

27      that she believed her lawyers already had filed. *Id.* Ex. 5 at 31:16-21 ("Do

28      you know if your lawyers have filed a motion to certify [a] class in this

10

case?"  "I believe they have.  I'm not for sure.  I believe they have."  "Did you review it?"  "Yes, I did.  I think so.").

- **Plaintiffs signed retainer agreements giving their counsel veto rights over any settlement.**  All of the deposed plaintiffs admitted that they had signed identical retainer agreements under which they promised that they "agree not to settle the claims in any manner without the written consent of Attorneys."  *See id.* Ex. 7 at 56:20-57:10 (Addison); *id.* Ex. 2 at 25:15-26:12 (Allaer); *id.* Ex. 1 at 23:12-24:24 (Encarnacion); *id.* Ex. 6 at 32:22-34-1 (Hale); *id.* Ex. 3 at 22:16-23:3 (Reddick); *id.* Ex. 4 at 19:7-20:11 (Sanchez); *id.* Ex. 8 at 12:12-25 (Weaver); *id.* Ex. 5 at 17:15-18:11 (Porter).

- **Plaintiffs either believed that they would be responsible for paying hourly rates to their lawyers if class certification is denied for any reason or unsure whether they must pay hourly rates:** Some of the plaintiffs also testified that they understood the retainer agreements as potentially requiring them to pay unspecified "hourly rates" to their attorneys if "a class action cannot be certified or is negotiated or settled **as an individual action only**, for whatever reason[.]"  *See id.* Ex. 7 at 53:14-55:16 (Addison); *id.* Ex. 3 at 37:19-38:1 (Reddick); *id.* Ex. 7 at 26:17-29:12 (Porter).  Plaintiffs Allaer, Encarnacion, and Hale each stated "I don't know" when asked if they might have to pay their lawyers "an hourly rate instead of a contingency fee" if the case is litigated as an individual action.  *Id.* Ex. 2 at 35:10-14 (Allaer); *id.* Ex. 1 at 35:16-36:4 (Encarnacion); *id.* Ex. 6 at 48:12-49:14 (Hale).

### E.  Plaintiffs Cromwell, Kelly, And Riddick And Proposed Plaintiff Dozier Fail To Make Themselves Available For Depositions During November 2020.

Despite the Court's November 4 order, three withdrawing plaintiff and one proposed plaintiff—Tiara Cromwell, Laura Dozier, Clarissa Kelly, and Kamilah Riddick—failed to make themselves available for their ordered depositions.  Russell Decl. ¶ 8.

*Tiara Cromwell.*  Despite asking plaintiffs' counsel on multiple occasions (including on November 13, 24, 25, and 27), plaintiffs' counsel never agreed to produce Ms. Cromwell for a deposition on any day or time during November 2020.  *Id.* ¶¶ 9-10.  Nor has plaintiffs' counsel

provided any times after November 2020 when Ms. Cromwell could appear for a deposition.  *Id.*
¶ 10.  Plaintiffs' counsel assert that they made "repeated attempts to contact [Ms. Cromwell] about
her deposition," but that she "has not responded."  Dkt. 136-1, ¶ 14.

**Laura Dozier.**  Plaintiffs' counsel initially indicated that they would produce Ms. Dozier
for an online deposition on November 18.  Russell Decl. ¶ 11.  But on November 11, plaintiffs'
counsel told Cricket's counsel to cancel the deposition, indicating that Ms. Dozier had a family
medical issue arise and offered to reschedule. *Id.* ¶ 11.  Cricket's counsel followed up on November
25 and 27, but each time, plaintiffs' counsel confirmed that they have been unable to obtain an
available deposition date or time for Ms. Dozier.  Russell Decl. ¶¶ 11-12.  Nor has plaintiffs'
counsel provided any times after November 2020 when Ms. Dozier could appear for a deposition.
*Id.* ¶ 12.[3]  Plaintiffs' counsel instead assert that they unsuccessfully "attempted to obtain Ms.
Dozier's availability for deposition[.]"  Dkt. 136-1, ¶ 15.

**Clarissa Kelly.**  On November 13, plaintiffs' counsel emailed Cricket's counsel, stating
that they "can produce Clarissa Kelly for deposition at 2pm CST on November 19th."  Russell
Decl. ¶ 13.  When she did not appear for her online deposition on that day and time, plaintiffs'
counsel reported that it was because of "unresolvable technical issues" and offered to "reschedule."
*Id.* ¶ 13 & Ex. 9 at 4:1-5:8.  Plaintiffs' counsel did not follow up regarding Ms. Kelly's availability
for a make-up deposition until November 24—the Tuesday before Thanksgiving—when her
counsel offered to have her appear only on Saturday, November 28, at 6 pm Central. *Id.* ¶ 14.
When Cricket's counsel objected, plaintiffs' counsel also offered to produce Ms. Kelly on
Thanksgiving Day, the Sunday after Thanksgiving, or the "evening" of "Monday," November
30—the last day in November 2020.  *Id.* ¶ 14.  After Cricket objected, plaintiffs' counsel relented,
agreeing to produce Ms. Kelly for deposition at 5 pm Central on November 30.  *Id.* ¶ 14.  Cricket
accepted that day and time.  *Id.* ¶ 15.  But Ms. Kelly did not appear at that time; nor has plaintiffs'
counsel ever explained why she failed to appear.  *Id.* ¶ 15.  Instead, they indicate that they were
"unable to reach Ms. Kelly on the day prior to or the day of the [November 30] deposition."  Dkt.

---

[3]   In light of the representations of plaintiffs' counsel that a medical issue of a family member
caused Ms. Dozier to fail to comply with the Court's November 5 order, Cricket does not seek
sanctions with respect to Ms. Dozier.

1    136-1, ¶ 12.  But plaintiffs' counsel has never provided any times after November 2020 when Ms.

2    Kelly could appear for a deposition.  Russell Decl. ¶ 15.

3         ***Kamilah Riddick.***  On November 24, plaintiffs' counsel offered a single time for Ms.

4    Riddick's deposition: 11 a.m. Central on the Friday after Thanksgiving (November 27).  *Id.* ¶ 16.

5    On November 24, Cricket indicated that it would "accommodate [plaintiffs' counsel's] request for

6    a Friday deposition, but we would like the start time to be noon Central."  *Id.* ¶ 16.  The next day,

7    plaintiffs' counsel indicated that they were "trying to reach Ms. Riddick to [see if] she can

8    accommodate" Cricket's request to start her deposition an hour later.  *Id.* ¶ 16.  On Thursday,

9    November 26, plaintiffs' counsel informed Cricket's counsel that they had not been able to contact

10   Ms. Riddick recently and that they were unsure whether or not she would appear for her

11   depositions scheduled for November 27. *Id.* ¶ 17. On the morning of November 27, plaintiffs'

12   counsel indicated that "we have not been able to establish direct contact with Ms. Riddick . . . to

13   confirm a final date and time" for her deposition.  *Id.* ¶ 17.  Ms. Riddick did not appear at either

14   of the two proposed start times for her deposition (11 a.m. and noon).  *Id.* ¶ 17.  Moreover, since

15   then, plaintiffs' counsel has not provided any times when they could produce Ms. Riddick for a

16   deposition.  *Id.* ¶ 17.  Instead, they assert that "Ms. Riddick has not returned counsel's repeated

17   efforts to contact her regarding her deposition."  Dkt. 136-1, ¶ 13.

18        Cricket incurred substantial attorneys' fees and costs in (1) repeatedly meeting and

19   conferring with plaintiffs' counsel regarding plaintiff Cromwell's, Kelly's, and Riddick's

20   depositions; (2) preparing for and attending Ms. Kelly's depositions on November 19 and

21   November 30, both of which she failed to attend; (3) preparing for and attending Ms. Riddick's

22   deposition on November 27, which she failed to attend; and (4) paying the court reporter and

23   videographer for Ms. Kelly's and Ms. Riddick's no-show depositions.

24   **F.   Plaintiffs' Counsel Seek Leave To Amend The Complaint To Change The
           Lineup Of Named Plaintiffs Yet Again.**

25        On December 15, 2020, plaintiffs filed a motion for leave to file a new version of the

26   Second Amended Complaint.  Dkt. 136.  In this version, they seek to drop all of the named

27   plaintiffs who previously had sought to withdraw as well as four of the five whom they had

28   proposed to add as named plaintiffs in their prior motion for leave to file a Second Amended

13

Complaint.  *Compare id. with* Dkt. 65.   Specifically, the new proposed Second Amended Complaint omits the following: plaintiffs Cromwell, Encarnacion, Hale, Kelly, Reddick, Riddick, Sanchez, and Weaver, as well as previously proposed plaintiffs Addison, Allaer, Dozier, and Porter.  *See* Dkt. 136-2.  Instead, the new proposed Second Amended Complaint includes five existing named plaintiffs—Ellison, Miller, Postpichal, Waters, and Thomas (the last of whom the Court recently ordered to arbitrate his claims (Dkt. 130)—and adds an entirely new proposed named plaintiff, Ursula Freitas.  *See* Dkt. 136-2, at 5.

In other words, of the 19 individuals who have been named plaintiffs or proposed to be added as named plaintiffs by plaintiffs' counsel, 12 already have withdrawn.

Before filing their December 15 motion for leave to amend the complaint, plaintiffs' counsel did not disclose the existence of the new proposed plaintiff, Ursula Freitas.  Russell Decl. ¶ 19.

In sum, the following chart provides a breakdown of the individuals whom plaintiffs' counsel have proposed as class representatives:

| Name | When Added | Current Status |
| --- | --- | --- |
| Jermaine Thomas | Original complaint | In most recent complaint; ordered to arbitrate claims. Dkt. 130. |
| Jermaine Miller | Original complaint | In most recent proposed complaint |
| Tammie Barnes | Original complaint | Withdrawn in first amended complaint |
| Jamie Postpichal | Original complaint | In most recent proposed complaint |
| Lani Hale | First amended complaint | Withdrawing; appeared for 90-minute deposition |
| Sarah Waters | First amended complaint | In most recent proposed complaint |
| Lysha Encarnacion | First amended complaint | Withdrawing; appeared for 90-minute deposition |
| **Kamilah Riddick** | **First amended complaint** | **Withdrawing; failed to appear for 90-minute deposition** |
| Melizza Weaver | First amended complaint | Withdrawing; appeared for 90-minute |

14

| | | deposition |
|---|---|---|
| **Tiara Cromwell** | **First amended complaint** | **Withdrawing; failed to appear for 90-minute deposition** |
| Ronald Ellison | First amended complaint | In most recent proposed complaint |
| **Clarissa Kelly** | **First amended complaint** | **Withdrawing; failed to appear for 90-minute deposition** |
| Felicia Reddick | First amended complaint | Withdrawing; appeared for 90-minute deposition |
| Alfredo Sanchez | First amended complaint | Withdrawing; appeared for 90-minute deposition |
| Beverly Addison | Proposed in original second amended complaint | Withdrawing; appeared for 90-minute deposition |
| Christina Allaer | Proposed in original second amended complaint | Withdrawing; appeared for 90-minute deposition |
| **Laura Dozier** | **Proposed in original second amended complaint** | **Withdrawing; failed to appear for 90-minute deposition** |
| Maishia Johnson | Proposed in original second amended complaint | In most recent proposed complaint |
| Mary Porter | Proposed in original second amended complaint | Withdrawing; appeared for 90-minute deposition |
| Ursula Freitas | Proposed in current proposed complaint | In most recent proposed complaint |

15

**ARGUMENT**

**I.      The Voluntary Dismissals Of The Claims Of Plaintiffs Cromwell, Kelly, And Riddick Should Be Converted To Dismissals With Prejudice.**

As a consequence of violating the Court's November 5 order conditioning the voluntary dismissal without prejudice of their claims on their appearing for depositions in November 2020, plaintiffs Cromwell, Kelly, and Riddick should have their claims dismissed with prejudice.

The Court properly directed these plaintiffs to appear for depositions before dismissing their claims.  Federal Rule of Civil Procedure 41(a)(2) specifies that when a plaintiff seeks voluntary dismissal after the defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The Court held that the claims of the withdrawing named plaintiffs would be "dismiss[ed] . . . without prejudice" only after the Court had receive "notice of the completion" of "the depositions of the named plaintiffs that are requesting dismissal from this suit," which must occur "before the end of **NOVEMBER 2020**."  Dkt. 110, at 1-2.  District courts regularly require withdrawing named plaintiffs in putative class actions to appear for depositions when, as here, the testimony would be relevant to class certification issues.  *See*, *e.g.*, *Opperman v. Path, Inc.*, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015); *Fraley v. Facebook Inc.*, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012); *Sherman v. Yahoo! Inc.*, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015); *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629-30 (C.D. Cal. 2011).

Plaintiffs Cromwell, Kelly, and Riddick each failed to appear for the 90-minute Zoom depositions during November 2020 that the Court had ordered.  In particular, neither Ms. Cromwell nor Ms. Riddick ever provided any availability at all for their depositions.  Russell Decl. ¶¶ 8, 10, 16-17.  And although Ms. Kelly twice provided available times for her deposition, each time she failed to appear—the second time, without proffering any explanation for her absence.  *Id.* ¶¶ 13-15.

Their claims therefore should be dismissed under Rule 41(b), which provides that "[i]f the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The Ninth Circuit has explained that "we have long held that where a plaintiff obtains a voluntary dismissal without prejudice and fails to comply

16

1    with the conditions"—which is precisely what has happened here—"it is appropriate for the

2    district court to dismiss the action with prejudice." *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d

3    929, 930 n.2 (9th Cir. 1986) (citing *Davis v. McLaughlin*, 326 F.2d 881, 883-84 (9th Cir. 1964)).

4    Indeed, plaintiffs "Kelly and Riddick have agreed" that their claims should be "dismiss[ed] . . .

5    with prejudice, should the Court find that appropriate under the circumstances." Dkt. 136, at 8

6    n.4.  Plaintiff Cromwell does not explain why she believes her claims should be dismissed

7    without prejudice despite her failure to comply with the Court's order requiring her to appear for

8    a Zoom deposition in November.  *See id.* at 8.

9    **II.    The Court Should Enforce Its Order Directing Plaintiffs Cromwell, Kelly, And
          Riddick And Proposed Plaintiff Dozier To Appear For Their Depositions By**
10   **Compelling That They Appear For Depositions By March 1, 2021.**

11          In addition, the withdrawing plaintiffs who disregarded the Court's November 5 order

12   compelling them to make themselves available for 90-minute Zoom depositions during

13   November 2020—plaintiffs Cromwell, Kelly, and Riddick and proposed plaintiff Dozier—

14   should be ordered to comply with that order and make themselves available for those depositions

15   no later than March 1, 2021.

16          This Court has inherent authority to enforce its orders.  *See*, *e.g.*, *Chambers v. NASCO,*

17   *Inc.*, 501 U.S. 32, 44 (1991) ("[I]t is firmly established that '[t]he power to punish for contempts

18   is inherent in all courts'") (quoting *Ex parte Robinson*, 19 Wall. 505, 510 (1874)).  In addition,

19   the Court also has authority under Rule 41(b), which provided the basis for the Court's

20   November 5 order compelling depositions, and Rule 37(b)(1), which provides that "the failure"

21   to "obey" a court order that "a deponent" be "sworn" or "answer a question . . . may be treated as

22   contempt of court."  Fed. R. Civ. P. 37(b)(1).

23          Although the Court could impose any of a variety of sanctions for noncompliance with its

24   November 5 order (*see*, *e.g Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1225 (9th Cir.

25   2018)), Cricket requests that the Court enforce that order by again mandating that plaintiffs

26   Cromwell, Kelly, and Riddick and proposed plaintiff Dozier make themselves available for 90-

27   minute Zoom depositions.

28          Their testimony regarding how they were recruited as named plaintiffs is highly relevant

17

1   to whether this putative class action should be certified, as it will shed light on the inadequacies

2   of class counsel and the remaining named plaintiffs.  Because the motion for class certification is

3   due on March 4, 2021 (Dkt. 133), Cricket respectfully requests that these depositions take place

4   no later than March 1, 2021.

5   **III.   In The Alternative, Evidentiary Sanctions Should Be Imposed On Plaintiffs Cromwell, Kelly, And Riddick And Proposed Plaintiff Dozier For Failing To Comply With The Court's Order Compelling Them To Appear For Their Depositions.**

8          If the Court is not inclined to order plaintiffs Cromwell, Kelly, and Riddick and proposed

9   plaintiff Dozier to comply with the Court's November 5 order directing them to make themselves

10  available for 90-minute Zoom depositions, the Court should impose evidentiary sanctions.

11  Specifically, those plaintiffs should be deemed to have admitted the matters pertaining to

12  adequacy about which Cricket was entitled to ask during their depositions, and they should be

13  precluded from submitting declarations or other evidence in connection with any request for

     class certification in this case.

14
15         Under Rule 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit

16  discovery, . . . the court where the action is pending may issue further just orders," which

17  "include," among other things, "directing that the maters embraced in the order or other

18  designated facts be taken as established for purposes of the action, as the prevailing party

19  claims," and "prohibiting the disobedient party from supporting or opposing designated claims or

20  defenses, or from introducing designated matters in evidence."  Moreover, "[i]nstead of or in

21  addition to the orders above, the court must order the disobedient party, the attorney advising

22  that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the

23  failure, unless the failure was substantially justified or other circumstances make an award of

24  expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

25         Normally, a defendant would be entitled to seek recovery of its attorneys' fees and costs

26  incurred as a result of these plaintiffs' defiance of the Court's November 5 order.  Indeed, the

27  Ninth Circuit has suggested that an "award of defendant's deposition-related costs" is "the

     mildest of the possible Rule 37 sanctions."  *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1225

28  (9th Cir. 2018).  But plaintiffs' counsel have repeatedly represented that their clients are of

18

1   limited means.  Accordingly, a monetary sanction would be either a particular hardship or

2   completely unrecoverable.  Evidentiary sanctions under Rule 37(b)(2)(A) therefore are

3   appropriate here.

4          As the Supreme Court has explained, "Rule 37(b)(2) contains two standards—one

5   general and one specific": "First, any sanction must be 'just'; second, the sanction must be

6   specifically related to the particular 'claim which was at issue in the order to provide

7   discovery.'"  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707

8   (1982) (quoting Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii)).  Applying these standards, the Ninth Circuit

9   has held that deeming a matter to be admitted as a sanction "may be warranted . . . for failure to

10  obey a discovery order as long as the established issue bears a reasonable relationship to the

11  subject of discovery that was frustrated by sanctionable conduct."  *Navellier v. Sletten*, 262 F.3d

12  923, 947 (9th Cir. 2001) (citing *Ins. Corp. of Ireland*, 456 U.S. at 707-09).  In that case, after a

13  party "refused to answer questions at his deposition concerning the circumstances under which

14  insurance was procured," the Ninth Circuit affirmed the district court which, "as a sanction for

15  discovery abuse, [ ] instructed the jury that [the party] had breached his duty to procure"

16  insurance.  *Id.* at 947-48.

17         Here, by refusing to make themselves available for the depositions this Court ordered,

18  plaintiffs Cromwell, Dozier, Kelly, and Riddick prevented Cricket from obtaining their

19  testimony regarding how they were recruited to be named plaintiffs and other issues pertaining to

20  adequacy of the named plaintiffs and plaintiffs' counsel to represent the interests of the putative

21  class.  To remedy the prejudice to Cricket, these plaintiffs should be deemed, under Rule

22  37(b)(2)(A)(i), to have admitted the following:

23         • They did not independently choose to sue Cricket, but instead were recruited to be

24            named plaintiffs through the same website solicitations as the other withdrawing

25            plaintiffs.

26         • They have no proof contradicting Cricket's records showing that, during the class

27            period, plaintiffs Cromwell and Riddick were not Cricket account holders and that

28            plaintiff Kelly did not purchase 4G/LTE devices or service plans.

19

- Plaintiffs Cromwell and Riddick do not know the phone numbers or names associated with their alleged Cricket accounts.

- Plaintiffs' counsel never asked these four individuals for proof that they were Cricket account holders who purchased 4G/LTE devices or service plans during the class period.

- Before seeking to withdraw, they were neither supervising their lawyers' conduct of the litigation nor reviewing any of the pleadings or filings in the case.

- They had signed the same retainer agreements as the other withdrawing plaintiffs.

- Notwithstanding what was written in the retainer agreement, they did not understand that this case was a class action or what their duties would be as class representatives.

- They believe that they would be responsible for paying hourly rates to their lawyers if class certification were denied for any reason.

As noted above, the other withdrawing plaintiffs made similar admissions during their 90-minute Zoom depositions. *See* pages 7-11, *supra*. If these plaintiffs had appeared for their depositions, Cricket likely would have obtained these admissions from them as well.

Moreover, plaintiffs Cromwell, Dozier, Kelly, and Riddick further should be prohibited under Rule 37(b)(2)(A)(ii) from submitting any declarations or other evidence in support of any motion for class certification in this case. After having frustrated Cricket's ability to obtain their testimony relevant to adequacy by refusing to appear for their Court-ordered depositions, they should not be permitted to vouch for the alleged adequacy of their lawyers or the remaining named plaintiffs to represent the putative class.

Another judge of this Court recently entered even more severe evidentiary sanctions against a plaintiff than Cricket requests here because, as in this case, "attorneys' fees or other monetary sanctions are not [a] viable alternative because [the plaintiff] is indigent." *Karimi v. Golden Gate Sch. of Law*, 361 F. Supp. 3d 956, 970 (N.D. Cal. 2019). In that case, the evidentiary sanctions were "effectively dispositive of [the plaintiff's] claim for intentional infliction of emotional distress" and "might also prevent [him] from prevailing on other

1    claims[.]"  *Id.* at 971.  But because "[t]he Court [was] aware of no sanction—short of the

2    evidence preclusion ordered here—that would effectively compensate Defendants for th[e]

3    prejudice" resulting from the plaintiffs' refusal to make himself available for a deposition, the

4    Court barred him from presenting "his own declarations and testimony" in support of his claims.

5    *Id.*

6            By contrast, the evidentiary sanction requested here is narrow—they would be deemed to

7    have made the same admissions as many of the other withdrawing plaintiffs, and would be

8    barred only from submitting testimony or other evidence in support of class certification in this

9    case.  Thus, unlike in *Karimi*, the evidentiary sanctions here would not be 'effectively

10   dispositive" of any claims.  In any event, plaintiffs Kelly and Riddick already have agreed to

11   dismiss their claims with prejudice.  Dkt. 136, at 8 n.4.  And proposed plaintiff Dozier "is no

12   longer seeking to be added as a named plaintiff."  *Id.* at 7-8.

13           In sum, the requested evidentiary sanctions are warranted as the least punitive measure

14   that is sufficient to remedy the prejudice to Cricket from these plaintiffs' defiance of the Court's

15   November 5 order.

16                                      **CONCLUSION**

17           Cricket respectfully requests entry of an order: (1) dismissing the individual claims of

18   plaintiffs Cromwell, Kelly, and Riddick with prejudice; (2) prohibiting them and proposed

19   plaintiff Dozier from submitting any evidence in support of class certification in this case; and

20   (3) deeming them to have admitted the following:

21       •   They did not independently choose to sue Cricket, but instead were recruited to be

22           named plaintiffs through the same website solicitations as the other withdrawing

23           plaintiffs.

24       •   They have no proof contradicting Cricket's records showing that, during the class

25           period, plaintiffs Cromwell and Riddick were not Cricket account holders and that

26           plaintiff Kelly and proposed plaintiff Dozier did not purchase 4G/LTE devices or

27           service plans.

28       •   Plaintiffs Cromwell and Riddick do not know the phone numbers or names associated

1    with their alleged Cricket accounts.

2    • Plaintiffs' counsel never asked these four individuals for proof that they were Cricket

3        account holders who purchased 4G/LTE devices or service plans during the class

4        period.

5    • Before seeking to withdraw, they were neither supervising their lawyers' conduct of

6        the litigation nor reviewing any of the pleadings or filings in the case.

7    • They had signed the same retainer agreements as the other withdrawing plaintiffs.

8    • Notwithstanding what was written in the retainer agreement, they did not understand

9        that this case was a class action or what their duties would be as class representatives.

10   • They believe that they would be responsible for paying hourly rates to their lawyers if

11       class certification were denied for any reason.

12

13   Dated:  December 29, 2020                    Respectfully submitted,

14                                                **MAYER BROWN LLP**

15

16                                               _/s/ Matthew D. Ingber_
                                                 Matthew D. Ingber

17
                                                 Counsel for Defendant
18                                               CRICKET WIRELESS LLC

19

20

21

22

23

24

25

26

27

28