UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERMAINE THOMAS, et al.,

    Plaintiff,

v.

CRICKET WIRELESS, LLC,

    Defendants.

No. 19-cv-07270

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND DEFENDANT'S MOTION TO DISMISS CLAIMS WITH PREJUDICE AND TO ENFORCE ORDER OR IMPOSE SANCTIONS**

## INTRODUCTION

In this putative consumer class action, plaintiffs seek leave to amend the complaint to remove certain plaintiffs and add others. Defendant wireless service provider does not oppose amending but moves to dismiss with prejudice certain plaintiffs who did not sit for depositions as ordered. Defendant also seeks either to enforce that order or to impose evidentiary sanctions.

## STATEMENT

Plaintiffs allege that Cricket Wireless, LLC falsely advertised "unlimited 4G/LTE" services throughout the United States, without being able to deliver on its promise of faster cellular service (Dkt. No. 16 ¶¶ 1, 144, 151). Plaintiffs bring this action under various state false advertising laws as well as the Racketeer Influenced and Corrupt Organization Act

1   ("RICO"), 18 U.S.C. § 1961 et seq.  Plaintiffs additionally allege negligence and unjust
2   enrichment.
3       This action has already seen prior proposed amendments to the original complaint as well
4   as numerous discovery disputes (Dkt. Nos. 16, 75, 79, 81, 93, 97-99, 101).  At a status
5   conference held November 4, 2020, the parties disputed a demand to depose current and
6   proposed plaintiffs regarding their status as Cricket customers and recruitment strategies used
7   by plaintiffs' counsel.  The parties disagreed over whether the eight plaintiffs seeking to
8   withdraw should be ordered to sit for depositions, as well as whether they would be dismissed
9   with or without prejudice.  A November 5 order ruled that both plaintiffs seeking to withdraw
10  and those seeking to be added must sit for a 90-minute Zoom deposition by the end of
11  November 2020.  That order further specified that "upon notice of the completion of this
12  process to the Court, plaintiffs may file their proposed amended complaint, which will dismiss
13  certain named plaintiffs [. . .] without prejudice" (Dkt. 110).
14      Cricket has since deposed eight: plaintiffs Lysha Encarnacion, Lani Hale, Felicia
15  Reddick, Alfredo Sanchez, Melizza Weaver who seek to withdraw and proposed plaintiffs
16  Beverly Addison, Christina Allaer, and Mary Porter (Russell Decl. ¶ 5-6).  Since the
17  November 5 order, previously proposed plaintiff, Laura Dozier, has decided not to continue her
18  involvement in this action. Plaintiffs' counsel have been unable to maintain consistent
19  communication with or provide the availability of plaintiffs Tiara Cromwell, Clarissa Kelly,
20  and Kamilah Riddick and previously proposed plaintiff, Laura Dozier (Dkt. 136 at 8).  So,
21  defense counsel have been denied an opportunity to depose those four.
22      On December 15, plaintiffs filed the instant motion for leave to amend the complaint.
23  Plaintiffs seek to withdraw plaintiffs Kamilah Riddick (Virginia), Lysha Encarnacion (Florida),
24  Tiara Cromwell (Maryland), Felicia Reddick (Michigan), Lani Hale (New York), Melizza
25  Weaver (New Jersey), Alfredo Sanchez (Texas), and Clarissa Kelly (Georgia).  Original
26  plaintiffs Jermaine Miller, Jamie Postpichal, and Sarah Waters remain parties to this action, as
27  does Robert Ellison who was added to the first amended complaint.  Jermaine Thomas, another
28  plaintiff named in the original complaint, also remains named but has been ordered to arbitrate

his dispute with Cricket. Plaintiffs wish to add plaintiffs Maishia Johnson (Texas and Virginia) and Ursula Freitas (Washington). The addition of Johnson preserves claims in Texas and Virginia which would otherwise be lost with Sanchez and Riddick's dismissal. Freitas would add a new claim for relief under the Washington Consumer Protection Act.

Cricket does not oppose amendment in general, but by its own motion, Cricket seeks dismissal with prejudice of the claims of Cromwell, Kelly, and Riddick for failure to comply with the order dated November 5. Because of their interrelated nature, this order addresses both the motion for leave to amend and the motion to dismiss the claims of Cromwell, Kelly, and Riddick with prejudice and to enforce the November 5 order or, in the alternative, to impose evidentiary sanctions.

This order follows full briefing and oral argument (held telephonically due to the ongoing pandemic) as to the motion for leave to amend on January 21, 2021. There is no longer a need for the hearing set for February 4, 2020, so that hearing is **VACATED**.

### ANALYSIS

The ordinary liberal amendment standard of Rule 15 arguably does not apply to "adding" new plaintiffs. The addition of parties is not just an amendment. It's also an intervention by new parties with their own claims for relief. But our defendant has no objection other than to obtain a dismissal with prejudice as to those who failed to show up for their depositions as ordered. The amendment for intervention will be allowed.

"If the plaintiff fails to prosecute or to comply with [. . .] a court order, a defendant may move to dismiss the action or any claim against it." FRCP 41(b). By participating in this action, Cromwell, Kelly, and Riddick have put at issue their status as Cricket customers, the circumstance of their recruitment, and their involvement in and understanding of the case. Those plaintiffs had ample time to sit for deposition, yet failed not only to comply with the order, but even to communicate with counsel at all. Plaintiff counsel's argument that "withdrawing plaintiffs seek dismissal without prejudice so that they may participate as absent class members should a class be certified" rather than to "file their claims elsewhere" does not

3

support the conclusion that their failure to abide by the order should be excused (Dkt. 136 at 9).

Leave to amend is **GRANTED**. Plaintiffs Cromwell, Kelly, and Riddick will be **DISMISSED WITH PREJUDICE**. If a class is ever certified in this case, Laura Dozier will be **EXCLUDED** by name as a class member, but her claims survive. This order finds that defense counsel's request to depose all withdrawing plaintiffs and Dozier or to impose evidentiary sanctions is disproportionate to the needs of this case. Cricket will be allowed to subpoena one withdrawing plaintiff, Riddick, in order to depose him for a 90-minute Zoom deposition. The motion for evidentiary sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated:

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4