Archis A. Parasharami (State Bar No. 321661)
Kevin Ranlett (*pro hac vice*)
Daniel E. Jones (*pro hac vice*)
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.5000
Email: aparasharami@mayerbrown.com
kranlett@mayerbrown.com
djones@mayerbrown.com

Matthew D. Ingber (*pro hac vice*)
Jarman D. Russell (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.506.2373
Facsimile: +1.212.849.5973
Email: mingber@mayerbrown.com
jrussell@mayerbrown.com

Attorneys for Defendant
CRICKET WIRELESS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERMAINE THOMAS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CRICKET WIRELESS LLC, <br><br> Defendant. | Case No. 3:19-cv-07270-WHA <br><br> **CRICKET WIRELESS LLC'S MOTION TO EXTEND ALL DEADLINES BY 90 DAYS** <br><br> Judge: Hon. William H. Alsup |

Cricket's Motion to Extend All Deadlines by 90 Days; Case No. 3:19-CV-07270-WHA

Defendant Cricket Wireless LLC ("Cricket") moves under Civil Local Rule 6-3 and Federal Rule of Civil Procedure 6(b) to postpone all deadlines in this case by 90 days. During this period, Cricket would supplement its document production and plaintiffs can decide whether they would like to seek leave to amend their complaint or amend their pending motion for class certification in light of the additional discovery.

Cricket regrets the need to ask for the schedule to be modified, but believes that it is necessary to ensure that the Court may resolve plaintiffs' pending class-certification motion (Dkt. 176)—or any amended class-certification motion that plaintiffs may file—on the basis of a full record. Although plaintiffs had initially demanded production of this information and repeatedly accused Cricket of spoliation when the information was believed to be missing, plaintiffs then changed their tune. After Cricket disclosed that it had found the data, plaintiffs initially called for Cricket to immediately produce the new data, but then swiftly pivoted to a demand that Cricket *not review* the information while the parties meet and confer concerning the supplemental production and why the data had not been found earlier. But now plaintiffs have changed their position yet again to suggest that even though fact discovery currently does not close for over three months (on July 7, 2021), perhaps no one should be allowed to look at or use the data in this case. That position makes no sense. Cricket has the documents that they demanded and has offered to produce them. But they are refusing to accept them and have reserved the right to seek to exclude them from the case. We do not know why plaintiffs are taking that position. But plaintiffs' goal appears to be to prevent Cricket from using the material to oppose class certification, which is due April 5, 2021, or otherwise to defend the merits of the underlying claims. The requested extension would prevent this unfair prejudice to Cricket, while allowing both parties adequate time to review the supplemental production and use those materials (to the extent they are relevant) in both the class certification and merits phases of the case.

**Background**

This is a consumer class action in which the plaintiffs allege that Cricket falsely advertised 4G/LTE capable phones and rate plans between 2012 and 2014. Dkt. 184. Discovery

commenced with the exchange of initial disclosures in April 2020 (Dkt. 43) and fact discovery currently is scheduled to close on July 7, 2021 (Dkt. 110).  As of the date of this motion, Cricket has produced over 2.5 million pages of documents in discovery.  Decl. of Jarman Russell ¶ 3.

On the basis of that production, on March 4, 2021, plaintiffs moved for class certification (Dkt. 176), and under the current schedule, Cricket's opposition to that motion is due April 5, plaintiffs' reply is due on April 26 (Dkt. 133), and the hearing is set for May 6, 2021 (Dkt. 176).

In addition, under the Court's scheduling order, the non-expert discovery cut-off date is July 7, 2021; the deadline to disclose expert reports is July 7, 2021 (with opposition reports due July 21, reply reports due July 28, and the cut-off for all expert discovery is August 11); the dispositive motion deadline is September 2, 2021; the final pretrial conference is December 8, 2021 at 2 p.m.; and trial begins on December 20, 2021.  Dkt. 110, at 2-4.

In order to allow for a supplemental production of documents and for plaintiffs to file an amended motion for class certification or to seek leave to file an amended complaint if they wish, the requested extension would postpone all of these deadlines by 90 days (with some adjustments to account for deadlines falling on weekends or holidays), as follows:

| Event | Current deadline | Proposed deadline |
|---|---|---|
| Plaintiff's amended motion for class certification and motion for leave to file amended complaint | | June 2, 2021 |
| Cricket's opposition to motion for class certification | April 5, 2021 | July 6, 2021 |
| Plaintiffs' reply in support of motion for class certification | April 26, 2021 | July 26, 2021 |
| Hearing on motion for class certification | May 6, 2021 | August 4, 2021 |
| Non-expert discovery cut-off | July 7, 2021 | October 5, 2021 |
| Disclosure of expert reports | July 7, 2021 | October 5, 2021 |
| Disclosure of expert opposition reports | July 21, 2021 | October 19, 2021 |
| Disclosure of expert reply reports | July 28, 2021 | October 26, 2021 |
| Cut-off for expert discovery | August 11, 2021 | November 9, 2021 |

| Event | Current deadline | Proposed deadline |
|---|---|---|
| Dispositive motion deadline | September 2, 2021 | December 1, 2021 |
| Final pretrial conference | December 8, 2021 | March 8, 2022 |
| Trial begins | December 20, 2021 | March 20, 2022 |

In accordance with Civil Local Rule 6-3(a)(5), there were four prior time modifications in this case: (1) the Court sua sponte vacated the deadline for class certification on October 28, 2020 (Dkt. 104); (2) the Court amended the scheduling order to extend the deadlines to seek leave to add new parties, amend the pleadings, and to move for class certification, as well as all subsequent deadlines, on November 5, 2020 (Dkt. 110); (3) the Court granted the parties' stipulation to extend the deadline to move for class certification by 30 days on December 11, 2020 (Dkt. 133); (4) the parties stipulated to a seven-day extension of Cricket's deadline to respond to the Second Amended Complaint on February 10, 2021 (Dkt. 164); and (5) the parties stipulated to a seven-day extension of Cricket's deadline to respond to the Third Amended Complaint on March 22, 2021 (Dkt. 186).

On March 22 and 25, 2021, counsel for Cricket met and conferred with plaintiffs' counsel regarding the requested 90-day extension. Russell Decl. ¶ 4. Plaintiffs' counsel refused to consent. *Id.*

**Discussion**

Federal Rule of Civil Procedure 6(b) authorizes extensions for "good cause." And there is "good cause" here because the requested 90-day extension of all pending deadlines would permit the orderly completion of discovery regarding class certification.

Cricket recognizes that, after granting a prior extension of the deadline to move for class certification, the Court stated on December 11, 2020 that "[n]o further extensions will be granted." Dkt. 133, at 1. But the circumstances warrant an additional extension here in order to avoid prejudice to the parties and conserve judicial resources.

On February 26, 2021, counsel for Cricket informed plaintiffs' counsel that Cricket had recently discovered a substantial volume of material—including 11 custodial files and 15 hard drives containing at least 10 TB of noncustodial data—that had not been previously located in

3
Cricket's Motion to Extend All Deadlines by 90 Days; Case No. 3:19-CV-07270-WHA

responding to plaintiffs' discovery requests. Russell Decl. ¶ 5 & Ex. A. The 11 custodians were executives of Cricket during the 2012-2014 class period whose custodial files plaintiffs had requested be produced during discovery. *Id.* In written discovery responses and a Rule 30(b)(6) deposition, Cricket had stated (based on its belief at the time) that it had stopped retaining nine of the custodial files before this action was filed. *Id.* ¶ 6.[1]

In addition, on March 22, 2021, Cricket's counsel informed plaintiffs' counsel that Cricket had found an additional set of files that appear to include marketing materials. *Id.* ¶ 7.

Cricket has not yet reviewed the custodial files or hard drives to determine if, as Cricket believes to be likely, they contain information relevant to class certification or the merits of the claims or defenses in this case. *Id.* ¶ 10. At plaintiffs' request on March 12, 2021, Cricket stopped its vendor from further processing the custodial files and hard drives while the parties met and conferred regarding why the data had not been found in Cricket's initial searches to respond to plaintiffs' document requests. *Id.*

During a meet and confer on March 25, 2021, plaintiffs reserved the right to argue that Cricket should never review the data because it should be excluded entirely from evidence in this litigation, with adverse inferences imposed against Cricket. *Id.* ¶ 11.

In Cricket's view, it would be improper to pretend that this data—which likely is relevant to issues pertaining to class certification and the merits—does not exist. Indeed, plaintiffs had been accusing Cricket of "spoliation" when the data had been thought to be lost. *See*, *e.g.*, Dkt. 119, at 2.

Cricket would like to review the data so that it can supplement its document production and amend its prior discovery responses in light of the data. The requested 90-day extension would allow for that production and for plaintiffs to review the documents, reopen any prior Rule 30(b)(6) depositions, and decide whether to seek leave to amend the complaint or the pending motion for class certification. Cricket would consent to the reopening of the prior depositions and the filing of an amended complaint or class-certification motion.

---

[1] Cricket intends to serve amended discovery responses regarding the preservation of the documents (including these custodial files) once it has completed its investigation regarding their delayed discovery.

4
Cricket's Motion to Extend All Deadlines by 90 Days; Case No. 3:19-CV-07270-WHA

A supplemental production of documents months before the July 7, 2021 close of fact discovery (Dkt. 110) is entirely appropriate here and would not ordinarily warrant modifying the scheduling order.  But because of the timing of class-certification proceedings, an extension is needed to prevent a waste of party and judicial resources.

Specifically, without the requested extension, Cricket would be forced to file its opposition to class certification on April 5 on the basis of a partial record.  Plaintiffs oppose an extension and have demanded that Cricket not review the recently found custodial files and hard drives because plaintiffs seek to deprive Cricket of the ability to use any of that information to oppose class certification or defend the underlying claims.  But this approach would not merely prejudice Cricket—it also would waste judicial resources.  However the Court decides class certification, once Cricket's supplemental production is completed, the disappointed party is likely to file either a renewed motion for class certification or a motion to decertify the class.  The requested extension thus would eliminate unnecessary motions practice and prevent prejudice to Cricket.

In addition, during the 90-day extension, plaintiffs will be able to take discovery if they wish regarding Cricket's failure to find the recently located data sources and search them when initially responding to plaintiffs' discovery requests.  Although it is common for parties to supplement prior productions before the discovery cut-off when additional responsive documents are located, plaintiffs appear to believe that Cricket's belated production constitutes misconduct.  The extension would allow the parties to meet and confer over the issue and, if unable to reach agreement, to present the issue to the Court for resolution.

**Conclusion**

For the reasons above, Cricket requests that the Court extend all current deadlines by 90 days.

Dated: March 25, 2021                                             Respectfully submitted,

**MAYER BROWN LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Matthew D. Ingber*
Matthew D. Ingber

Counsel for Defendant
CRICKET WIRELESS LLC