UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMIE POSTPICHAL, et al.,

    Plaintiffs,

v.

CRICKET WIRELESS, LLC,

    Defendant.

No. C 19–07270 WHA

**ORDER GRANTING MOTION TO DISMISS CLRA CLAIMS**

    California's Consumer Legal Remedies Act bans certain practices that the California legislature has deemed to be "unfair" or "deceptive." Plaintiffs allege claims under CLRA Sections 1170(a)(5), (7), and (9), which prohibit misleading representations and advertisements. Plaintiffs filed this lawsuit with CLRA claims for injunctive relief only, waited 30 days, then amended their complaint to include damages claims. Plaintiffs have not alleged that a CLRA notice was sent to Cricket with regard to this matter prior to amending the complaint to include damages.

    CLRA has a specific notice requirement set out in 1782(d):

> An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a). Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages. The appropriate provisions of subdivision (b) or (c) shall

be applicable if the complaint for injunctive relief is amended to request damages.

Subdivision (a) requires:

> (a)  Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> (1)  Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
>
> (2)  Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.
>
> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Plaintiffs have not fulfilled this notice requirement. The initiation of the lawsuit itself does not provide notice under subdivision (a). Plaintiffs lean on a prior CLRA notice sent to Cricket in 2015 in a case that was subsequently dismissed. Though the claimant would be a member of the proposed class and the claims there paralleled the present claims, that notice arose from a different lawsuit long before the initiation of this matter. This does not satisfy CLRA's requirement because that notice did not involve "the consumer[s]" who have brought the current claims.

Nor does the fact that Cricket received general complaints from consumers prior to the filing of this lawsuit (including putative class members that are not putative class representatives) satisfy CLRA's notice requirement either.

While Cricket cannot credibly claim that it was not on actual notice of the bad acts herein alleged, the legislative intent of Section 1782(d) — allowing time for defendants to correct violations in light of the specter of a CLRA lawsuit *before* plaintiffs pursue damages — serves a vital role in promoting efficient resolution of alleged CLRA violations. Whether Cricket would correct its violations with notice at this point seems unlikely, but the procedural requirements set out by CLRA are unyielding and must be followed.

The failure to give notice does not render plaintiffs' claims unrevivable. The California court of appeal has held:

> [The notice] requirement exists in order to allow a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within that 30–day period that it will correct those wrongs within a reasonable time. A dismissal with prejudice of a damages claim filed without the requisite notice is not required to satisfy this purpose. Instead, the claim must simply be dismissed until 30 days or more after the plaintiff complies with the notice requirements. If, before that 30–day period expires the defendant corrects the alleged wrongs or indicates it will correct the wrongs, the defendant cannot be held liable for damages.

*Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009).

*Mazza v. Am. Honda Motor Co.* reversed a district court's blanket application of CLRA to out of state class members, acknowledging that "foreign states have a strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state" and holding that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." 666 F.3d 581, 594 (9th Cir. 2012). If plaintiffs give notice and decide to file a new CLRA action, plaintiffs should be aware that the undersigned is unlikely to permit out-of-state plaintiffs to submit CLRA claims.

Plaintiffs' CLRA claims are **DISMISSED**. A further order on the motion to dismiss plaintiffs' RICO claims is forthcoming.

**IT IS SO ORDERED.**

Dated: June 7, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE