MAYER BROWN LLP
Archis A. Parasharami (State Bar No. 321661)
Kevin Ranlett (*pro hac vice*)
Daniel E. Jones (*pro hac vice*)
1999 K Street NW
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300
Email:      aparasharami@mayerbrown.com
kranlett@mayerbrown.com
djones@mayerbrown.com

Matthew Ingber (*pro hac vice*)
Richard A. Spehr (*pro hac vice*)
Jason Kirschner (*pro hac vice*)
Jarman D. Russell (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  +1.212.506.2500
Facsimile:  +1.212.849.1910
Email:      mingber@mayerbrown.com
rspehr@mayerbrown.com
jkirschner@mayerbrown.com
jrussell@mayerbrown.com

CROWELL & MORING LLP
A. Marisa Chun (SBN 160351)
MChun@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

CROWELL & MORING LLP
Christopher A. Cole (*pro hac vice*)
CCole@crowell.com
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Defendant
CRICKET WIRELESS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

JAMIE POSTPICHAL, et al.,

Plaintiffs,

v.

CRICKET WIRELESS, LLC,

Defendant.

Case No. 3:19-cv-07270-WHA

**CRICKET WIRELESS, LLC'S RESPONSE TO REQUEST FOR DECLARATIONS RE CUSTOMER RECORDKEEPING**

On June 18, 2021, the Court directed defendant Cricket Wireless, LLC ("Cricket") to submit declarations responding to questions posed by the Court. Dkt 276. For the Court's convenience, Cricket reproduces the Court's questions below and provides citations to the relevant paragraphs within the attached declarations answering each question.

1. **Provide an overview of Cricket's practice of collecting and maintaining customer records during the proposed class period.**

**Response:**  Cricket respectfully refers the Court to (i) paragraphs 5-16 of the Declaration of Timothy Towster ("Towster Declaration") attached hereto as Exhibit A and (ii) paragraphs 9 and 24 of the Declaration of Gary W. Braxton ("Braxton Declaration") attached hereto as Exhibit B.

2. **What entity or entities were responsible for gathering customer information?**

**Response:**  Cricket respectfully refers the Court to (i) paragraphs 6 and 9-15 of the Towster Declaration and (ii) paragraph 24 of the Braxton Declaration.

3. **Was there a mandatory procedure for collecting customer information that was promulgated by Cricket and intended to be followed by all Cricket stores and independent dealers consistently? Or did stores, independent dealers, and big-box stores have different procedures?**

**Response:**  Cricket respectfully refers the Court to (i) paragraphs 5-15 of the Towster Declaration and (ii) paragraph 24 of the Braxton Declaration.

4. **Where was information stored and for how long? Was there a practice to delete information after a certain time or to delete the information of former customers?**

**Response:**  Cricket respectfully refers the Court to (i) paragraphs 16-17 of the Towster Declaration, (ii) paragraphs 3-6 of the Declaration of Gwen Sikora ("Sikora Declaration") attached hereto as Exhibit C, and (iii) paragraphs 6-9 and 24 of the Braxton Declaration.

- 2 -

5.      **Was all legacy Cricket information regarding customers kept after acquisition by AT&T? If not, what was lost and why?**

**Response:**  Cricket respectfully refers the Court to (i) paragraphs 16-24 of the Towster Declaration, (ii) paragraphs 3-6 of the Sikora Declaration, and (iii) paragraphs 6-29 of the Braxton Declaration.

6.      **What custodians were responsible for maintaining Cricket's customer record database during the class period? What about after the class period?**

**Response:**  Cricket respectfully refers the Court to (i) paragraphs 4-5 of the Sikora Declaration and (ii) paragraph 9 of the Braxton Declaration.

7.      **How has Cricket gone about identifying and producing customer records for review by plaintiffs' counsel and their experts? What measures have been taken to ensure the completeness of produced customer records?**

**Response:**  Cricket respectfully refers the Court to (i) paragraphs 3-14 of the Declaration of Jarman D. Russell attached hereto as Exhibit D, (ii) paragraphs 9-29 of the Braxton Declaration, (iii) paragraph 16-24 of the Towster Declaration, and (iv) paragraphs 5-6 of the Sikora Declaration.

Dated: July 6, 2021

Respectfully submitted,

**MAYER BROWN LLP**

*/s/ Matthew D. Ingber*
Matthew D. Ingber

Counsel for Defendant
CRICKET WIRELESS, LLC