# Plaintiffs' Exhibit B

Archis A. Parasharami (State Bar No. 321661)
Daniel E. Jones (*pro hac vice*)
MAYER BROWN LLP
1999 K Street N.W.
Washington, D.C. 20006
Telephone:   +1.202.263.3000
Facsimile:   +1.202.263.5000
Email:        aparasharami@mayerbrown.com
              djones@mayerbrown.com

Matthew D. Ingber (*pro hac vice*)
Jarman D. Russell (*pro hac vice application to be filed*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  +1.212.506.2500
Facsimile:  +1.212.849.5973
Email: mingber@mayerbrown.com
       jrussell@mayerbrown.com

Attorneys for Defendant
CRICKET WIRELESS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JERMAINE THOMAS, JERMAINE MILLER, JAMIE POSTPICHAL, RONALD ELLISON, SARAH WATERS, KAMILAH RIDDICK, FELICIA REDDICK, TIARA CROMWELL, LYSHA ENCARNACION, LANI HALE, MELIZZA WEAVER, ALFREDO SANCHEZ, and CLARISSA KELLY, individuals, on behalf of themselves and others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>CRICKET WIRELESS, LLC,<br><br>          Defendant. | Case No. 3:19-cv-07270-WHA<br><br>**RULE 26(a)(1) AMENDED INITIAL DISCLOSURES OF DEFENDANT CRICKET WIRELESS, LLC**<br><br>Judge:     Hon. William H. Alsup |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Cricket Wireless, LLC ("Cricket") submits the following amended initial disclosures. Cricket reserves the right to supplement these disclosures pursuant to its continuing obligations under the Federal Rules of Civil Procedure and the United States District Court for the Northern District of California Local Rules (the "Local Rules").

The following disclosures are made based on the information reasonably available to Cricket as of the date of this disclosure, and represent Cricket's good faith effort to identify information pertaining to the allegations in Plaintiffs' First Amended Complaint. Discovery has just commenced in this case; thus, further investigation, research, and analysis may supply additional facts and documents and add meaning to known facts, all of which may in turn lead to additions or changes to this disclosure. Cricket therefore reserves the right to amend and/or supplement these initial disclosures as necessary during the course of discovery.

By identifying documents or persons likely to have knowledge of relevant facts, Cricket does not waive any objections it now has or may have to the admissibility in evidence at any proceeding of such documents or person's knowledge or testimony so produced or disclosed. Additionally, Cricket does not waive its right to object to the disclosure of any information or documents on any grounds provided in the Federal Rules of Civil Procedure, Federal Rules of Evidence, or the Local Rules, including but not limited to the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, rule, or doctrine protecting disclosure.

**I.    Disclosure of Individuals Likely to Have Discoverable Information Under Fed. R. Civ. P. 26(a)(1)(A)(i)**

Based on the information presently available to Cricket, and subject to further investigation, Cricket submits the following names as individuals likely to have discoverable information that Cricket may use to support its claims or defenses. Cricket will supplement this list to the extent that further individuals may be identified during discovery:

| Name | Last Known Contact Information | Potential Subjects of Discoverable Information |
|---|---|---|
| Julie Basham | Former employee | How customers' account records are stored in the regular and ordinary |

| | | course of Legacy Cricket's business and how those records may be retrieved. Information about plaintiffs' wireless phone packages. |
|---|---|---|
| Deborah Lowe | May only be contacted through Cricket's counsel | Information regarding Legacy Cricket's records pertaining to Legacy Cricket company-owned store locations. |
| Amanda Stanish | Former employee | Information regarding Legacy Cricket's customer account records, including the identifying information on those accounts, and records of customer transactions. |
| Chad Walker | Former employee | Information regarding Legacy Cricket's sales of 4G/LTE handsets to customers. |
| Nicole Wisner | Former employee | Information concerning Legacy Cricket's "Half is More" Pamphlet and "MyCricket Guide, Summer 2013." |
| Nicole E. Garcia | May only be contacted through Cricket's counsel | Information regarding Legacy Cricket's Terms and Conditions of Service, Cricket's current Terms and Conditions of Service, and Cricket's records pertaining to Cricket customers who received text messages about Cricket's Terms and Conditions of Service. |
| Paula Berg | May only be contacted through Cricket's counsel | Information regarding AT&T's service agreements with its subscribers and AT&T's customer account records, including information about how customers' account records are stored in the regular and ordinary course of AT&T's business. |
| David Dennis | May only be contacted through Cricket's counsel | Information regarding Legacy Cricket's device inventory. |
| Paula Phillips | May only be contacted through Cricket's counsel | Information regarding the Terms and Conditions of Service under which Legacy Cricket provided wireless service to its subscribers, including records related to Legacy Cricket's arbitration opt-out provision |
| Dan Northington | May only be contacted through | Information related to Legacy Cricket's records regarding its Terms |

| | Cricket's counsel | and Conditions of Service over time. |
|---|---|---|
| Lara Schnieber | May only be contacted through Cricket's counsel | Information about AT&T company-owned retail stores terms and conditions of service, including the way those stores receive and document customers' acceptance of those terms and the technology used by customers to accept those terms. |
| Tiara Cromwell | Plaintiff | Information about claims. |
| Ronald Ellison | Plaintiff | Information about claims. |
| Lysha Encarnacion | Plaintiff | Information about claims. |
| Lani Hale | Plaintiff | Information about claims. |
| Clarissa Kelly | Plaintiff | Information about claims. |
| Jermaine Miller | Plaintiff | Information about claims. |
| Jamie Postpichal | Plaintiff | Information about claims. |
| Felicia Reddick | Plaintiff | Information about claims. |
| Kamilah Riddick | Plaintiff | Information about claims. |
| Alfredo Sanchez | Plaintiff | Information about claims. |
| Jermaine Thomas | Plaintiff | Information about claims. |
| Sarah Waters | Plaintiff | Information about claims. |
| Melizza Weaver | Plaintiff | Information about claims. |

All current employees and/or consultants of Cricket shall only be contacted through counsel for Cricket, unless otherwise stated here or elsewhere by counsel for Cricket. Moreover, Cricket is not representing that it will necessarily rely on information from every individual included in the list above. Some of the individuals may have cumulative, unnecessary information. There may be other individuals, including third-party witnesses, who have discoverable information that Cricket may use to support its defenses. At this stage of the litigation, Cricket has not specifically determined those individuals' identities. Cricket reserves the right to supplement this disclosure pursuant to Fed. R. Civ. P. Rule 26(e) if additional individuals are identified. Cricket reserves the right to add witnesses discovered to have personal knowledge on any of the relevant issues subsequent to the date of these initial disclosures.

**II.     Disclosure of Documents that Cricket May Use to Support its Defenses Under Fed. R. Civ. P. 26(a)(1)(A)(ii)**

Categories of documents, electronically stored information, and tangible things in Cricket's possession, custody, or control, which it may use to support its claims or defenses include:

1. Documents and electronically stored information concerning Legacy Cricket's advertising and marketing materials from 2012 to 2014.
2. Documents and electronically stored information concerning Legacy Cricket's 4G/LTE services and network from 2012 to 2014.
3. Documents and electronically stored information concerning Legacy Cricket's 4G/LTE-capable devices from 2012 to 2014.
4. Documents and electronically stored information concerning Legacy Cricket's 4G/LTE rate plans from 2012 to 2014.
5. Documents and electronically stored information concerning the named Plaintiffs.

Identification of these categories of documents is unrelated, and without prejudice, to Cricket's right to seek discovery of relevant documents that are in the possession, custody, or control of Plaintiffs or third parties.  Cricket reserves the right to supplement this disclosure pursuant to Fed. R. Civ. P. Rule 26(e) if additional categories of documents are identified. Furthermore, Cricket reserves the right to supplement or modify these disclosures at a later date based on information or documents subsequently identified as pertinent to the disputed facts.

**III.    Disclosure of Computation of Damages Under Fed. R. Civ. P. 26(a)(1)(A)(iii)**

Cricket reserves the right to seek its litigation costs, including attorneys' fees and expenses, at an appropriate time.

**IV.    Disclosure of Applicable Insurance Policies Under Fed. R. Civ. P. 26(a)(1)(A)(iv)**

After the entry of a protective order in this matter, Cricket will, to the extent required by the Federal Rules of Civil Procedure, make available copies of insurance policies, if any, pursuant to which an insurance business may be liable either to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy such a judgment.

| | | |
|---|---|---|
| 1 | Dated: May 4, 2020 | MAYER BROWN LLP |
| 2 | | |
| 3 | | By: */s/ Archis A. Parasharami* |
| 4 | | Archis A. Parasharami |
| 5 | | Counsel for Defendant<br>CRICKET WIRELESS, LLC |