# Plaintiffs' Exhibit C

**MAYER BROWN LLP**
Archis A. Parasharami
aparasharami@mayerbrown.com
Daniel E. Jones (*pro hac vice*)
djones@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile:  (202) 263-3300

**MAYER BROWN LLP**
Matthew D. Ingber (*pro hac vice*)
mingber@mayerbrown.com
Jarman D. Russell (*pro hac vice application to be filed*)
JRussell@mayerbrown.com
1221 Avenue of the Americas
New York, New York  10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

Attorneys for Defendant
Cricket Wireless, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JERMAINE THOMAS, ET AL., | Case No. 3:19-cv-07270-WHA |
| Plaintiffs, | **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS.** |
| vs. | |
| CRICKET WIRELESS, LLC, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the U.S. District Court for the Northern District of California, San Francisco Division (the "Applicable Rules"), Cricket Wireless, LLC ("Cricket") provides the following responses and objections to Plaintiffs' First Set of Requests for Production of Documents (the "Requests"). Cricket reserves the right to amend or supplement these responses and objections to the extent allowed by the Applicable Rules.

## GENERAL STATEMENT

Cricket provides the following general statement to identify objectionable material that pervades all, or nearly all, of the Requests. Cricket incorporates the objections listed in this general statement in each of its specific responses and objections to the Requests.

1.     Cricket's investigation and discovery are ongoing. Cricket reserves the right to amend or modify these responses and to supplement its document production, as needed, as its investigation continues.

2.     Cricket objects to the Requests to the extent that they seek "all" documents concerning a particular topic and therefore purport to seek documents and electronically stored information from sources or locations that are beyond the bounds of a reasonable search. Searching all possible sources or locations for responsive documents is unduly burdensome and not proportionate to the needs of the case, and doing so would be inconsistent with Cricket's obligations under the Federal Rules of Civil Procedure. Cricket will conduct a reasonable search for responsive documents using search methodologies that are proportionate to the needs of the case. Where indicated, Cricket will conduct a search applying agreed-upon search terms to an agreed-upon universe of custodian data and will produce responsive documents identified within that data set.

3.     Cricket objects to the Requests to the extent that they seek documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity. None of Cricket's responses is intended to be, or should be construed to be, a waiver or relinquishment of any protection afforded by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

4.      Cricket objects to the definition of the Relevant Time Period included in the Requests as overly broad and, as such, demands the production of irrelevant documents. Unless otherwise indicated, Cricket will produce responsive documents for the putative class period, May 1, 2012 to October 1, 2014.

5.      Cricket objects to the definition of "Cricket" in the Requests as "Cricket Wireless, LLC, including any parents, subsidiaries, affiliates, officers, directors, or agents." This definition is overly broad and, as such, demands the production of irrelevant documents and documents outside of Cricket's possession, custody, or control. Cricket will produce documents in the possession, custody, and control of Cricket Wireless, LLC prior to its acquisition by AT&T, as well as responsive documents in Cricket's possession, custody, and control following the acquisition within the time period identified above.

6.      Cricket objects to the Format of Production appended as Exhibit A to the Requests. Following the Court's entry of a protective order negotiated by the parties that addresses the production and use of confidential and proprietary information, Cricket will produce responsive electronically stored information ("ESI") pursuant to that order.

7.      Cricket's responses to the Requests are not intended, and shall not be construed, as an agreement or acknowledgment (i) that any documents or categories of documents are relevant or admissible as evidence or (ii) that any documents or categories of documents exist, are reasonably accessible, or are in Cricket's possession, custody, or control.

8.      Cricket's responses to the Requests are not intended to waive, and do not waive, any rights Cricket may have to seek relief from such unreasonably burdensome, irrelevant, cumulative and unnecessary requests.

9.      Cricket expects to commence a rolling production of documents within 30 days of its service of these Responses and Objections subject to the entry of a suitable protective order and ESI protocol as described above.

**RESPONSES TO PLAINTIFFS' FIRST REQUESTS**

**FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Documents identifying the organizational structure of Cricket.

**RESPONSE TO REQUEST NO. 1:**

Cricket will make a reasonable effort to search for and produce documents, if any, sufficient to show its organizational structure.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the term "organizational structure" as vague and overbroad. Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents identifying or referencing the geographical locations of Cricket's 4th Generation/Long Term Evolution ("4G LTE") coverage.

**RESPONSE TO REQUEST NO. 2:**

Cricket will make a reasonable effort to search for and produce documents, if any, sufficient to identify the geographical locations of Cricket's 4G LTE coverage.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the terms "geographical locations" and "coverage" as vague and overbroad. Cricket objects to the demand to produce all documents "referencing the geographical locations" of its 4G LTE coverage as vague, overbroad, and unduly burdensome and

1  not proportional to the needs of the case. Except as otherwise stated in these specific responses

2  and objections, Cricket does not anticipate withholding any relevant non-privileged documents in

3  its possession, custody, or control responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 3:**

5      Documents identifying or referencing changes in Cricket's 4G LTE coverage.

6  **RESPONSE TO REQUEST NO. 3:**

7      Cricket will make a reasonable effort to search for and produce documents, if any,

8  sufficient to show changes in the coverage area of Cricket's 4G LTE network over time.

9      Cricket objects to this request to the extent the scope of this request would include

10  information protected by the attorney-client privilege or the attorney work product

11  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

12  attorney-client privilege or the attorney work product doctrine, but will identify those documents

13  withheld on a privilege log.  Cricket objects to the term "changes" as vague and overbroad.

14  Cricket objects to the demand to produce all documents "referencing changes in Cricket's 4G

15  LTE coverage" as vague, overbroad, and unduly burdensome and not proportional to the needs of

16  the case. Except as otherwise stated in these specific responses and objections, Cricket does not

17  anticipate withholding any relevant non-privileged documents in its possession, custody, or

18  control responsive to this request.

19  **REQUEST FOR PRODUCTION NO. 4:**

20      Documents identifying Cricket's 4G LTE service plans including, but not limited to,

21  applicable pricing and coverage area.

22  **RESPONSE TO REQUEST NO. 4:**

23      Cricket will make a reasonable effort to search for and produce documents, if any,

24  sufficient to identify Cricket's 4G LTE service plans and the components of such plans.

25      Cricket objects to this request to the extent the scope of this request would include

26  information protected by the attorney-client privilege or the attorney work product

27  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

28  attorney-client privilege or the attorney work product doctrine, but will identify those documents

1   withheld on a privilege log.  Cricket objects to the term "coverage area" as vague and overbroad.

2   Except as otherwise stated in these specific responses and objections, Cricket does not anticipate

3   withholding any relevant non-privileged documents in its possession, custody, or control

4   responsive to this request.

5   **REQUEST FOR PRODUCTION NO. 5:**

6          Correspondence concerning the pricing of Cricket's 4G LTE service plans or 4G LTE

7   capable devices.

8   **RESPONSE TO REQUEST NO. 5:**

9          Cricket will make a reasonable effort to search for and produce documents, if any,

10   responsive to this request through the application of negotiated search terms.

11          Cricket objects to this request to the extent the scope of this request would include

12   information protected by the attorney-client privilege or the attorney work product

13   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

14   attorney-client privilege or the attorney work product doctrine, but will identify those documents

15   withheld on a privilege log.  Except as otherwise stated in these specific responses and objections,

16   Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

17   custody, or control responsive to this request.

18   **REQUEST FOR PRODUCTION NO. 6:**

19          Documents identifying Cricket's 4G LTE capable devices including, but not limited to,

20   applicable pricing.

21   **RESPONSE TO REQUEST NO. 6:**

22          Cricket will make a reasonable effort to search for and produce documents, if any,

23   sufficient to identify Cricket's 4G LTE capable devices and the pricing of such devices.

24          Cricket objects to this request to the extent the scope of this request would include

25   information protected by the attorney-client privilege or the attorney work product

26   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

27   attorney-client privilege or the attorney work product doctrine, but will identify those documents

28   withheld on a privilege log.  Cricket objects to the term "applicable pricing" as vague and

1  overbroad. Except as otherwise stated in these specific responses and objections, Cricket does not

2  anticipate withholding any relevant non-privileged documents in its possession, custody, or

3  control responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 7:**

5      Documents identifying Cricket's 3G service plans including, but not limited to, applicable

6  pricing and coverage area.

7  **RESPONSE TO REQUEST NO. 7:**

8      Cricket will make a reasonable effort to search for and produce documents, if any,

9  sufficient to identify Cricket's 3G service plans and the components of such plans.

10      Cricket objects to this request to the extent the scope of this request would include

11  information protected by the attorney-client privilege or the attorney work product

12  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

13  attorney-client privilege or the attorney work product doctrine, but will identify those documents

14  withheld on a privilege log.  Cricket objects to the term "coverage area" as vague and overbroad.

15  Except as otherwise stated in these specific responses and objections, Cricket does not anticipate

16  withholding any relevant non-privileged documents in its possession, custody, or control

17  responsive to this request.

18  **REQUEST FOR PRODUCTION NO. 8:**

19      Documents identifying Cricket's 3G capable devices including, but not limited to,

20  applicable pricing.

21  **RESPONSE TO REQUEST NO. 8:**

22      Cricket will make a reasonable effort to search for and produce documents, if any,

23  sufficient to identify Cricket's 3G capable devices and the pricing of such devices.

24      Cricket objects to this request to the extent the scope of this request would include

25  information protected by the attorney-client privilege or the attorney work product

26  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

27  attorney-client privilege or the attorney work product doctrine, but will identify those documents

28  withheld on a privilege log.  Cricket objects to the term "applicable pricing" as vague and

1  overbroad. Except as otherwise stated in these specific responses and objections, Cricket does not

2  anticipate withholding any relevant non-privileged documents in its possession, custody, or

3  control responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 9:**

5      Data files that identify Cricket customers who purchased 4G LTE capable devices, the

6  type of device (i.e. model), and the date and price of each purchase.

7  **RESPONSE TO REQUEST NO. 9:**

8      Cricket objects to this request to the extent the scope of this request would include

9  information protected by the attorney-client privilege or the attorney work product

10  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

11  attorney-client privilege or the attorney work product doctrine, but will identify those documents

12  withheld on a privilege log. Cricket further objects to this request on the grounds that it demands

13  information concerning Cricket customers that is protected by state and federal law.

14      Based on the foregoing objections, Cricket will not produce documents in response to this

15  request.

16  **REQUEST FOR PRODUCTION NO. 10:**

17      Data files that identify Cricket customers who purchased 4G LTE service plans, the type

18  plan purchased, and the date and price of each purchase.

19  **RESPONSE TO REQUEST NO. 10:**

20      Cricket objects to this request to the extent the scope of this request would include

21  information protected by the attorney-client privilege or the attorney work product doctrine.

22  Cricket does not waive such privilege and will not produce documents protected by the attorney-

23  client privilege or the attorney work product doctrine, but will identify those documents withheld

24  on a privilege log. Cricket further objects to this request on the grounds that it demands

25  information concerning Cricket customers that is protected by state and federal law.

26      Based on the foregoing objections, Cricket will not produce documents in response to this

27  request.

28

**REQUEST FOR PRODUCTION NO. 11:**

Documents identifying Cricket's 4G LTE data speeds and capabilities.

**RESPONSE TO REQUEST NO. 11:**

Cricket will make a reasonable effort to search for and produce documents, if any, sufficient to identify Cricket's 4G LTE data speeds during the time period described above.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the term "capabilities" as vague and overbroad. Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents identifying Cricket's 4G LTE data speeds and capabilities, broken down by zip code.

**RESPONSE TO REQUEST NO. 12:**

Cricket will make a reasonable effort to search for and produce documents, if any, sufficient to identify Cricket's 4G LTE data speeds, broken down by geographic area, during the time period described above.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the term "capabilities" as vague and overbroad. Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

Documents identifying the spectrum band(s) Cricket used to deploy its proprietary network and related configurations.

**RESPONSE TO REQUEST NO. 13:**

Cricket will make a reasonable effort to search for and produce documents, if any, sufficient to identify the spectrum band(s) Cricket used to deploy its proprietary network.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the term "related configurations" as vague and overbroad. Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify the differences between Cricket's 3G and 4G LTE network coverage for each month, *during the Relevant Time Period.*

**RESPONSE TO REQUEST NO. 14:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the term "the differences between Cricket's 3G and 4G LTE network coverage" as vague and overbroad.

Based on the foregoing objections, Cricket will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 15:**

Documents concerning the differences between Cricket's 3G and 4G LTE network speeds, *during the Relevant Time Period.*

**RESPONSE TO REQUEST NO. 15:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the term "the differences between Cricket's 3G and 4G LTE network speeds" as vague and overbroad.

Based on the foregoing objections, Cricket will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents concerning the differences between Cricket's 3G and 4G LTE network coverage and services, broken down by zip code, *during the Relevant Time Period.*

**RESPONSE TO REQUEST NO. 16:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the term "the differences between Cricket's 3G and 4G LTE network coverage and services" as vague and overbroad.

Based on the foregoing objections, Cricket will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify Cricket's expenditures related to developing its proprietary 4G LTE network from *January 1, 2010 — December 31, 2015.*

**RESPONSE TO REQUEST NO. 17:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine.  Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log.  Cricket objects to the term "expenditures related to developing" as vague and overbroad. Cricket further objects to this Request on the grounds that documents identifying Cricket's expenditures on its proprietary 4G LTE network are not relevant to the claims or defenses in this action and the burden associated with identifying and producing such documents is disproportionate to the needs of the case.

Based on the foregoing objections, Cricket will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 18:**

Cricket's marketing materials related to 4G LTE coverage, 4G LTE capable devices, and/or 4G LTE service plans *used by Cricket during the Relevant Time Period.*

**RESPONSE TO REQUEST NO. 18:**

Cricket will make a reasonable effort to search for and produce documents, if any, responsive to this request through the application of negotiated search terms.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine.  Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log.  Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

Correspondence related to Cricket's marketing materials related to 4G LTE coverage.

**RESPONSE TO REQUEST NO. 19:**

Cricket will make a reasonable effort to search for and produce documents, if any, responsive to this request through the application of negotiated search terms.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine.  Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log.  Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

Correspondence related to Cricket's marketing materials related to 4G LTE capable devices.

**RESPONSE TO REQUEST NO. 20:**

Cricket will make a reasonable effort to search for and produce documents, if any, responsive to this request through the application of negotiated search terms.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine.  Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log.  Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

Correspondence related to Cricket's marketing materials related to 4G LTE service plans

**RESPONSE TO REQUEST NO. 21:**

Cricket will make a reasonable effort to search for and produce documents, if any, responsive to this request through the application of negotiated search terms.

1    Cricket objects to this request to the extent the scope of this request would include

2    information protected by the attorney-client privilege or the attorney work product

3    doctrine. Cricket does not waive such privilege and will not produce documents protected by the

4    attorney-client privilege or the attorney work product doctrine, but will identify those documents

5    withheld on a privilege log. Except as otherwise stated in these specific responses and objections,

6    Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

7    custody, or control responsive to this request.

8    **REQUEST FOR PRODUCTION NO. 22:**

9    Correspondence related to Cricket's marketing of "nationwide" 4G LTE coverage.

10   **RESPONSE TO REQUEST NO. 22:**

11   Cricket will make a reasonable effort to search for and produce documents, if any,

12   responsive to this request through the application of negotiated search terms.

13   Cricket objects to this request to the extent the scope of this request would include

14   information protected by the attorney-client privilege or the attorney work product

15   doctrine. Cricket does not waive such privilege and will not produce documents protected by the

16   attorney-client privilege or the attorney work product doctrine, but will identify those documents

17   withheld on a privilege log. Cricket objects to the phrase "nationwide 4G LTE coverage" as

18   vague and lacking relevance. Except as otherwise stated in these specific responses and

19   objections, Cricket does not anticipate withholding any relevant non-privileged documents in its

20   possession, custody, or control responsive to this request.

21   **REQUEST FOR PRODUCTION NO. 23:**

22   Documents identifying the persons responsible for developing and directing Cricket's 4G

23   LTE marketing campaign during the Relevant Period.

24   **RESPONSE TO REQUEST NO. 23:**

25   Cricket will make a reasonable effort to search for and produce documents, if any,

26   responsive to this request through the application of negotiated search terms.

27   Cricket objects to this request to the extent the scope of this request would include

28   information protected by the attorney-client privilege or the attorney work product

doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

attorney-client privilege or the attorney work product doctrine, but will identify those documents

withheld on a privilege log.  Except as otherwise stated in these specific responses and objections,

Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

Cricket's annual marketing budgets *from 2007-2014.*

**RESPONSE TO REQUEST NO. 24:**

Cricket objects to this request to the extent the scope of this request would include

information protected by the attorney-client privilege or the attorney work product

doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

attorney-client privilege or the attorney work product doctrine, but will identify those documents

withheld on a privilege log.  Cricket objects to this request on the grounds that documents

describing Cricket's annual marketing budgets are not relevant to the claims or defenses in this

action and the burden associated with identifying and producing such documents is

disproportionate to the needs of the case.

Based on the foregoing objections, Cricket will not produce documents in response to this

request.

**REQUEST FOR PRODUCTION NO. 25:**

Complaints Cricket received from customers regarding Cricket's 4G LTE coverage.

**RESPONSE TO REQUEST NO. 25:**

Cricket will make a reasonable effort to search for and produce documents, if any,

responsive to this request through the application of negotiated search terms.

Cricket objects to this request to the extent the scope of this request would include

information protected by the attorney-client privilege or the attorney work product

doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

attorney-client privilege or the attorney work product doctrine, but will identify those documents

withheld on a privilege log. Cricket objects to the term "complaints" as vague and overbroad.

1    Except as otherwise stated in these specific responses and objections, Cricket does not anticipate

2    withholding any relevant non-privileged documents in its possession, custody, or control

3    responsive to this request.

4    **REQUEST FOR PRODUCTION NO. 26:**

5         Complaints Cricket received from franchisees, dealers, and/or retailers regarding Cricket's

6    4G LTE coverage.

7    **RESPONSE TO REQUEST NO. 26:**

8         Cricket will make a reasonable effort to search for and produce documents, if any,

9    responsive to this request through the application of negotiated search terms.

10        Cricket objects to this request to the extent the scope of this request would include

11   information protected by the attorney-client privilege or the attorney work product

12   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

13   attorney-client privilege or the attorney work product doctrine, but will identify those documents

14   withheld on a privilege log. Except as otherwise stated in these specific responses and objections,

15   Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

16   custody, or control responsive to this request.

17   **REQUEST FOR PRODUCTION NO. 27:**

18        All agreements and contracts between Cricket and any third-party related to 4G LTE

19   coverage *in effect during the Relevant Time Period.*

20   **RESPONSE TO REQUEST NO. 27:**

21        Cricket will make a reasonable effort to search for and produce agreements and contracts,

22   if any, between Cricket and any third party through which Cricket obtained usage rights to a 4G

23   LTE network.

24        Cricket objects to this request to the extent the scope of this request would include

25   information protected by the attorney-client privilege or the attorney work product

26   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

27   attorney-client privilege or the attorney work product doctrine, but will identify those documents

28   withheld on a privilege log. Cricket objects to the phrase "related to" as vague and overly broad.

1   Except as otherwise stated in these specific responses and objections, Cricket does not anticipate

2   withholding any relevant non-privileged documents in its possession, custody, or control

3   responsive to this request.

4   **REQUEST FOR PRODUCTION NO. 28:**

5        Correspondence related to marketing Cricket's use of third-party 4G LTE networks.

6   **RESPONSE TO REQUEST NO. 28:**

7        Cricket will make a reasonable effort to search for and produce documents, if any,

8   responsive to this request through the application of negotiated search terms.

9        Cricket objects to this request to the extent the scope of this request would include

10  information protected by the attorney-client privilege or the attorney work product

11  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

12  attorney-client privilege or the attorney work product doctrine, but will identify those documents

13  withheld on a privilege log. Cricket objects to this request on the ground that the phrase "related

14  to" is vague and overbroad. Except as otherwise stated in these specific responses and objections,

15  Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

16  custody, or control responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 29:**

18       Marketing materials regarding Cricket's use of third-party 4G LTE networks.

19  **RESPONSE TO REQUEST NO. 29:**

20       Cricket will make a reasonable effort to search for and produce documents, if any,

21  responsive to this request through the application of negotiated search terms.

22       Cricket objects to this request to the extent the scope of this request would include

23  information protected by the attorney-client privilege or the attorney work product

24  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

25  attorney-client privilege or the attorney work product doctrine, but will identify those documents

26  withheld on a privilege log. Cricket objects to this request on the ground that the term "regarding"

27  is vague and overbroad. Except as otherwise stated in these specific responses and objections,

28

1   Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

2   custody, or control responsive to this request.

3   **REQUEST FOR PRODUCTION NO. 30:**

4        Cricket's contract(s) with Clearwire Corporation ("Clearwire").

5   **RESPONSE TO REQUEST NO. 30:**

6        Cricket will make a reasonable effort to search for and produce agreements and contracts,

7   if any, between Cricket and Clearwire.

8        Cricket objects to this request to the extent the scope of this request would include

9   information protected by the attorney-client privilege or the attorney work product

10  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

11  attorney-client privilege or the attorney work product doctrine, but will identify those documents

12  withheld on a privilege log.  Except as otherwise stated in these specific responses and objections,

13  Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

14  custody, or control responsive to this request.

15  **REQUEST FOR PRODUCTION NO. 31:**

16       Correspondence related to any and all wholesale agreement(s) between Cricket and

17  Clearwire.

18  **RESPONSE TO REQUEST NO. 31:**

19       Cricket objects to this request to the extent the scope of this request would include

20  information protected by the attorney-client privilege or the attorney work product

21  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

22  attorney-client privilege or the attorney work product doctrine, but will identify those documents

23  withheld on a privilege log. Cricket objects to this request on the ground that the term "wholesale

24  agreement" is vague and overbroad. Cricket further objects to this request on the grounds that

25  documents reflecting correspondence related to Cricket's agreements with Clearwire are not

26  relevant to the claims or defenses in this action and the burden associated with identifying and

27  producing such documents is disproportionate to the needs of the case.

28

1  Based on the foregoing objections, Cricket will not produce documents in response to this

2  request.

3  **REQUEST FOR PRODUCTION NO. 32:**

4  Documents concerning Clearwire's 4G LTE network.

5  **RESPONSE TO REQUEST NO. 32:**

6  Cricket objects to this request to the extent the scope of this request would include

7  information protected by the attorney-client privilege or the attorney work product

8  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

9  attorney-client privilege or the attorney work product doctrine, but will identify those documents

10  withheld on a privilege log. Cricket objects to this request on the grounds that the term

11  "concerning Clearwire's 4G LTE network" is vague, overbroad, and the burden associated with

12  identifying and producing such documents is disproportionate to the needs of the case.

13  Based on the foregoing objections, Cricket will not produce documents in response to this

14  request.

15  **REQUEST FOR PRODUCTION NO. 33:**

16  Documents identifying the geographical areas in which Cricket customers were utilizing

17  the network of a wireless provider other than Cricket.

18  **RESPONSE TO REQUEST NO. 33:**

19  Cricket objects to this request to the extent the scope of this request would include

20  information protected by the attorney-client privilege or the attorney work product

21  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

22  attorney-client privilege or the attorney work product doctrine, but will identify those documents

23  withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

24  overbroad on its face. Cricket further objects to this request on the grounds that its scope is

25  essentially unlimited and it calls for the production of documents that are not in the possession,

26  custody, or control of Cricket. The burden associated with identifying and producing such

27  documents is disproportionate to the needs of the case.

28

1      Based on the foregoing objections, Cricket will not produce documents in response to this

2   request.

3   **REQUEST FOR PRODUCTION NO. 34:**

4      Documents concerning all wholesale or roaming agreements between Cricket and

5   LightSquared.

6   **RESPONSE TO REQUEST NO. 34:**

7      Cricket will make a reasonable effort to search for and produce agreements and contracts,

8   if any, between Cricket and LightSquared.

9      Cricket objects to this request to the extent the scope of this request would include

10   information protected by the attorney-client privilege or the attorney work product

11   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

12   attorney-client privilege or the attorney work product doctrine, but will identify those documents

13   withheld on a privilege log.  Cricket objects to the term "wholesale or roaming agreements" on

14   the grounds that the term is vague and overbroad. Cricket further objects to this request on the

15   grounds that "documents concerning" any agreements between Cricket and LightSquared are not

16   relevant to the claims or defenses in this action and the burden associated with identifying and

17   producing such documents is disproportionate to the needs of the case. Except as otherwise stated

18   in these specific responses and objections, Cricket does not anticipate withholding any relevant

19   non-privileged documents in its possession, custody, or control responsive to this request.

20   **REQUEST FOR PRODUCTION NO. 35:**

21      Documents related to meetings of the Cricket Board of Directors including, but not

22   limited to, the location of the meetings, invitations or notifications for the meetings, agendas,

23   minutes, handouts, presentations, resolutions, and communications.

24   **RESPONSE TO REQUEST NO. 35:**

25      Cricket will make a reasonable effort to search for and produce materials distributed in

26   connection with meetings of Cricket's Board of Directors, if any, relating to Cricket's 4G LTE

27   network, including the 4G LTE network, devices, sales, and marketing.

28

1    Cricket objects to this request to the extent the scope of this request would include

2    information protected by the attorney-client privilege or the attorney work product

3    doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

4    attorney-client privilege or the attorney work product doctrine, but will identify those documents

5    withheld on a privilege log.  Cricket objects to the to this request on the grounds that it is vague,

6    overbroad, and unduly burdensome by demanding the production of all documents "related to

7    meetings of the Cricket Board of Directors" without regard to whether the subject matter of such

8    documents is relevant to the claims or defenses in this action. Except as otherwise stated in these

9    specific responses and objections, Cricket does not anticipate withholding any relevant non-

10   privileged documents in its possession, custody, or control responsive to this request.

11   **REQUEST FOR PRODUCTION NO. 36:**

12    Representative samples of all franchise agreements *during the Relevant Time Period.*

13   **RESPONSE TO REQUEST NO. 36:**

14    Cricket will make a reasonable effort to search for and produce representative samples of

15   franchise agreements, if any such documents exist.

16    Cricket objects to this request to the extent the scope of this request would include

17   information protected by the attorney-client privilege or the attorney work product

18   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

19   attorney-client privilege or the attorney work product doctrine, but will identify those documents

20   withheld on a privilege log.  Except as otherwise stated in these specific responses and objections,

21   Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

22   custody, or control responsive to this request.

23   **REQUEST FOR PRODUCTION NO. 37:**

24    Representative samples of agreements between Cricket and its authorized dealers and

25   retailers.

26   **RESPONSE TO REQUEST NO. 37:**

27    Cricket will make a reasonable effort to search for and produce representative samples of

28   agreements between Cricket and its authorized dealers and retailers.

1    Cricket objects to this request to the extent the scope of this request would include

2  information protected by the attorney-client privilege or the attorney work product

3  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

4  attorney-client privilege or the attorney work product doctrine, but will identify those documents

5  withheld on a privilege log.  Except as otherwise stated in these specific responses and objections,

6  Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

7  custody, or control responsive to this request.

8  **REQUEST FOR PRODUCTION NO. 38:**

9    Documents Cricket provided to its authorized dealers and retailers that referenced 4G LTE

10  coverage, 4G LTE capable devices, and/or 4G LTE service plans.

11  **RESPONSE TO REQUEST NO. 38:**

12    Cricket objects to this request to the extent the scope of this request would include

13  information protected by the attorney-client privilege or the attorney work product

14  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

15  attorney-client privilege or the attorney work product doctrine, but will identify those documents

16  withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

17  overbroad on its face in that it will likely encompass that vast majority of documents exchanged

18  between Cricket and its authorized dealers and retailers. Cricket further objects to this request on

19  the grounds that its scope is essentially unlimited and it calls for the production of documents that

20  are not in the possession, custody, or control of Cricket. Cricket further objects to this request on

21  the ground that it is duplicative of requests 36 and 37. The burden associated with identifying and

22  producing such documents is disproportionate to the needs of the case.

23    Based on the foregoing objections, Cricket will not produce documents in response to this

24  request.

25  **REQUEST FOR PRODUCTION NO. 39:**

26    Communications between Cricket and its authorized dealers and retailers that referenced

27  4G LTE coverage, 4G LTE capable devices, and/or 4G LTE service plans.

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS,
CASE NO. 3:19-CV-07270-WHA

1   **RESPONSE TO REQUEST NO. 39:**

2       Cricket objects to this request to the extent the scope of this request would include

3   information protected by the attorney-client privilege or the attorney work product

4   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

5   attorney-client privilege or the attorney work product doctrine, but will identify those documents

6   withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

7   overbroad on its face in that it will likely encompass that vast majority of communications

8   exchanged between Cricket and its authorized dealers and retailers. Cricket further objects to this

9   request on the grounds that its scope is essentially unlimited and it calls for the production of

10  documents that are not in the possession, custody, or control of Cricket. Cricket further objects to

11  this request on the ground that it is duplicative of requests 36, 37, and 38. The burden associated

12  with identifying and producing such documents is disproportionate to the needs of the case.

13      Based on the foregoing objections, Cricket will not produce documents in response to this

14  request.

15  **REQUEST FOR PRODUCTION NO. 40:**

16      Documents identifying how franchisees, authorized dealers, or other retailers were

17  compensated for the sale of 4G LTE products and 4G LTE service plans.

18  **RESPONSE TO REQUEST NO. 40:**

19      Cricket will make a reasonable effort to search for and produce documents sufficient to

20  show how franchisees, authorized dealers, or other retailers were compensated for the sale of 4G

21  LTE products and 4G LTE service plans.

22      Cricket objects to this request to the extent the scope of this request would include

23  information protected by the attorney-client privilege or the attorney work product

24  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

25  attorney-client privilege or the attorney work product doctrine, but will identify those documents

26  withheld on a privilege log.  Except as otherwise stated in these specific responses and objections,

27  Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

28  custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

Documents concerning any acquisition of Cricket or any merger involving Cricket, whether such acquisition or merger was executed.

**RESPONSE TO REQUEST NO. 41:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to this request on the ground that it is vague and overbroad on its face. Cricket further objects to this request on the grounds that it is overbroad and demands the production of documents that are not relevant to the claims or defenses in this action. The burden associated with identifying and producing such documents is disproportionate to the needs of the case.

Based on the foregoing objections, Cricket will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents concerning any arbitration provisions provided to Cricket customers.

**RESPONSE TO REQUEST NO. 42:**

Cricket will make a reasonable effort to search for and produce documents sufficient to show any arbitration provisions provided to Cricket customers.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to this request on the ground that its demand for all "documents concerning" arbitration provisions is vague and overly broad. Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any

1  relevant non-privileged documents in its possession, custody, or control responsive to this

2  request.

3  **REQUEST FOR PRODUCTION NO. 43:**

4  All versions of the "Quick Start Guide: A Simple Guide to Activating Your Phone"

5  *provided to customers during the Relevant Time Period.*

6  **RESPONSE TO REQUEST NO. 43:**

7  Cricket will make a reasonable effort to search for and produce documents sufficient to

8  show the versions of the "Quick Start Guide: A Simple Guide to Activating Your Phone" that

9  were provided to Cricket customers during the time period specified above.

10  Cricket objects to this request to the extent the scope of this request would include

11  information protected by the attorney-client privilege or the attorney work product

12  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

13  attorney-client privilege or the attorney work product doctrine, but will identify those documents

14  withheld on a privilege log. Except as otherwise stated in these specific responses and objections,

15  Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

16  custody, or control responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 44:**

18  All versions of Cricket's Terms and Conditions provided to customers during the Relevant

19  Time Period.

20  **RESPONSE TO REQUEST NO. 44:**

21  Cricket will make a reasonable effort to search for and produce documents sufficient to

22  show the versions of Cricket's Terms and Conditions that were provided to Cricket customers

23  during the time period specified above.

24  Cricket objects to this request to the extent the scope of this request would include

25  information protected by the attorney-client privilege or the attorney work product

26  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

27  attorney-client privilege or the attorney work product doctrine, but will identify those documents

28  withheld on a privilege log. Except as otherwise stated in these specific responses and objections,

1  Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

2  custody, or control responsive to this request.

3  **REQUEST FOR PRODUCTION NO. 45:**

4  All versions of the language on the back of Cricket's customer receipts *provided to*

5  *customers during the Relevant Time Period.*

6  **RESPONSE TO REQUEST NO. 45:**

7  Cricket will make a reasonable effort to search for and produce documents sufficient to

8  show the versions of the language on the back of Cricket's customer receipts, if any, that were

9  provided to Cricket customers during the time period specified above.

10  Cricket objects to this request to the extent the scope of this request would include

11  information protected by the attorney-client privilege or the attorney work product

12  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

13  attorney-client privilege or the attorney work product doctrine, but will identify those documents

14  withheld on a privilege log. Except as otherwise stated in these specific responses and objections,

15  Cricket does not anticipate withholding any relevant non-privileged documents in its possession,

16  custody, or control responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 46:**

18  Documents Cricket provided to Jermaine Thomas, Jermaine Miller, Jamie Postpichal,

19  Ronald Ellison, Sarah Waters, Kamilah Riddick, Felicia Reddick, Tiara Cromwell, Lysha

20  Encarnacion, Lani Hale, Melizza Weaver, Alfredo Sanchez, or Clarissa Kelly *from May 1, 2012*

21  *to present.*

22  **RESPONSE TO REQUEST NO. 46:**

23  Cricket will make a reasonable effort to search for and produce documents, if any,

24  responsive to this request through the application of negotiated search terms.

25  Cricket objects to this request to the extent the scope of this request would include

26  information protected by the attorney-client privilege or the attorney work product

27  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

28  attorney-client privilege or the attorney work product doctrine, but will identify those documents

1  withheld on a privilege log.  Cricket objects to this request on the grounds that it demands the

2  production of documents that are not in Cricket's possession, custody, or control. Except as

3  otherwise stated in these specific responses and objections, Cricket does not anticipate

4  withholding any relevant non-privileged documents in its possession, custody, or control

5  responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 47:**

7      Documents concerning Cricket's "No Contract" or "Home of the No Contract, No Hassle

8  Wireless Carrier" marketing campaign.

9  **RESPONSE TO REQUEST NO. 47:**

10     Cricket will make a reasonable effort to search for and produce documents, if any,

11  responsive to this request through the application of negotiated search terms.

12     Cricket objects to this request to the extent the scope of this request would include

13  information protected by the attorney-client privilege or the attorney work product

14  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

15  attorney-client privilege or the attorney work product doctrine, but will identify those documents

16  withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

17  overbroad on its face. Cricket further objects to this request on the grounds that it demands the

18  production of documents that are not relevant to the claims or defenses in this action. The burden

19  associated with identifying and producing such documents is disproportionate to the needs of the

20  case.

21  **REQUEST FOR PRODUCTION NO. 48:**

22     Documents concerning Cricket's decision to change its marketing language from "No

23  Contract" to "No annual Contracts".

24  **RESPONSE TO REQUEST NO. 48:**

25     Cricket objects to this request to the extent the scope of this request would include

26  information protected by the attorney-client privilege or the attorney work product

27  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

28  attorney-client privilege or the attorney work product doctrine, but will identify those documents

1  withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

2  overbroad on its face. Cricket further objects to this request on the grounds that it demands the

3  production of documents that are not relevant to the claims or defenses in this action. The burden

4  associated with identifying and producing such documents is disproportionate to the needs of the

5  case.

6      Based on the foregoing objections, Cricket will not produce documents in response to this

7  request.

8  **REQUEST FOR PRODUCTION NO. 49:**

9      Documents concerning the packaging of 4G LTE capable devices sold by Cricket.

10 **RESPONSE TO REQUEST NO. 49:**

11     Cricket will make a reasonable effort to search for and produce documents, if any,

12 responsive to this request through the application of negotiated search terms.

13     Cricket objects to this request to the extent the scope of this request would include

14 information protected by the attorney-client privilege or the attorney work product

15 doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

16 attorney-client privilege or the attorney work product doctrine, but will identify those documents

17 withheld on a privilege log.  Cricket objects to this request on the grounds that it demands the

18 production of documents that are not in Cricket's possession, custody, or control. Cricket further

19 objects to this request on the ground that its demand for all documents "concerning" 4G LTE

20 device packaging is vague and overbroad. Except as otherwise stated in these specific responses

21 and objections, Cricket does not anticipate withholding any relevant non-privileged documents in

22 its possession, custody, or control responsive to this request.

23 **REQUEST FOR PRODUCTION NO. 50:**

24     Documents concerning any government or regulatory inquires or investigations regarding

25 Cricket's 4G LTE marketing, capabilities, coverage, devices, or service plans.

26 **RESPONSE TO REQUEST NO. 50:**

27     Cricket objects to this request to the extent the scope of this request would include

28 information protected by the attorney-client privilege or the attorney work product

1    doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

2    attorney-client privilege or the attorney work product doctrine, but will identify those documents

3    withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

4    overbroad on its face. Cricket further objects to this request on the grounds that it demands the

5    production of documents that are not relevant to the claims or defenses in this action. The burden

6    associated with identifying and producing such documents is disproportionate to the needs of the

7    case.

8         Cricket is not aware of any government or regulatory inquiries or investigations regarding

9    Cricket's 4G LTE marketing, capabilities, coverage, devices, or service plans.

10   **REQUEST FOR PRODUCTION NO. 51:**

11        All documents produced by Cricket in *Barraza v. Cricket Wireless LLC,* No. C 15-02471-

12   WHA (N.D. Cal.).

13   **RESPONSE TO REQUEST NO. 51:**

14        Cricket will make a reasonable effort to search for and produce documents, if any,

15   responsive to this request.

16        Cricket objects to this request to the extent the scope of this request would include

17   information protected by the attorney-client privilege or the attorney work product

18   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

19   attorney-client privilege or the attorney work product doctrine, but will identify those documents

20   withheld on a privilege log.  Cricket objects to this request on the grounds that it demands the

21   production of documents that are not in Cricket's possession, custody, or control and to the extent

22   such documents are already in Plaintiffs' possession.. Except as otherwise stated in these specific

23   responses and objections, Cricket does not anticipate withholding any relevant non-privileged

24   documents in its possession, custody, or control responsive to this request.

25   **REQUEST FOR PRODUCTION NO. 52:**

26        All insurance policies, documents reflecting insurance coverage and indemnification

27   agreements that may provide coverage of any claims in this action. This Request extends up to the

28   present.

**RESPONSE TO REQUEST NO. 52:**

Cricket will make a reasonable effort to search for and produce insurance policies and indemnification agreements up to the present, if any, that may provide coverage applicable to claims asserted in this action.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to this request on the grounds that it demands the production of documents that are not in Cricket's possession, custody, or control. Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 53:**

All documents identified (by category or otherwise) in Cricket's Rule 26(a)(1) disclosures, including any amended or supplemental disclosures.

**RESPONSE TO REQUEST NO. 53:**

Cricket will make a reasonable effort to search for and produce documents, if any, responsive to this request.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to this request on the grounds that it demands the production of documents that are not in Cricket's possession, custody, or control. Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

1    **REQUEST FOR PRODUCTION NO. 54:**

2         Documents identifying the potential sources of information called for by these Requests.

3    **RESPONSE TO REQUEST NO. 54:**

4         Cricket will identify the potential sources of information called for by these Requests to

5    the extent required and in the manner specified by the Applicable Rules.

6         Cricket objects to this request to the extent the scope of this request would include

7    information protected by the attorney-client privilege or the attorney work product

8    doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

9    attorney-client privilege or the attorney work product doctrine, but will identify those documents

10   withheld on a privilege log.  Cricket objects to this request on the grounds that it demands the

11   production of documents that are not in Cricket's possession, custody, or control. Except as

12   otherwise stated in these specific responses and objections, Cricket does not anticipate

13   withholding any relevant non-privileged documents in its possession, custody, or control

14   responsive to this request.

15   **REQUEST FOR PRODUCTION NO. 55:**

16        All policies, customs and practices relating to the preservation of ESI. This Request

17   extends up to the present.

18   **RESPONSE TO REQUEST NO. 55:**

19        Cricket objects to this request to the extent the scope of this request would include

20   information protected by the attorney-client privilege or the attorney work product

21   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

22   attorney-client privilege or the attorney work product doctrine, but will identify those documents

23   withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

24   overbroad on its face. Cricket further objects to this request on the grounds that it demands the

25   production of documents that are not relevant to the claims or defenses in this action. The burden

26   associated with identifying and producing such documents is disproportionate to the needs of the

27   case. Cricket further objects to this request on the grounds that it pertains to policies, customs,

28

DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS,
CASE NO. 3:19-CV-07270-WHA

1    and practices relating to the preservation of ESI before this action was filed or reasonably

2    anticipated.

3        Based on the foregoing objections, Cricket will not produce documents in response to this

4    request.

5    **REQUEST FOR PRODUCTION NO. 56:**

6        All documents concerning the destruction, inadvertent or otherwise, of documents or

7    information called for by these Requests. This Request extends up to the present.

8    **RESPONSE TO REQUEST NO. 56:**

9        Cricket objects to this request to the extent the scope of this request would include

10   information protected by the attorney-client privilege or the attorney work product

11   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

12   attorney-client privilege or the attorney work product doctrine, but will identify those documents

13   withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

14   overbroad on its face. Cricket further objects to this request on the grounds that it demands the

15   production of documents that are not relevant to the claims or defenses in this action. The burden

16   associated with identifying and producing such documents is disproportionate to the needs of the

17   case. Cricket further objects to this request on the grounds that it pertains to the destruction of

18   documents or information before this action was filed or reasonably anticipated.

19       Based on the foregoing objections, Cricket will not produce documents in response to this

20   request.

21   **REQUEST FOR PRODUCTION NO. 57:**

22       All documents concerning the preservation of documents and information relevant to the

23   allegations in the First Amended Class Action Complaint, including, but not limited to, litigation

24   holds and non-privileged communications regarding preservation. This Request extends up to the

25   present.

26   **RESPONSE TO REQUEST NO. 57:**

27       Cricket objects to this request to the extent the scope of this request would include

28   information protected by the attorney-client privilege or the attorney work product

1   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

2   attorney-client privilege or the attorney work product doctrine, but will identify those documents

3   withheld on a privilege log. Cricket objects to this request on the ground that its demand for "all

4   documents" is vague and overbroad on its face. Cricket further objects to this request on the

5   grounds that it demands the production of documents that are not relevant to the claims or

6   defenses in this action. The burden associated with identifying and producing such documents is

7   disproportionate to the needs of the case. Cricket further objects to this request on the grounds

8   that it pertains to the preservation of documents and information before this action was filed or

9   reasonably anticipated

10       Based on the foregoing objections, Cricket will not produce documents in response to this

11   request.

12   **REQUEST FOR PRODUCTION NO. 58:**

13       Documents concerning Cricket's contract(s) with Sprint.

14   **RESPONSE TO REQUEST NO. 58:**

15       Cricket will make a reasonable effort to search for and produce contracts with Sprint, if

16   any, concerning roaming on Sprint's 4G LTE network.

17       Cricket objects to this request to the extent the scope of this request would include

18   information protected by the attorney-client privilege or the attorney work product

19   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

20   attorney-client privilege or the attorney work product doctrine, but will identify those documents

21   withheld on a privilege log.  Cricket objects to this request on the grounds that it is overbroad and

22   demands the production of documents that are irrelevant to the claims or defenses in this action.

23   Except as otherwise stated in these specific responses and objections, Cricket does not anticipate

24   withholding any relevant non-privileged documents in its possession, custody, or control

25   responsive to this request.

26   **REQUEST FOR PRODUCTION NO. 59:**

27       Correspondence related to any and all wholesale agreement(s) between Cricket and Sprint.

28

1   **RESPONSE TO REQUEST NO. 59:**

2          Cricket will make a reasonable effort to search for and produce contracts with Sprint, if

3   any, concerning roaming access for Cricket's customers on Sprint's 4G LTE network.

4          Cricket objects to this request to the extent the scope of this request would include

5   information protected by the attorney-client privilege or the attorney work product

6   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

7   attorney-client privilege or the attorney work product doctrine, but will identify those documents

8   withheld on a privilege log.  Cricket objects to this request on the grounds that it is overbroad and

9   demands the production of documents that are irrelevant to the claims or defenses in this action.

10  Cricket objects to this request to the extent that the term "wholesale agreement" is vague and

11  ambiguous. Except as otherwise stated in these specific responses and objections, Cricket does

12  not anticipate withholding any relevant non-privileged documents in its possession, custody, or

13  control responsive to this request.

14  **REQUEST FOR PRODUCTION NO. 60:**

15         Documents concerning Sprint's 4G LTE network.

16  **RESPONSE TO REQUEST NO. 60:**

17         Cricket objects to this request to the extent the scope of this request would include

18  information protected by the attorney-client privilege or the attorney work product

19  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

20  attorney-client privilege or the attorney work product doctrine, but will identify those documents

21  withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

22  overbroad on its face. Cricket further objects to this request on the grounds that it demands the

23  production of documents that are not relevant to the claims or defenses in this action. The burden

24  associated with identifying and producing such documents is disproportionate to the needs of the

25  case.

26         Based on the foregoing objections, Cricket will not produce documents in response to this

27  request.

28

**REQUEST FOR PRODUCTION NO. 61:**

Documents related to meetings of Cricket Shareholders including, but not limited to, the location of the meetings, calendar invitations or notifications for the meetings, agendas, minutes, handouts, presentations, resolutions, and communications.

**RESPONSE TO REQUEST NO. 61:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to this request on the ground that it is vague and overbroad on its face. Cricket further objects to this request on the grounds that it demands the production of documents that are not relevant to the claims or defenses in this action. The burden associated with identifying and producing such documents is disproportionate to the needs of the case.

Based on the foregoing objections, Cricket will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 62:**

Documents sufficient to identify the sales volume of each specific phone and service plan sold, broken down by store and zip code.

**RESPONSE TO REQUEST NO. 62:**

Cricket will make a reasonable effort to search for and produce documents sufficient to identify Cricket 4G LTE sales volumes by specific phones and service plans sold, including the associated market, that operated on Cricket's 4G LTE network prior to the changeover to the AT&T 4G LTE network.

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents

withheld on a privilege log.  Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 63:**

All earnings call transcripts from earnings calls *during the Relevant Time Period.*

**RESPONSE TO REQUEST NO. 63:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine.  Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to this request on the ground that it is vague and overbroad on its face. Cricket further objects to this request on the grounds that it demands the production of documents that are not relevant to the claims or defenses in this action. The burden associated with identifying and producing such documents is disproportionate to the needs of the case.

Based on the foregoing objections, Cricket will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 64:**

All earnings reports, including drafts, prepared or released *during the Relevant Time Period.*

**RESPONSE TO REQUEST NO. 64:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine.  Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to this request on the ground that it is vague and overbroad on its face. Cricket further objects to this request on the grounds that it demands the production of documents that are not relevant to the claims or defenses in this action. The burden

1  associated with identifying and producing such documents is disproportionate to the needs of the

2  case.

3      Based on the foregoing objections, Cricket will not produce documents in response to this

4  request.

5  **REQUEST FOR PRODUCTION NO. 65:**

6      All documents, including but not limited to presentations and pitch decks, related to

7  potential mergers and/or acquisitions of or by Cricket *during the Relevant Time Period.*

8  **RESPONSE TO REQUEST NO. 65:**

9      Cricket objects to this request to the extent the scope of this request would include

10 information protected by the attorney-client privilege or the attorney work product

11 doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

12 attorney-client privilege or the attorney work product doctrine, but will identify those documents

13 withheld on a privilege log. Cricket objects to this request on the ground that it is vague and

14 overbroad on its face. Cricket further objects to this request on the ground that the term "pitch

15 decks" is vague and ambiguous. Cricket further objects to this request on the grounds that it

16 demands the production of documents that are not relevant to the claims or defenses in this action.

17 The burden associated with identifying and producing such documents is disproportionate to the

18 needs of the case.

19      Based on the foregoing objections, Cricket will not produce documents in response to this

20 request.

21 **REQUEST FOR PRODUCTION NO. 66:**

22     All statements made by any Plaintiff related to this litigation and/or the subject matter of

23 this litigation.

24 **RESPONSE TO REQUEST NO. 66:**

25     Cricket will make a reasonable effort to search for and produce documents, if any,

26 responsive to this request through the application of negotiated search terms.

27     Cricket objects to this request to the extent the scope of this request would include

28 information protected by the attorney-client privilege or the attorney work product

1   doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

2   attorney-client privilege or the attorney work product doctrine, but will identify those documents

3   withheld on a privilege log.  Cricket objects to this request on the grounds that it demands the

4   production of documents that are not in Cricket's possession, custody, or control. Except as

5   otherwise stated in these specific responses and objections, Cricket does not anticipate

6   withholding any relevant non-privileged documents in its possession, custody, or control

7   responsive to this request.

8   **REQUEST FOR PRODUCTION NO. 67:**

9        All filings Cricket made with the Securities and Exchanges Commission, including all

10  attachments to and documents incorporated into those filings, *during the Relevant Time Period.*

11  **RESPONSE TO REQUEST NO. 67:**

12       Cricket objects to this request to the extent the scope of this request would include

13  information protected by the attorney-client privilege or the attorney work product

14  doctrine.  Cricket does not waive such privilege and will not produce documents protected by the

15  attorney-client privilege or the attorney work product doctrine, but will identify those documents

16  withheld on a privilege log. Cricket objects to this request on the grounds that it demands the

17  production of documents that are not in Cricket's possession, custody, or control. Cricket further

18  objects to this request on the ground that it is vague and overbroad on its face. Cricket further

19  objects to this request on the ground that it demands the production of documents that are not

20  relevant to the claims or defenses in this action. The burden associated with identifying and

21  producing such documents is disproportionate to the needs of the case.

22       Based on the foregoing objections, Cricket will not produce documents in response to this

23  request.

24  **REQUEST FOR PRODUCTION NO. 68:**

25       All documents related to all accounting audits performed on Cricket, including documents

26  identifying the location of where the audit(s) were performed, *during the Relevant Time Period.*

27

28

**RESPONSE TO REQUEST NO. 68:**

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to this request on the grounds that it demands the production of documents that are not in Cricket's possession, custody, or control. Cricket further objects to this request on the ground that it is vague and overbroad on its face. Cricket further objects to this request on the ground that it demands the production of documents that are not relevant to the claims or defenses in this action. The burden associated with identifying and producing such documents is disproportionate to the needs of the case.

Based on the foregoing objections, Cricket will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to identify all Cricket storefronts (including franchisee storefronts), including but not limited to, documents identifying the location of each storefront and the owner/operator of each storefront.

**RESPONSE TO REQUEST NO. 69:**

Cricket will make a reasonable effort to search for and produce documents, if any, sufficient to identify all Cricket storefronts (including dealer storefronts).

Cricket objects to this request to the extent the scope of this request would include information protected by the attorney-client privilege or the attorney work product doctrine. Cricket does not waive such privilege and will not produce documents protected by the attorney-client privilege or the attorney work product doctrine, but will identify those documents withheld on a privilege log. Cricket objects to the terms "storefronts" and "franchisee storefronts" as vague and overbroad. Except as otherwise stated in these specific responses and objections, Cricket does not anticipate withholding any relevant non-privileged documents in its possession, custody, or control responsive to this request.

1

2
Dated: May 26, 2020

3
                                                    **MAYER BROWN LLP**

4
                                                    By: */s/ Matthew D. Ingber*

5
                                                    *Attorneys for Defendant*
                                                    *Cricket Wireless, LLC*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28