UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

URSULA FREITAS and JAMIE POSTPICHAL,

    Plaintiffs,

v.

CRICKET WIRELESS, LLC,

    Defendant.

No. C 19-7270 WHA

**ORDER RE MOTION FOR CLARIFICATION**

## INTRODUCTION

Plaintiffs move for clarification of an order granting class certification. *First*, plaintiffs request us to clarify that plaintiffs' counsel, Wagstaff & Cartmell LLP and Gupta Wessler PLLC, is appointed counsel for the class. *Second*, plaintiffs request us to clarify that, if defendant seeks to exclude any class members based on arbitration agreements, defendant must move to compel arbitration as to those class members.

To the extent stated herein, plaintiffs' motion for clarification is **GRANTED**.

## STATEMENT

In this RICO action, plaintiffs claim that defendant, a cellular service provider, advertised 4G service and sold 4G-capable phones in markets where defendant did not provide 4G coverage. Thus, plaintiffs allege that they and the class members were harmed because they

paid for 4G phones and coverage, but they received only 3G coverage, which was slower and cheaper than 4G coverage.

Yet defendant claims that certain customers are subject to arbitration agreements that prevent them from participating in the class. Defendant provides four means by which class members could be bound to arbitrate:

> (1) Prior to and through May 2014, defendant included a "Quick Start Guide" booklet inside phone boxes, which included an arbitration provision.
>
> (2) From May 2014 onward, defendant included a "Terms and Conditions" booklet inside phone boxes, which included an arbitration provision.
>
> (3) On May 22, 2014, defendant sent all of its 3.4 million customers a text message that warned about defendant's arbitration agreement, which was retroactive. The text message included a link to defendant's Terms and Conditions. Defendant thereafter sent, on five separate occasions, an identical text message to customers who did not receive the initial text message.
>
> (4) After May 2017, each customer who activated a new line of service and each person who opened a new account with defendant executed an electronic signature to accept defendant's terms of service, including a retroactive arbitration clause.

(Dkt. No. 195 at 19; Dkt. No. 198, Blandino Decl. ¶ 2).

The text message of May 22, 2014 read:

> See Cricket's updated Terms and Conditions of Service, which includes your agreement to dispute resolution through binding individual arbitration instead of jury trials or class actions at http://mycrk.it/1km1TEn.

(Dkt. No. 50-1, Garcia Decl. ¶ 16).

Plaintiffs moved for class certification. After full briefing and a telephonic hearing, we granted plaintiffs' motion. The order found that defendant's arguments regarding arbitration did not defeat certification. The order certified the following class:

> All persons in the United States with a customer address in a geographic market with no Cricket 4G/LTE network coverage who between November 1, 2012 and September 30, 2014, purchased from Cricket a 4G/LTE monthly plan for service on LegacyCricket's network, or later activated a 4G/LTE plan with the device for service on Legacy Cricket's network.

2

(Dkt. No. 298 at 19). But the order excluded certain groups from the class, including, but not limited to:

> (1) any Cricket customer who continued to use Cricket [after] receiving the May 22, 2014 text message notification regarding Cricket's arbitration clause;
>
> (2) any Cricket customer who agreed to Cricket's arbitration provision via electronic signature after May 2017;
>
> (3) Any class member that defendant proves is subject to an arbitration agreement.

(*ibid.*). The order did not include specific exclusions regarding arbitration clauses inside phone boxes, stating that determination of those issues would require state-by-state consideration of arbitration laws (*id.* at 18).

The parties dispute the meanings of Exclusion 1 and Exclusion 2 above. Defendant argues that Exclusion 1 excluded all customers who had an account with defendant on May 22, 2014. Similarly, defendant suggests that all customers who opened an account or activated a new phone line after May 2017 were excluded under Exclusion 2. Thus, defendant's position is that it need not file a motion to compel to exclude class members under Exclusion 1 or Exclusion 2.

Further, defendant argues: (a) Exclusion 1 and Exclusion 2 pose individual issues that predominate over common issues; (b) litigating Exclusion 1 and Exclusion 2 would contravene due process; and (c) plaintiffs' motion for clarification is a request for reconsideration that violates Local Rule 7-9.

Plaintiffs argue that the class certification order required defendant to move to compel arbitration to exclude class members under Exclusion 1 and Exclusion 2. Additionally, plaintiffs dispute defendant's assertions that individual issues predominate and that plaintiffs' motion is improper.

## ANALYSIS

### 1. DEFENDANT HAS THE BURDEN OF PROOF ON ARBITRATION ISSUES.

The Federal Arbitration Act states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

3

contract." 9 U.S.C. § 2. "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

### A.  EXCLUSION 1.

Here, regarding Exclusion 1, defendant has the burden of proof to show, under the applicable law, that class members assented to arbitration via the May 22, 2014 text message.

We briefly recount the evidence defendant has provided thus far. Defendant submitted the declaration of Anne-Marie Blandino, who was an employee of defendant in May 2014 (Blandino Decl. ¶ 2). The declaration stated that defendant "sent text messages to approximately 3.4 million legacy Cricket subscribers," which informed the subscribers of defendant's arbitration agreement (*id.* ¶ 5). Further, the deposition of Ms. Blandino stated, "on the message sent on May 22nd, 2014, we sent it to all active Cricket Wireless customers . . ." (Blandino Dep. 38). Both parties, however, stated that there is no list with the names of customers who *received* the May 22, 2014 text message (Dkt. No. 293, Tr. 21). Yet a declarant for defendant stated that defendant has "records pertaining to those Cricket customers who received text messages," and a search of those records shows, at least, that former plaintiff Jermaine Thomas received the May 22, 2014 text message (Garcia Decl. ¶¶ 14–16).

The above evidence alone is not sufficient to exclude class members under Exclusion 1. Defendant must still bring a motion to compel arbitration to prove that class members, under the applicable law, are subject to a valid, written arbitration agreement that encompasses the dispute due to the May 22, 2014 text message.

*At minimum*, defendant must provide the following evidence in support of its motion to compel. *This order does NOT find that this evidence will be sufficient to satisfy defendant's burden of proof as to Exclusion 1*:

- A list showing each person whom defendant purports (1) had an account with defendant on May 22, 2014 and (2) was charged for defendant's services thereafter. The list must include the name, state, and account number of each such individual.

4

- A competent witness to establish, under oath, which customers were charged for defendant's services after May 22, 2014.
- A list showing each person whom it purports (1) had an account with defendant on May 22, 2014 and (2) was NOT charged for defendant's services thereafter. The list must include the name, state, and account number of each such individual.

Although this order acknowledges that there may be millions of such individuals, it is ultimately defendant's burden to prove which class members agreed to arbitrate.

### B. EXCLUSION 2.

As to Exclusion 2, defendant has the burden of proof to show, under the applicable law, that class members are subject to a valid, written arbitration agreement that encompasses the dispute because they agreed to arbitrate via electronic signature after May 2017.

*At minimum*, defendant must provide the below evidence in support of its motion to compel. *This order does NOT find that this evidence will be sufficient to satisfy defendant's burden of proof as to Exclusion 2*:

- A list showing the name, state, and account number of each individual whom it purports agreed to arbitrate via electronic signature after May 2017.

### 2. PLAINTIFFS' MOTION FOR CLARIFICATION IS PROPER.

Contrary to defendant's assertion, plaintiffs have not requested reconsideration here. Plaintiffs ask only that we clarify the prior order to resolve a dispute between the parties. Accordingly, plaintiffs' motion does not present procedural defects under Local Rule 7-9.

If anything, *defendant* has asked us to reconsider the prior order. Defendant argues that the arbitration agreements pose individual issues that predominate over common issues and that litigating the enforceability of the arbitration agreements would contravene due process. But defendant has not asked for leave to move for reconsideration. This is a requirement under Local Rule 7-9(a). Thus, defendant's arguments as to predominance and due process are procedurally improper, and we need not address them here.

### 3. PLAINTIFFS' COUNSEL IS APPOINTED CLASS COUNSEL.

The order granting class certification found plaintiffs' counsel adequate in all respects, and defendant does not object (Opp. 2 n. 1). Thus, plaintiffs' counsel, Wagstaff & Cartmell LLP and Gupta Wessler PLLC, is appointed counsel for the class.

## CONCLUSION

The class certification order required defendant to move to compel arbitration for any class members whom it seeks to exclude from the class. Defendant shall have 21 days from the date of this order to submit its motion to compel arbitration and the necessary supporting evidence described above. Again, this order does not find that such evidence will be sufficient to exclude any class members under the applicable law.

Within 21 days from the date that defendant submits its motion and supporting evidence, plaintiffs shall file their response to defendant's motion to compel arbitration, including with it a list of all persons who remain in the class after removing the class members whom defendant purports are subject to Exclusion 1 and Exclusion 2. The list must include the name, state, and account number of each such person.

Within the same time period, plaintiffs may challenge each individual exclusion from the class. Each exclusion challenge must provide the name, state, and account number of the individual to which it pertains. Each exclusion challenge must state the reason for the challenge.

Plaintiffs' counsel, Wagstaff & Cartmell LLP and Gupta Wessler PLLC, is **APPOINTED** counsel for the class.

**IT IS SO ORDERED.**

Dated: December 17, 2021.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE