SIDLEY AUSTIN LLP
David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

MAYER BROWN LLP
Archis A. Parasharami (SBN 321661)
aparasharami@mayerbrown.com
Kevin S. Ranlett (*pro hac vice*)
kranlett@mayerbrown.com
Daniel E. Jones (*pro hac vice*)
djones@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorneys for Defendant*
*Cricket Wireless LLC*

MAYER BROWN LLP
Matthew D. Ingber (*pro hac vice*)
mingber@mayerbrown.com
Jarman D. Russell (*pro hac vice*)
jrussell@mayerbrown.com
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

CROWELL & MORING LLP
Kristin J. Madigan (SBN 233436)
KMadigan@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

CROWELL & MORING LLP
Christopher A. Cole (*pro hac vice*)
CCole@crowell.com
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

*Attorneys for Defendant*
*Cricket Wireless LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| URSULA FREITAS, individual, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRICKET WIRELESS, LLC,<br><br>Defendant. | Case No. 3:19-cv-07270-WHA-AGT<br><br>**DEFENDANT CRICKET WIRELESS LLC'S AGREED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. William H. Alsup |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Cricket Wireless, LLC ("Cricket") respectfully submits this administrative motion to file under seal Exhibits A-F to the declaration of Gary Braxton, Exhibits A-B to the declaration of Joy Ledyard, and Exhibit A to the declaration of Ashish Pradhan filed in support of Cricket's motion to enforce text-message and electronic-signature arbitration agreements of potential class members. These exhibits are lists of confidential information regarding hundreds of thousands of current and former Cricket's customers, including their names and Cricket account numbers. Both plaintiffs and Cricket agree that these exhibits should be filed under seal to protect the privacy of these consumers.

In accordance with the Civil Local Rule 79-5, Cricket is electronically filing the following:

- this administrative motion for leave to file under seal (*id.* 79-5(b), 79-5(c)(1));
- the Declaration of Kevin Ranlett establishing the confidentiality of the documents in question (*id.* 79-5(c)(2));
- redacted versions of each document to be filed under seal (*id.* 79-5(d)(1)(C));
- unredacted versions of those documents (*id.* 79-5(e)); and
- a narrowly-tailored proposed order (*id.* 79-5(c)(3)).

**Discussion**

Under Civil Local Rule 79-5, a party may request leave to file documents under seal when the need to "keep certain judicial records secret" outweighs the "interests of the public" in having access to "public records and documents, including judicial records and documents." *DotStrategy Co. v. Meta Platforms, Inc.*, 2021 WL 5978328, at *1 (N.D. Cal. Nov. 18, 2021) (Alsup, J.). The Ninth Circuit has held that when confidential documents are submitted in connection with a motion that is only "tangentially related to the merits of a case," the need for "public access" to those materials is reduced and the materials may be sealed if there is "good

2

cause" for doing so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-1102 (9th Cir. 2016). That is the case here; Cricket's motion to compel arbitration is only tangentially related to plaintiffs' underlying civil RICO claims. But leave to file the Cricket customers' personal information under seal should be granted even under the higher, "compelling need" standard applicable to requests to seal documents that directly "relate[] to the merits of a case." *Id.* at 1094, 1102.

First, federal and state law require that the names and account numbers of telephone subscribers in Exhibits A-F of the Braxton declaration, Exhibits A-B of the Ledyard declaration, and Exhibit A of the Pradhan declaration be kept confidential. Under federal law, "information that relates to" the "type" or "location" of a "telecommunications service" or that would be "contained in the bills" for that service—such as customer names and account numbers—cannot be disclosed without the customer's consent unless "individual customer identities and characteristics have been removed." 47 U.S.C. § 222(c)m (h)(1)-(2). Indeed, the FCC has ruled that telecommunications providers must keep "personally identifiable information" about customers confidential, including "a consumer's (i) first and last name; (ii) home or other physical address; (iii) email address or other online contact information . . .; and (iv) telephone number[.]" *In re Terracom, Inc. v. Yourtel Am., Inc.*, 29 FCC Rcd. 13325, at *6 (Oct. 24, 2014). California law also bars telephone companies from disclosing "[d]emographic information about individual residential subscribers, or aggregate information from which individual identities and characteristics have not been removed." Cal. Pub. Util. Code § 2981(a)(4).

Second, even apart from these statutes, the Ninth Circuit has held that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The publication of the names and

wireless account numbers of hundreds of thousands of consumers poses risk to those individuals. Not only could this compiled information be used by third parties to invade their privacy, publication would expose them to the risk of identity theft. Courts routinely hold that "compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007); *see also*, *e.g.*, *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (home addresses, phone numbers, and email addresses are sealable); *Rainbow Bus. Solutions v. Merchant Servs., Inc.*, 2013 WL 6734086, at *1 n.3 (N.D. Cal. Dec. 20, 2013) ("customer names, address[,] and telephone numbers" are sealable); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (same for home addresses and financial account numbers).

Moreover, a less restrictive alternative to sealing is not sufficient. *DotStrategy*, 2021 WL 5978328, at *1. The exhibits to be sealed consist of lists of identifying and account information for hundreds of thousands of consumers. The Court's December 17, 2021 Order makes clear that the Court and plaintiffs need this unredacted customer information to adjudicate Cricket's motion to enforce these customers' text-message and electronic-signature arbitration agreements. Dkt. 344 at 1-5. That information cannot be provided without jeopardizing the privacy of these consumers unless it is submitted under seal.

Finally, plaintiffs consent to Cricket's request for leave to file this information under seal in order to protect the privacy of its current and former customers.

4

DEFENDANT CRICKET WIRELESS'S AGREED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL;
CASE NO. 3:19-CV-07270-WHA

**Conclusion**

For these reasons, Cricket requests that Exhibits A-F of the declaration of Gary W. Braxton, Exhibits A-B of the declaration of Joy Ledyard, and Exhibit A of the declaration of Ashish Pradhan be filed under seal.

Dated: January 7, 2022               Respectfully submitted,

                                     **MAYER BROWN LLP**

                                     */s/ Kevin Ranlett*
                                     Kevin Ranlett

                                     Counsel for Defendant
                                     CRICKET WIRELESS, LLC