| | |
|---|---|
| Tyler W. Hudson (*pro hac vice*) | Matthew W.H. Wessler (*pro hac vice*) |
| Eric D. Barton (*pro hac vice*) | Jonathan E. Taylor (*pro hac vice*) |
| Melody R. Dickson (*pro hac vice*) | **GUPTA WESSLER PLLC** |
| Austin Brane (State Bar No. 286227) | 1900 L Street NW, Suite 312 |
| **WAGSTAFF & CARTMELL LLP** | Washington, DC 20036 |
| 4740 Grand Ave., Suite 300 | (202) 888-1741 |
| Kansas City, MO 64112 | matt@guptawessler.com |
| (816) 701-1100 | jon@guptawessler.com |
| thudson@wcllp.com | |
| ebarton@wcllp.com | Jennifer Bennett (State Bar No. 296726) |
| mdickson@wcllp.com | **GUPTA WESSLER PLLC** |
| abrane@wcllp.com | 100 Pine Street, Suite 1250 |
| | San Francisco, CA 94111 |
| | (415) 573-0336 |
| | jennifer@guptawessler.com |

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| URSULA FREITAS, *on behalf of herself and others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>CRICKET WIRELESS, LLC,<br><br>*Defendant*. | Case No. 3:19-cv-07270-WHA<br><br>Hon. William H. Alsup<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF LUIS FUENTES AND GARY BRAXTON OR, IN THE ALTERNATIVE, TO COMPEL THEM AND ANNE-MARIE BLANDINO TO APPEAR AT AN EVIDENTIARY HEARING**<br><br>Date: February 7, 2022<br>Time: 9 a.m. PST |

Plaintiffs have moved to compel half-day depositions of two Cricket fact witnesses that Cricket did not disclose under Rule 26(a) or (e), but from whom Cricket has now submitted declarations in support of its text message theory. Plaintiffs' motion explained that these depositions are necessary to establish that Cricket has submitted false or misleading declarations to this Court.

Cricket's response (a) concedes that the two witnesses have highly relevant information, (b) ignores Plaintiffs' contention that Cricket's witnesses have submitted false and misleading declarations, and (c) confirms that Cricket failed to properly disclose these witnesses under Rule 26. These concessions, alone, warrant granting plaintiffs' motion in this situation.

Indeed, the Ninth Circuit affirmed the exclusion of trial witnesses in a similar situation involving non-disclosure, *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861-64 (9th Cir. 2014), and this Court's standing order provides clear warning to the parties about the consequences of non-disclosure. Standing Order, Alsup, J. at ¶ 35[1] ("To circle back to disclosure, FRCP 26(a) requires certain automatic disclosures and requires them to be made in a timely manner. Under FRCP 37(c), untimely-disclosed materials may not be used at trial or on summary judgment unless the delay in disclosure is 'harmless' or unless 'substantial justification' for the delay is shown.").[2]

Rather than providing any reason for its lack of disclosure, Cricket's response contends that its actions are justified or harmless since the witness's names were disclosed through "incidental discovery," including being mentioned in a deposition, appearing as custodians in document

---

[1] https://www.cand.uscourts.gov/wp-content/uploads/judges/alsup-wha/WHA-Supplemental-CMC-Order.pdf
[2] Thus, the Court would be well within its discretion to strike all of Cricket's declarations that have been submitted by non-disclosed witnesses, including Braxton, Fuentes, Pradhan, and Ledyard.

- 2 -
REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF LUIS FUENTES AND GARY BRAXTON OR, IN THE ALTERNATIVE, TO COMPEL THEM AND ANNE-MARIE BLANDINO TO APPEAR AT AN EVIDENTIARY HEARING; CASE NO. 3:19-CV-07270-WHA

productions, and appearing in documents. (Response at 5-9). Following this standard devised by Cricket, however, there are dozens and dozens of witnesses that Cricket could avoid identifying in its Rule 26 disclosures, but then later ambush plaintiffs with at trial.[3] Plaintiffs would be left guessing who to depose. The Ninth Circuit has expressly rejected Cricket's line of reasoning, explaining why incidental disclosure is not sufficient:

> The rule places the disclosure obligation on a "party." That another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations. An adverse party should not have to guess which undisclosed witnesses may be called to testify. We—and the Advisory Committee on the Federal Rules of Civil Procedure—have warned litigants not to "'indulge in gamesmanship with respect to the disclosure obligations'" of Rule 26. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 n. 3 (9th Cir. 1994) (quoting Fed. R. Civ. P. 26 advisory committee's note (1993 amend.)). The record shows that the district court did not abuse its discretion when it concluded that [defendant]'s attempt to obfuscate the meaning of Rule 26(a) was just this sort of gamesmanship.

*Ollier*, 768 F.3d at 863. Since *Ollier*, courts in this district have rejected the contention that incidental disclosure is sufficient to make a party's non-disclosure substantially justified or harmless. *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST, 2021 WL 1232451, at *2 (N.D. Cal. Mar. 31, 2021); *In re Twitter Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 485547, at *3 (N.D. Cal. Jan. 30, 2020).

Much like in *Ollier*, Cricket's response reveals its gamesmanship as to fact witness Luis Fuentes. Cricket concedes that he was "more knowledgeable about the text-messaging campaigns," Response at 5, yet Cricket did not list him in its Rule 26 disclosures or identify him as Cricket's Rule 30(b)(6) witness designated to testify about the text message issue. Instead, Cricket identified Annie-Marie Blandino, an AT&T employee that had no personal knowledge about the text-message

---

[3] There are approximately 800,000 documents produced in this case and more than 70 document custodians.

campaigns or any of the spreadsheets at issue. Doc. 309, at 2, 4-6; Doc. 377 at 6, 8-9. And, that is fine, as this Court's standing order explains: "the disclosure requirements of FRCP 26(a) obligate parties to disclose the documents and witnesses on which they will rely, not documents and witnesses on which they will not rely — no matter how relevant they may be, no matter how adverse they may be." *Ollier*, 768 F.3d at 863. By making that election, however, Cricket was foreclosed from relying on Mr. Fuentes to support its defenses.

Now, however, Cricket has submitted a declaration from Mr. Fuentes to support its arbitration defense, yet Cricket wants to avoid subjecting him to cross-examination. Cricket knows that Mr. Fuentes is likely to provide testimony that is going to directly contradict Ms. Blandino's assertions to this Court. That is gamesmanship that warrants a deposition, especially in this situation where Plaintiffs will show that Cricket is attempting to mislead this Court about its text message evidence. Indeed, Cricket and its counsel have tried to trick the Court into believing that Cricket has official records of text messages sent to nearly all of its customers in May-July 2014. But the truth is that Cricket has records for only one customer: Jermaine Thomas. Instead of being forthright about this fact, Cricket has put together carefully crafted, false and misleading declarations. Plaintiffs have shown and will show that Annie-Marie Blandino misled the Court in her previous declaration, and now months after the close of discovery Cricket has put forth new declarations from her, Luis Fuentes and Gary Braxton making similar assertions that are misleading, at best.

Cricket points out that Plaintiffs canceled Mr. Fuentes' deposition, but Plaintiffs made that calculated decision precisely because Cricket had not disclosed Mr. Fuentes as a potential witness, and Plaintiffs established in Anne-Marie Blandino's deposition that she had no personal knowledge about any of Cricket's text message campaigns. Thus, it was clear that Cricket had no witness with any personal knowledge who could testify about the text message campaigns. Recognizing this fact, Cricket has now submitted new evidence from Mr. Fuentes as a last-ditch attempt to meet its

- 4 -

burden of proof. But Mr. Fuentes' declaration is clearly misleading, as explained in Plaintiffs' motion to compel. At a minimum, Cricket's actions warrant a deposition of Mr. Fuentes. *Ollier*, 768 F.3d at 863.

The situation with Mr. Braxton is similar. While it is true that Cricket submitted several declarations from Mr. Braxton regarding customer data, Cricket never disclosed him as a trial witness that would support its claims or defenses. Also, this Court's prior order clearly stated: "At a minimum, defendant must provide the following evidence in support of its motion to compel." Doc. 344 at 4-5. Yet, Cricket did not submit that information in support of Cricket's motion, and Plaintiffs should have the right to depose Mr. Braxton to confirm that the information does exist. Thus, good cause exists to depose Mr. Braxton as well.

The Court should quickly dispense with Cricket's assertion that Plaintiffs have not been diligent during discovery in this case. The Court need only review the docket to see that Plaintiffs have aggressively and vigorously pursued this litigation. The discovery period lasted 15 months only because Cricket attempted to hide evidence from Plaintiffs and the Court. And, when Plaintiffs finally established Cricket's spoliation of evidence and this Court warned Cricket of the class-wide consequences of its actions, then the company and its counsel conveniently "discovered" massive amounts of responsive data and custodial files that were never produced. *See generally* Doc. 192, 288, and 299. This situation follows a similar pattern of gamesmanship. Cricket did not disclose Mr. Fuentes or rely on his testimony until it had no other choice. Now, it blames Plaintiffs for not deposing Mr. Fuentes sooner. The Court should see through Cricket's baseless arguments and grant the motion to compel these two depositions. The Court should also make it clear to Cricket and its counsel that the Court will not tolerate Cricket's efforts to rely on evidence and witnesses that have not been previously produced or properly disclosed.

# CONCLUSION

For good cause shown, the Court should grant Plaintiffs' motion. The Court has currently scheduled this motion for a telephonic hearing on Monday, February 7, 2022, at 9:00 a.m. Doc. 384. Plaintiffs' brief in opposition to Cricket's motion to compel arbitration is due on February 11, 2022. Doc. 380. Thus, given the compressed timing, Plaintiffs respectfully request that the Court order Cricket to make Mr. Fuentes and Mr. Braxton available for a deposition on the afternoon of February 7, February 8, or February 9, so that Plaintiffs can use this testimony in opposition to Cricket's motion.

Dated: January 31, 2022

Respectfully submitted,

/s/ *Tyler W. Hudson*
Tyler W. Hudson

**GUPTA WESSLER PLLC**
Matthew W.H. Wessler (*pro hac vice*)
Jonathan E. Taylor (*pro hac vice*)
2001 K Street NW, Suite 850 North
Washington, DC 20006
(202) 888-1741
matt@guptawessler.com
jon@guptawessler.com

**GUPTA WESSLER PLLC**
Jennifer Bennett, SBN 296726
Neil K. Sawhney, SBN 300130
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 573-0336
jennifer@guptawessler.com
neil@guptawessler.com

*Attorneys for Plaintiffs*

**WAGSTAFF & CARTMELL LLP**
Tyler W. Hudson (*pro hac vice*)
Eric D. Barton (*pro hac vice*)
Melody R. Dickson (*pro hac vice*)
Austin Brane, SBN 286227
4740 Grand Ave., Suite 300
Kansas City, MO 64112
(816) 701-1100
thudson@wcllp.com
ebarton @wcllp.com
mdickson@wcllp.com
abrane@wcllp.com

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF LUIS FUENTES AND GARY BRAXTON OR, IN THE ALTERNATIVE, TO COMPEL THEM AND ANNE-MARIE BLANDINO TO APPEAR AT AN EVIDENTIARY HEARING; CASE NO. 3:19-CV-07270-WHA