UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

URSULA FREITAS and JAMIE POSTPICHAL,

    Plaintiffs,

v.

CRICKET WIRELESS, LLC,

    Defendant.

No. C 19-7270 WHA

**ORDER GRANTING MOTION TO SEAL**

    Defendant seeks to maintain under seal several exhibits filed in response to a prior order regarding defendant's motion to compel arbitration (Dkt. No. 370).

    The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right is justified by the interests of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

    "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as

the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178–79 (cleaned up).

"What constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

The compelling reasons standard applies to sealing of documents relating to motions for class certification and summary judgment because those motions are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. The compelling reasons standard applies to most judicial records. *Id.* at 1098. But a good cause standard applies to sealing of documents that are unrelated or only tangentially related to the underlying cause of action. *Ibid.* "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

"A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civ. L. R. 79-5(a). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L. R. 79-5(c).

Here, this order finds that defendant's motion to compel arbitration is only tangentially related to the underlying cause of action because determination of the arbitrability issues will not affect plaintiffs' RICO claims (Dkt. No. 313). *See AT & T Techs. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) ("[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims."). Thus, the good cause standard applies to defendant's motion to seal.

Moreover, this order finds good cause to seal Exhibit A to the declaration of Gary Braxton and Exhibits 1–7 to the declaration of Ashish Pradhan.  The exhibits contain sensitive personal information about the class members, including full names, states of residence, and account numbers for services with defendant.  The private information within the exhibits could be used for improper purposes.  *See Collins v. Golden Gate Bell, LLC*, No. 18-CV-06297-NC, 2019 WL 2523571, at *5 (N.D. Cal. June 19, 2019) (Judge Nathanael M. Cousins*)*; *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 9185001, at *3 (N.D. Cal. May 6, 2016) (Judge Jon S. Tigar); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (Judge Martin J. Jenkins).

Furthermore, the names and account information of the class members are necessary to determine whether the class members consented to arbitration.  Thus, redacting such information is not an alternative to sealing the exhibits here.  For the foregoing reasons, defendant's motion to seal is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  February 14, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3