Tyler W. Hudson (*pro hac vice*)
Eric D. Barton (*pro hac vice*)
Melody R. Dickson (*pro hac vice*)
Austin Brane (State Bar No. 286227)
**WAGSTAFF & CARTMELL LLP**
4740 Grand Ave., Suite 300
Kansas City, MO 64112
(816) 701-1100
*thudson@wcllp.com*
*ebarton @wcllp.com*
*mdickson@wcllp.com*
*abrane@wcllp.com*

Matthew W.H. Wessler (*pro hac vice*)
Jonathan E. Taylor (*pro hac vice*)
**GUPTA WESSLER PLLC**
1900 L Street NW, Suite 312
Washington, DC 20036
(202) 888-1741
*matt@guptawessler.com*
*jon@guptawessler.com*

Jennifer Bennett (State Bar No. 296726)
**GUPTA WESSLER PLLC**
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 573-0336
*jennifer@guptawessler.com*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| URSULA FREITAS, *on behalf of herself and others similarly situated*, <br><br> *Plaintiffs*, <br><br> v. <br><br><br> CRICKET WIRELESS, LLC, <br><br> *Defendant*. | Case No. 3:19-cv-07270-WHA <br><br> Hon. William H. Alsup <br><br> **PLAINTIFFS' SUPPLEMENTAL FILING IN RESPONSE TO THE COURT'S DECEMBER 17, 2021 ORDER** |

## I.  Plaintiffs' Class Member Lists

As a supplemental response to the Court's December 17, 2021 Order, Plaintiffs and the class submit the following lists of class members requested by the Court:

(1)  Customers in the class following the Court's January 20, 2022 Order (Exhibit A);

(2)  Customers who *would be* in the class if the Court grants Defendant's motion *only* on Exclusion 1 based on text message communications (Exhibit B);

(3)  Customers who *would be* in the class if the Court grants Defendant's motion *only* on Exclusion 2 based on electronic signatures (Exhibit C); and

(4)  Customers who *would be* in the class if the Court grants Defendant's motions on both Exclusion 1 (text messages) and Exclusion 2 (electronic signatures) (Exhibit D).

Plaintiffs and the class submit these lists based on the data produced by Defendant which was only recently been made available to Plaintiffs' counsel.  Cricket has not produced comprehensive arbitration opt-out data for all class members; thus, any class members that opted out of arbitration in relationship to Cricket's text message and electronic signature arguments would remain in the class *in addition to* the individuals listed on the enclosed exhibits.

As detailed in these lists, in addition to the named plaintiff Ursula Freitas, the class consisted of 486,807 absent class members as of December 17, 2021.  Following the Court's order of January 20, 2022, Cricket filed an exclusion list that contained 134,510 absent class member names (and one name that was a duplicate listed twice).  Thus, following the Court's January 20th Order, 352,297 absent class members remained. *See* Exhibit A.  If the Court grants the motion as to the text message theory, there will be 76,408 absent class members remaining.  *See* Exhibit B.  If the Court grants the motion as to the electronic signatures, there will be 340,607 absent class members remaining.  *See* Exhibit C.  If the Court grants the motion as to both exclusions, there will be 71,873 absent class members remaining.  *See* Exhibit D.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    Procedural History

The Court's December 17, 2021 Order directed Plaintiffs' counsel to produce "a list of all persons who remain in the class after removing the class members whom defendant purports are subject to Exclusion 1 [text messages] and Exclusion 2 [electronic signatures]" including "the name, state, and account number of each such person." At that time, there were 486,808 unique customers in the class, but Cricket had not released to Plaintiffs' counsel the names of any of those class members.

Thereafter, Plaintiffs' counsel received two data sets from Cricket. On December 23, 2021, Cricket produced a spreadsheet with never-before-seen customer data organized by device purchase ("Production 61"). Then, on January 7, 2022, Cricket filed its Motion to Enforce Text-Message and Electronic-Signature Arbitration Agreements of Potential Class Members. Dkt. 348. Cricket attached, as exhibits, data sets related to the class members; but none of those data sets mirrored the data released to Plaintiffs' counsel in Production 61. *See, e.g.*, Dkt. 353-1. Production 61 was organized by device purchase (559,766 data rows) whereas Cricket's exhibits were organized by unique class member (486,808 data rows). And Cricket's exhibits did not include each customer's dates of service, which were necessary to produce the lists contemplated by the Court's December 17, 2021 Order. These inconsistencies precluded an apples-to-apples comparison through purely automated means.

Although Plaintiffs' counsel conferred with Cricket's counsel about the production of a single data set that included all necessary criteria for class member inclusion (or exclusion), Cricket never produced a master file with the necessary information. As a result, Plaintiffs' counsel was forced to manually compare and/or create unique coding crosschecks for hundreds of thousands of lines of data to determine whether Plaintiffs agreed or disagreed with Cricket's proposed exclusion lists. This task was further complicated by the fact that Cricket clawed back Production 61 – containing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

necessary data points on dates of service – on February 11, 2022 (the day Plaintiffs' response in opposition was due to Cricket's Motion to Enforce Text-Message and Electronic-Signature Arbitration Agreements of Potential Class Members) and did not reproduce that data until March 9, 2022.

In the interim, the Court also issued an Order on Cricket's earlier filed Motion to Compel Arbitration of Class Members premised on Cricket's Quick Start Guide. Dkt. 313 (Motion), Dkt. 370 (Order).  On February 10, 2022, Cricket filed an exclusion list in connection with the Court's Order on that motion identifying 134,511 customers excluded from the class based on the Court's Order.  Dkt. 393.

### III.    Conclusion

After having an opportunity to assess the exclusions produced by Defendant on February 10, 2022, and after reviewing Cricket's data and its submission lists to the Court, Plaintiffs do not make any individual challenges to the absent class member exclusion lists Cricket has filed.  Instead, it is Plaintiffs' contention that no additional absent class members should be excluded from the class for the same common reasons that apply universally to everyone currently in the class. Thus, the parties appear to be in agreement as to which absent members would be included and excluded from the class based on the Court's rulings.[1]

---

[1] Cricket appears to have improperly included named Plaintiff and class representative Ursula Freitas on its exclusion lists but never moved to compel her to arbitration prior to class certification. Instead, Cricket moved to dismiss Freitas' claims on the merits under Rule 12(b)(6) prior to class certification and conceded at class certification that she was a member of the class. Never has Cricket argued or alleged that Freitas was subject to arbitration. Thus, Cricket long ago waived any arbitration arguments it may have had as to Ms. Freitas, and she should not be part of the exclusion process related to absent class members. *See* Dkt. 370 ("This Order finds that it may exclude from the class definition absent class members who are likely subject to arbitration, but those excluded persons will still be free to bring suit later and litigate arbitrability issues individually. Thus, ruling on the motion to compel arbitration will help fine tune the class.").

SUPPLEMENTAL FILING IN RESPONSE TO THE COURT'S DECEMBER 17, 2021 ORDER;
CASE NO. 3:19-CV-07270-WHA

Dated: March 23, 2022

Respectfully submitted,

/s/ *Tyler W. Hudson*
Tyler W. Hudson

**GUPTA WESSLER PLLC**
Matthew W.H. Wessler (*pro hac vice*)
Jonathan E. Taylor (*pro hac vice*)
2001 K Street NW, Suite 850 North
Washington, DC 20006
(202) 888-1741
*matt@guptawessler.com*
*jon@guptawessler.com*

**GUPTA WESSLER PLLC**
Jennifer Bennett, SBN 296726
Neil K. Sawhney, SBN 300130
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 573-0336
*jennifer@guptawessler.com*
*neil@guptawessler.com*

*Attorneys for Plaintiffs*

**WAGSTAFF & CARTMELL LLP**
Tyler W. Hudson (*pro hac vice*)
Eric D. Barton (*pro hac vice*)
Melody R. Dickson (*pro hac vice*)
Austin Brane, SBN 286227
4740 Grand Ave., Suite 300
Kansas City, MO 64112
(816) 701-1100
*thudson@wcllp.com*
*ebarton @wcllp.com*
*mdickson@wcllp.com*
*abrane@wcllp.com*

SUPPLEMENTAL FILING IN RESPONSE TO THE COURT'S DECEMBER 17, 2021 ORDER;
CASE NO. 3:19-CV-07270-WHA