UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

URSULA FREITAS and JAMIE POSTPICHAL,

    Plaintiffs,

v.

CRICKET WIRELESS, LLC,

    Defendant.

No. C 19-7270 WHA

**ORDER GRANTING MOTION TO SEAL**

    Plaintiffs seek to maintain under seal several exhibits filed in response to a prior order. For the reasons that follow, and to the extent stated herein, plaintiffs' motion is **GRANTED**.

    The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right is justified by the interests of citizens in keeping a watchful eye on the workings of public agencies." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

    "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as

the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178–79 (cleaned up).

"What constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

The compelling reasons standard applies to sealing of documents relating to motions for class certification and summary judgment because those motions are "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. The compelling reasons standard applies to most judicial records. *Id.* at 1098. But a good cause standard applies to sealing of documents that are unrelated or only tangentially related to the underlying cause of action. *Ibid.* "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

"A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civ. L. R. 79-5(a). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L. R. 79-5(c).

Here, the exhibits plaintiffs seek to seal were filed in response to an order granting a motion for clarification (Dkt. No. 408, Exhs. A–D). This order finds that the motion for clarification was only tangentially related to the underlying claims because the motion had no effect on plaintiffs' RICO claims. Thus, the good cause standard applies.

Moreover, this order finds good cause to seal the exhibits. The exhibits contain sensitive personal information about the class members, including account numbers for services with defendant. The private information within the exhibits could be used for improper purposes. *See Collins v. Golden Gate Bell, LLC*, No. 18-CV-06297-NC, 2019 WL 2523571, at *5 (N.D. Cal. June 19, 2019) (Judge Nathanael M. Cousins*); Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 9185001, at *3 (N.D. Cal. May 6, 2016) (Judge Jon S. Tigar); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (Judge Martin J. Jenkins).

This order finds, however, that redacting the exhibits is an alternative to sealing. All account numbers shall be redacted. But the names and resident states of the class members shall not be redacted because the public and, indeed, class members have a right to know such information. For the foregoing reasons, and to the extent stated herein, plaintiffs' motion to seal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 31, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE