UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE POSTPICHAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CRICKET WIRELESS, LLC,<br><br>Defendant. | Case No. 19-cv-07270-WHA (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 403 |

On December 23, 2021, Cricket produced a spreadsheet containing unredacted addresses and cellphone numbers for Cricket customers who plaintiffs contended were members of the certified class. The spreadsheet was designated confidential and is subject to the terms of the parties' stipulated protective order (Dkt. 71). Cricket now says the customer addresses and cellphone numbers in the spreadsheet were "inadvertently produced" and must be destroyed because such information is "immune from disclosure under federal and state privacy laws." Dkt. 403 at 4 (citing 47 U.S.C. § 222 and Cal. Pub. Util. Code § 2891(a)(4)). Cricket also claims that plaintiffs' counsel—whom Judge Alsup has appointed to represent the certified class—have identified no legitimate need for the customer addresses and cellphone numbers at issue. The Court disagrees.

First, the Court agrees with plaintiffs that "[c]omplete customer records are plainly relevant at this stage of the case because plaintiffs' counsel is now class counsel and charged with protecting the rights of the certified class and challenging Cricket's attempts to remove customers from the certified class." Dkt. 403 at 3; *see* Dkt. 344 (order confirming appointment of plaintiffs' counsel as class counsel and providing that "plaintiffs may challenge each individual exclusion from the class").

Second, the two privacy statutes Cricket cites, 47 U.S.C. § 222 and Cal. Pub. Util. Code § 2891(a)(4), both authorize disclosure of the disputed customer information upon court order. *See ICG Commc'ns, Inc. v. Allegiance Telecom*, 211 F.R.D. 610 (N.D. Cal. 2001) (ordering disclosure of customer proprietary network information, subject to "attorney eyes only" protective order, because court-ordered discovery falls within exception under 47 U.S.C. § 222(c)(1) for disclosures "required by law"); *McArdle v. AT & T Mobility LLC*, No. 09-cv-01117-CW (MEJ), 2010 WL 1532334, at *6 (N.D. Cal. Apr. 16, 2010) (overruling defendant telecommunication companies' objections and compelling disclosure of subscriber phone numbers prior to class certification; finding that Cal. Pub. Util. Code § 2891 "does not prohibit the disclosure of Defendants' customers' contact information under a court order, and there is no requirement that the Court require an affirmative waiver from any such persons"). Cricket's contention to the contrary, that these statutes "protect such information from *any* disclosure without the express consent of the customers," is rejected. Dkt. 403 at 5.

Finally, the parties' stipulated protective order provides sufficient protection for customer information produced to class counsel as confidential. While Cricket speculates that plaintiffs' counsel "seek the information so that they can solicit excluded class members to file arbitrations against Cricket," *id.* at 4, the protective order expressly provides that materials designated confidential may be used "only for prosecuting, defending, or attempting to settle *this* litigation," Dkt. 71 § 7.1 (emphasis added). *See O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2017 WL 3782101, at *6 (N.D. Cal. Aug. 31, 2017) (finding that a similarly worded protective order prohibited class counsel from "using the protected class list to solicit retainer agreements for individual arbitration proceedings outside of *this* litigation"); *see also Lou v. Ma Lab'ys, Inc.*, No. 12-cv-05409-WHA (NC), 2013 WL 12328278, at *1 (N.D. Cal. Mar. 28, 2013) (granting plaintiffs' motion to compel contact information of putative class members and rejecting defendants' "unsubstantiated allegations of improper solicitation of class members by plaintiffs' counsel," noting that "[i]f such allegations are true, defendants will have the opportunity to raise

the issue, with briefing and *factual evidence*, to Judge Alsup") (emphasis added).[1]

\* \* \*

Cricket's request that plaintiffs be required to destroy the customer addresses and cellphone numbers at issue is denied.

**IT IS SO ORDERED.**

Dated: April 12, 2022

ALEX G. TSE
United States Magistrate Judge

---

[1] To the extent Cricket takes issue with the wording of plaintiffs' proposed notice to excluded class members, it may raise that issue with Judge Alsup, who will be overseeing such notice.