Tyler W. Hudson (*pro hac vice*)
Eric D. Barton (*pro hac vice*)
Melody R. Dickson (*pro hac vice*)
Austin Brane (State Bar No. 286227)
**WAGSTAFF & CARTMELL LLP**
4740 Grand Ave., Suite 300
Kansas City, MO 64112
(816) 701-1100
thudson@wcllp.com
ebarton@wcllp.com
mdickson@wcllp.com
abrane@wcllp.com

Matthew W.H. Wessler (*pro hac vice*)
Jonathan E. Taylor (*pro hac vice*)
**GUPTA WESSLER PLLC**
2001 K Street NW, Suite 850 N
Washington, DC 20006
(202) 888-1741
matt@guptawessler.com
jon@guptawessler.com

Jennifer Bennett (State Bar No. 296726)
Neil K. Sawhney (State Bar No. 300130)
**GUPTA WESSLER PLLC**
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 573-0336
jennifer@guptawessler.com
neil@guptawessler.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

JAMIE POSTPICHAL, *individually*, and URSULA FREITAS, *on behalf of herself and others similarly situated*,

    Plaintiffs,

v.

CRICKET WIRELESS, LLC,

    Defendant.

Case No. 3:19-cv-07270-WHA

Hon. William H. Alsup

Date: June 23, 2022
Time: 8:00 am
Location: Courtroom 12, 19th Floor
Judge: Hon. William Alsup

# OPPOSITION TO CRICKET'S
# MOTION TO DECERTIFY CLASS

# TABLE OF CONTENTS

Table of authorities ............................................................................................................................. ii

Opposition ............................................................................................................................................ 1

     I.    There is no adequacy problem and this Court should simply amend the class definition. ............................................................................................................. 3

     II.   This Court has already held that Cricket's Daubert challenges are not relevant to class certification. ......................................................................................... 6

Conclusion ........................................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Birmingham Steel Corp. v. Tennessee Valley Authority*,
    353 F.3d 1331 (11th Cir. 2003) ............................................................................................... 6

*Blair v. CBE Group, Inc.*,
    309 F.R.D. 621 (S.D. Cal. 2015) .............................................................................................. 5

*Fishon v. Premier Nutrition Corp.*,
    2022 WL 958378 (N.D. Cal. Mar. 30, 2022) ........................................................................... 6

*Georgia Advocacy Office v. Jackson*,
    2020 WL 1883879 (N.D. Ga. Jan. 7, 2020) ............................................................................. 6

*Guerrero v. Wells Fargo Bank, N.A.*,
    2014 WL 1365462 (N.D. Cal. Apr. 7, 2014) ........................................................................... 5

*Martin v. Yasuda*,
    829 F.3d 1118 (9th Cir. 2016) .................................................................................................. 4

*Newirth by and through Newirth v. Aegis Senior Communities, LLC*,
    931 F.3d 935 (9th Cir. 2019) .................................................................................................... 4

*Pygin v. Bombas, LLC*,
    2021 WL 6496777 (N.D. Cal. Nov. 29, 2021) ........................................................................ 5

*United States v. Alexander*,
    106 F.3d 874 (9th Cir. 1997) .................................................................................................... 7

*United States v. Nelson*,
    2022 WL 1080939 (N.D. Cal. Apr. 11, 2022) ......................................................................... 7

*Wit v. United Behavoral Health*,
    2020 WL 6469764 (N.D. Cal. Nov. 3, 2020) .......................................................................... 5

**Rules**

Fed. R. Civ. P. 23(c)(1)(C) ............................................................................................................. 5

## OPPOSITION

In a last-ditch effort to avoid reaching the merits in this certified RICO class action, Cricket now asks this Court to decertify the class. It gives two reasons for this request. First, it insists that, because an inadvertent oversight in this Court's recent modification of the class definition left the named class representative, Ursula Freitas, outside the scope of the class, she is no longer an adequate class representative. Second, it recycles the same arguments it made at class certification about an alleged mismatch between the plaintiffs' theory of liability and their damages model. These arguments should be summarily rejected. The court-appointed class representative meets the class definition in every way that matters and she is adequate in all respects; and, even if she didn't or wasn't, Cricket would still have no basis to decertify the entire class. Cricket's challenge to the plaintiffs' damages methodology is just as baseless. This Court already rejected Cricket's exact argument in its class-certification order, *see* Dkt. 298 at 18, and Cricket did not file a motion for reconsideration or appeal that issue to the Ninth Circuit in its Rule 23(f) petition. In that order, the Court invited Cricket to raise its challenge to plaintiffs' experts later. That has now happened, *see* Dkt. 311, and that motion is now fully briefed.

This Court should see Cricket's motion to decertify and its motion to stay for what they are: the company's latest attempt to obstruct the prosecution of this case. From the outset, Cricket has filed numerous motions and engaged in conduct designed to conceal the relevant facts and prevent the prosecution of this case as a class action. That began with what this Court recognized was Cricket's "stalwart refusal" to provide any relevant discovery. *See* Dkt. 35 at 9. Cricket then doubled down on that strategy with discovery conduct in this case that forced the plaintiffs to file numerous discovery letters and resulted in substantial evidence of misconduct—misconduct that is the subject of a forthcoming evidentiary hearing before Magistrate Judge Tse—and may subject Cricket to sanctions for spoliation and/or discovery misconduct. *See* Dkts. 208, 241–42, 278, 288, 292, and 299.

This Court should reject Cricket's last-gasp effort to avoid the merits. This case has been pending since November 2019. Discovery is complete and Cricket's merits' motions are fully briefed. As explained in plaintiffs' opposition to Cricket's motion to stay this case, *see* Dkt. 427, this Court has provided Cricket with a full and fair opportunity to raise all of its class-certification challenges—including an attempt at a Rule 23(f) appeal to the Ninth Circuit. That effort failed. This Court's most recent order made clear that "[i]t is time to get to the merits." Dkt. 417 at 17.

But that can't happen until class notice is provided. Cricket has noticed the hearing for these motions for June—one on June 9 and the other on June 23—and suggested that this Court should not approve class notice until after these motions are resolved. *See* Dkt. 420 at 1; Dkt. 423 at 1. Delaying class notice may serve Cricket's interests but it disserves the class. Because Cricket's arguments for decertification and to stay are baseless—and contrary to this Court's recent instruction that it is time to get to the merits—the plaintiffs respectfully request that this Court rule on Cricket's motions without oral argument, so that notice can *finally* be sent out to the class.

In the order denying Cricket's motions to decertify the class and to stay the case, the Court should also approve a form of class notice to be delivered now to the certified class of 338,377 consumers, modify the class definition—as the plaintiffs suggested in the joint class notice, *see* Dkt. 424 at 14—to confirm that Ms. Freitas is still in the class, and set a schedule for the remainder of this case. On timing, the Court should follow the same approach as last time, *see* Dkt. 335, by setting the hearing on Cricket's summary judgment and expert-related motions—for summary judgment (Dkt. 312), to exclude plaintiffs' experts under *Daubert* (Dkt. 311), and to disqualify plaintiffs' expert, Keith Mallinson (Dkt. 310)—on a date right after the opt-out deadline. The Court should also set a class trial this year on a date that is convenient with the Court's calendar. The plaintiffs are also prepared to move forward with the evidentiary hearing before Magistrate Judge Tse now, and this can occur while the class is being provided with notice. The plaintiffs will be prepared to file a motion for sanctions, if

warranted, after the evidentiary hearing occurs so that these issues can also be timely briefed, and there is no delay in the prosecution of this case. In short, the certified class and class counsel are ready, willing, and able to proceed to the merits and to a class trial this year. Cricket's final attempt to avoid the merits should be denied.

## I. There is no adequacy problem and this Court should simply amend the class definition.

Cricket first contends that decertification is warranted because named plaintiff and court-appointed class representative Ursula Freitas no longer fits within the revised class definition. *See* Dkt. 420 at 4-7. When this Court modified the class definition to account for its arbitration-related decisions it had the effect of inadvertently omitting the class representative from the operative definition of the class. *See* Dkt. 417 at 17. Cricket sees this development as an opportunity to decertify the entire certified class of 338,377 consumers. It argues that Ms. Freitas is now "not a member of the class as defined by the Court" and therefore "is not an adequate class representative and cannot continue to serve as the class representative." Dkt. 420 at 6. That is wrong.

*First*, there is no doubt that the omission was inadvertent. Indeed, Cricket does not even contend otherwise. How could it? This Court modified the class definition in response to Cricket's motion to compel arbitration of *absent class members*—not the named representative. *See* Dkt. 313 at 1 (explicitly seeking "an order compelling arbitration of the claims of *absent class members*" and asking the Court to decide "[w]hether the arbitration provisions in Cricket's pre-May 2014 Quick Start Guide and post-May 2014 Terms and Conditions booklets are enforceable under each of the various states' laws applicable to *absent class members* who purchased a Cricket 4G/LTE-enabled device during the class period") (emphasis added).[1] Based on this motion, the Court "modif[ied] the class definition in

---

[1] Cricket bases its decertification effort on this Court's first, January 20, 2022, order modifying the class definition—which excluded certain absent class members who made a purchase before May 18, 2014. *See* Dkt. 420 at 4. It concedes (at 5 n.2) that Ms. Freitas does not "fall within the scope of the Court's April 11, 2022 exclusion order"—the Court's second order excuding certain absent class members from the class. *See* Dkt. 417. Even so, Cricket nevertheless argues (at 5 n.2) that Ms. Freitas

light of the issues raised" and specifically "exclude[d] from the class definition *absent class members who are likely subject to arbitration*" to "help fine tune the class." Dkt. 370 at 1, 6 (emphasis added). But it did not exclude Ms. Freitas, the named class representative, because Cricket's motion did not seek to compel her to arbitration.

Indeed, Cricket has *never* sought to compel Ms. Freitas to arbitration. To the contrary, despite moving to compel arbitration of other named plaintiffs earlier in this case, *see, e.g.*, Dkt. 50, it intentionally waived any right it may have had to similarly force Ms. Freitas into arbitration by litigating her claims on the merits—including seeking dismissal with prejudice for failure to state a claim. *See* Dkt. 213. As the Ninth Circuit has repeatedly explained, a party waives its right to compel arbitration where it "actively litigat[es]" the merits of a case for a prolonged period of time in order "to take advantage of being in []court." *Martin v. Yasuda*, 829 F.3d 1118, 1125-26 (9th Cir. 2016) (holding that parties waived their right to compel arbitration where they spent seventeen months actively litigating their case in federal court, including filing a motion to dismiss "on a key merits issue"); *see also Newirth by and through Newirth v. Aegis Senior Cmtys, LLC*, 931 F.3d 935, 942 (9th Cir. 2019) (waiver occurs when a party seeks "a determination on the merits" in federal court). So it is here.

*Second*, there is no doubt that Ms. Freitas is part of the certified class. At class certification, Cricket did not dispute that Ms. Freitas met the class definition and could proceed individually in court against Cricket. On adequacy, it only argued that, because "many *absent class members* must arbitrate their claims," Ms. Freitas should not be permitted to serve as class representative. Dkt. 195 at 21. This Court rejected that argument and appointed Ms. Freitas as the class representative. In addition to

---

is atypical and inadequate based on that order because she allegedly "accepted Cricket's arbitration agreement via electronic signature." But Ms. Freitas stands in the same position as all the absent class members because Cricket has waived any right it may have had to compel her to arbitration. So neither she, nor any of the remaining absent class members, can be forced into arbitration—not least because this Court has now ordered that "[t]here shall be no more motion practice over the arbitration agreements nor further exclusion from the class." Dkt. 417 at 17.

appointing her as the class representative, this Court explicitly found—and Cricket again does not dispute—that Ms. Freitas's claims are "typical of the class" because she "lived outside Cricket's 4G footprint and bought a 4G phone and plan in order to get faster service she never received." Dkt. 298 at 15–16. Nor does Cricket dispute this Court's finding that she also "shares the same theory of liability with other proposed class members" because she "could have paid for less expensive plans or gone with other carriers but-for Cricket's misleading marketing around 4G coverage." *Id.* at 16. That is all that's necessary to reject Cricket's misguided adequacy argument here.

*Third*, Cricket fundamentally misunderstands the appropriate remedy for an inadvertent oversight like this. Under these circumstances, both Rule 23 and case law confirm that the proper remedy is to simply amend the class definition. *See* Fed. R. Civ. P. 23(c)(1)(C) (instructing that an order granting class certification "may be altered or amended before final judgment"); *Guerrero v. Wells Fargo Bank, N.A.*, 2014 WL 1365462, at *3 (N.D. Cal. Apr. 7, 2014) (modifying class definition where operative definition inadvertently omitted certain conditions); *Blair v. CBE Grp., Inc.*, 309 F.R.D. 621, 624 n.1 (S.D. Cal. 2015) (modifying class definition where operative definition "contained an inadvertent error"); *Wit v. United Behav. Health*, 2020 WL 6469764, at *5 n.5 (N.D. Cal. Nov. 3, 2020) (same); *Pygin v. Bombas, LLC*, 2021 WL 6496777, at *1 n.2 (N.D. Cal. Nov. 29, 2021) (same). This Court should follow this approach here.

*Finally*, given that this Court has already certified a class of 338,377 consumers, decertification would not be the proper remedy even if Cricket's argument had merit. Once a class has been certified, if the class representative is "no longer an adequate or typical representative," the proper course is to "locate a new class representative . . . rather than dismissing or decertifying the class." *Fishon v. Premier Nutrition Corp.*, 2022 WL 958378, at *2 (N.D. Cal. Mar. 30, 2022) (rejecting a defendant's argument that "decertification, not amendment, is the proper course of action"). That is because "a class has a legal status separate from the named plaintiff" that requires a court to "give[] other members of the

class an opportunity to substitute themselves as the class representative" in the event that the class representative has become inadequate. *Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1339 (11th Cir. 2003); *see also Georgia Advoc. Off. v. Jackson*, 2020 WL 1883879, at *4 (N.D. Ga. Jan. 7, 2020) (allowing substitution of class representatives post-certification after claims of class representatives had become moot). It is for this reason that courts have "expressed a preference for plaintiff's counsel to locate a new class representative once the original class representative can no longer carry on their duties, rather than dismissing or decertifying a class." *Fishon*, 2022 WL 958378, at *2. Consistent with this authority, in the event that this Court finds Cricket's argument persuasive it should order class notice to occur now and allow the plaintiffs time to find a substitute to replace the named representative.

## II. This Court has already held that Cricket's Daubert challenges are not relevant to class certification.

Cricket's second argument for decertification is just as improper as the first. Cricket simply recycles the same arguments it made earlier in the class certification phase in its *Daubert* motions to exclude the plaintiffs' experts: that the plaintiffs "do not have a method of calculating damages on a classwide basis that matches their theory of liability." *Compare* Dkt. 420 at 2 *with* Dkts. 194 & 196 at 2 (challenging plaintiffs' experts and arguing that the plaintiffs' experts' methodology is not consistent with the plaintiffs' theory of liability). And, just as before, Cricket argues that, without those experts, common issues do not "predominate over individualized ones." Dkt. 420 at 7; *see, e.g.*, Dkt. 195 at 16 (arguing that, if the experts' reports are excluded, individualized issues will predominate over common ones).

But this Court already squarely ruled that Cricket's expert-based challenges are not relevant to class certification. *See* Dkt. 298 at 18 (declining "to consider the challenges to plaintiffs' experts . . . because their reports are not needed to decide the class certification issue"). It held that "common sense (not the expert reports)" demonstrated why "a feasible classwide method[] of damages

calculations exists in our case." *Id.* at 15. And it explained that the plaintiffs' overcharging theory provided a "clear route to classwide damages" based on "the amount that Cricket overcharged customers based on the actual value of the plans and phones." *Id.* It also rejected Cricket's claims about individualized-damages issues swamping common ones, ruling that any individual class members' variation in damages "based on the type of phone and plan purchased . . . can be discerned from Cricket's internal records and comparisons to non-4G phones and plans." *Id.*

That decision is clearly law of the case. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); *United States v. Nelson*, 2022 WL 1080939, at *1 (N.D. Cal. Apr. 11, 2022). Cricket did not seek reconsideration of this ruling and, although Cricket sought to challenge this Court's class certification decision under Rule 23(f), the Ninth Circuit denied it. This is not the first time that Cricket has tried to relitigate its argument that "individual issues . . . predominate over common issues" without first asking "for leave to move for reconsideration." Dkt. 344 at 5. But this Court has made clear that such an attempt is "procedurally improper" and should not be addressed. *Id.* (rejecting Cricket's attempt to relitigate the question of whether arbitration agreements create a predominance concern). Cricket's attempt to relitigate this issue under the guise of a motion to decertify the class is no less improper and should be rejected.

This Court's class certification order was clear that "[t]he admissibility of final expert reports may be reraised at a later stage." Dkt. 298 at 18. That is exactly what has occurred. After this Court's class certification decision, the parties completed discovery and exchanged final expert reports. The plaintiffs' experts applied a methodology that does exactly what the Court contemplated—it uses a yardstick analysis to calculate the overcharge damages using Cricket's internal records and comparisons to non-4G phones and plans. Dkt. 311-2, Exhs. A & C. Then, as ordered, Cricket filed a motion challenging the admissibility of plaintiffs' expert reports under *Daubert*. Dkt. 311. That motion is now fully briefed, along with Cricket's motion for summary judgment. Thus, as this Court contemplated,

Cricket will have an opportunity to challenge the admissibility of plaintiffs' final expert reports before trial. This Court should reject Cricket's attempt to again push its *Daubert* challenges into class certification. The Court's earlier reasoning was correct, the Ninth Circuit has denied Cricket's Rule 23(f) petition, and this case should now proceed to the merits.

## CONCLUSION

Cricket's motion to decertify the class should be denied. The Court should order notice be delivered to the certified class of 338,377 customers now, set the fully briefed summary judgment and expert-related motions for hearing, and set this case for trial this year.

Dated: May 12, 2022                             Respectfully submitted,

                                                /s/ *Tyler W. Hudson*
                                                Tyler W. Hudson

**GUPTA WESSLER PLLC**                          **WAGSTAFF & CARTMELL LLP**
Matthew W.H. Wessler (*pro hac vice*)           Tyler W. Hudson (*pro hac vice*)
Jonathan E. Taylor (*pro hac vice*)             Eric D. Barton (*pro hac vice*)
2001 K Street NW, Suite 850 N                   Melody R. Dickson (*pro hac vice*)
Washington, DC 20006                            Austin Brane, SBN 286227
(202) 888-1741                                  4740 Grand Ave., Suite 300
matt@guptawessler.com                           Kansas City, MO 64112
jon@guptawessler.com                            (816) 701-1100
                                                thudson@wcllp.com
                                                ebarton @wcllp.com
**GUPTA WESSLER PLLC**                          mdickson@wcllp.com
Jennifer Bennett, SBN 296726                    abrane@wcllp.com
Neil K. Sawhney, SBN 300130
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 573-0336
jennifer@guptawessler.com
neil@guptawessler.com

*Attorneys for Plaintiffs*