SIDLEY AUSTIN LLP
David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Matthew P. Henry (SBN 308878)
mhenry@sidley.com
Jennifer H. Lee (SBN 329079)
jhlee@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

MAYER BROWN LLP
Archis A. Parasharami (SBN 321661)
aparasharami@mayerbrown.com
Kevin S. Ranlett (*pro hac vice*)
kranlett@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

MAYER BROWN LLP
Matthew D. Ingber (*pro hac vice*)
mingber@mayerbrown.com
Jarman D. Russell (*pro hac vice*)
jrussell@mayerbrown.com
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

CROWELL & MORING LLP
Kristin J. Madigan (SBN 233436)
KMadigan@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

CROWELL & MORING LLP
Christopher A. Cole (*pro hac vice*)
CCole@crowell.com
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

*Attorneys for Defendant*
*Cricket Wireless, LLC*

*Attorneys for Defendant*
*Cricket Wireless, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| URSULA FREITAS, individual, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CRICKET WIRELESS, LLC,<br><br>Defendant. | Case No. 3:19-cv-07270-WHA<br><br>**CRICKET'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE CLASS DEFINITION**<br><br>Assigned to: Hon. William Alsup<br><br>Date: July 28, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor |

## INTRODUCTION

In their reply, Plaintiffs argue for the first time that the purpose of their motion is to add to the class those customers who opted out of arbitration when they bought their phones; newly cite four cases they contend support the motion; request a new and different amendment to the class definition; and claim that the motion is not really about waiver despite arguing in the motion that named plaintiff Ursula Freitas should be added to the class because Cricket waived its right to compel her to arbitrate. Each time Cricket refutes Plaintiffs' arguments, Plaintiffs simply change tactics in an attempt to get to the same result: to have Freitas added to the class. None of Plaintiffs' new arguments support amending the class definition to add Freitas as a class member, and the Court should deny Plaintiffs' motion.

## ARGUMENT

### I. There is no dispute that the opt-outs, unlike Freitas, are members of the class.

First, Plaintiffs newly argue in the reply that the purpose of the motion is to revise the class definition to add customers who sent a communication to Cricket opting out of arbitration at the time they made their purchase in 2012-2014 ("the opt-outs"). Reply at 1-2; *see also* Dkt. 370 at 9 (citing Dkt. 199-9, ¶ 10); Opp. at 2. Plaintiffs' new argument is directly contrary to the position they took in the motion, in which they asserted that the only effect of the motion, if granted, would be to include Freitas in the class. *See* Mot. at 5 ("Modifying the class definition will have no impact on the class size other than confirming that Ms. Freitas is a current class member."). In making this new argument, Plaintiffs conflate the opt-outs and Freitas and seek to camouflage the fact that their true objective is to add Freitas to the class. Plaintiffs' proposal to amend the class definition to add "those whom Cricket did not attempt to compel to arbitration," (Reply at 5), has nothing to do with the opt-outs and is targeted solely at Freitas.

Despite Plaintiffs' attempt to now confuse the issue, there is no dispute that the opt-outs are already part of the class. Plaintiffs themselves acknowledged this in the motion. *See* Mot. at 2 ("[T]he parties have exchanged 'an exact list of names of all who are in the class [] versus those who have been excluded.' *The only disagreement is whether Ms. Freitas is still a member of the class*.") (emphasis added, quoting Dkt. 417 at 17); Mot. at 5.

In its January 20, 2022 Order, the Court held that the opt-outs are members of the class. *See* Dkt. 370 at 15. As Cricket noted in its opposition, the Court excluded from the class the following group of individuals:

> All class members who made a purchase prior to May 18, 2014 and who, at the time of purchase, resided in states that follow *ProCD* and *Hill*, namely Delaware, Florida, Illinois, Indiana, Louisiana, Maine, Maryland, New York, Rhode Island, South Dakota, Tennessee, Washington, West Virginia, and Wisconsin, *except for those who opted out of arbitration.*

Dkt. 370 at 15 (emphasis added); Opp. at 2 (quoting Dkt. 370 at 15). Thus, the Court held that the opt-outs are not excluded from the class.

Later in the January 20, 2022 Order, the Court's description of the class did not reference the opt-outs. Dkt. 370 at 15; *see also* Dkt. 417 (Apr. 11, 2022 Order re Motion to Compel Arbitration) at 17 (same). However, given the Court's clear earlier ruling that the opt-outs are part of the class, both parties have consistently treated the opt-outs as class members. Thus, when Cricket submitted a list of the excluded class members to the Court in response to the January 20, 2022 Order, Cricket did not include the opt-outs on the list. *See* Dkt. 393. Plaintiffs agreed with this. *See* Dkt. 408 (Pls.' Supp. Filing) at 4. And when the parties submitted the Joint Proposed Notice Plan to the Court, they agreed that the opt-outs are class members under the Court's January 20, 2022 Order. *See* Dkt. 424 at 12 & Exs. I, J.

All of this is inapplicable to Freitas. There is no dispute that Freitas is not an opt-out and is not a member of the class under the Court's January 20, 2022 Order. Opp. at 2, 3; *see also* Dkt. 370 at 9, 15.

**II.   Plaintiffs' newly-cited cases do not support their request that the Court modify the class definition for the purpose of including Freitas.**

Second, after not citing a single case in the motion that addressed the propriety of modifying a class definition in order to bring a specific individual within its scope, Plaintiffs newly cite four cases they contend support the proposition that it is proper for a court to amend a class definition just to include the named plaintiff in the class. Reply at 2-3 (citing *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1213-15 (6th Cir. 1997); *Arlington Video Prods., Inc. v. Fifth Third Bancorp*, 515 F.

1  App'x. 426, 439 (6th Cir. 2013), *vacated*, 134 S. Ct. 212 (2013); *Falco v. Nissan N. Am. Inc.*, 2016
2  WL 1327474, at *2, *6 (C.D. Cal. Apr. 5, 2016); and *Powell v. Tosh*, 280 F.R.D. 296, 312 (W.D.
3  Ky. Mar. 2, 2012)).

4  None of Plaintiffs' cases support this proposition. On the contrary, in *Arlington Video*
5  *Productions*, the court held that the class definition was too broad—it did not in fact add the named
6  plaintiff or anyone else to the class. 515 F. App'x. at 439.

7  In the other three cases (*Barney*, *Falco*, and *Powell*), the court amended the class definition
8  or proposed class definition in a way that encompassed and applied equally to a broad category of
9  individuals, *not* just the named plaintiff.

10  In *Barney*, the Sixth Circuit modified the class definition *sua sponte* to comprise "all persons
11  who do or will assert that they are applicants for credit under the ECOA [Equal Credit Opportunity
12  Act] from defendant Holzer Clinic by virtue of their participation in the Ohio Medicaid program"
13  (110 F.3d at 1215 (emphasis omitted))—a broad, generally applicable category of people. The circuit
14  court reasoned that both it and the district court found that the named plaintiffs and putative class
15  members were not actually applicants for credit under the ECOA, as would be required for them to
16  prevail, and thus it did not make sense to describe the class members as "applicants for credit." *Id.* at
17  1213. The court explained, "This modification merely brings the formal certification into conformity
18  with the class definition that the parties and the court below believed to have been certified." *Id.* at
19  1215. After modifying the class definition, the circuit court affirmed the district court's dismissal of
20  the case, making the dismissal binding on the absent class members. *Id.* at 1213-15. Thus, far from
21  modifying the class definition in order to add just a specific individual to the class, the court
22  modified the class definition in a way that was broadly applicable to a general category of people
23  and caused the dismissal of the case to be binding on that broad group of people.

24  Similarly, in *Falco*, the court modified the plaintiff's original proposed definition to include
25  not just Washington residents but other individuals who purchased or leased their car in
26  Washington—a broad, generally applicable category of people. 2016 WL 1327474, at *6. Likewise,
27  in *Powell*, the court modified the plaintiff's original proposed definition to include not just current
28  residents but also former residents—again, a broad, generally applicable category of people. 280

F.R.D. at 312.

### III. Plaintiffs' third attempt at proposing a modified class definition that includes Freitas fails, just like Plaintiffs' first two attempts.

Third, Plaintiffs apparently abandon their original two proposals to amend the class definition and instead propose a third amended class definition, not found in the motion. Plaintiffs initially proposed that the Court revise the class definition to include Freitas simply by adding "[t]he class representative and" to the current class definition. Mot. at 5 n.1; Dkt. 424 at 12-14.[1] Plaintiffs' motion then proposed that the Court revise the class definition to add to the class "those whom Cricket chose to litigate against in court instead of attempting to compel to arbitration." Mot. at 6 (emphasis omitted). Instead of defending those two proposals, Plaintiffs now propose that the Court revise the class definition to add to the class "those whom Cricket did not attempt to compel to arbitration." Reply at 5. Plaintiffs' newest proposal is equally improper. It is again a results-oriented attempt to gerrymander the class definition simply to add the named plaintiff to the class. *See* Opp. at 3-6. And it is still not clear and objective as required. Laypersons receiving the class notice still would not be able to determine whether this definition applies to them. *See id.* at 6-8.

### IV. Plaintiffs have abandoned their argument that Freitas should be included in the class because Cricket purportedly waived its right to compel her to arbitration.

Fourth, Plaintiffs completely change positions on the issue of waiver. Plaintiffs' motion argued that the Court should "revise the class definition" because Cricket "has waived any right to compel Ms. Freitas to arbitration." Mot. at 4; *accord* Prop. Order. ISO Mot. at 2. In reply, Plaintiffs claim—with no explanation—that "Cricket is . . . wrong that plaintiffs are using wording to address the concept of waiver." Reply at 5. Plaintiffs proffer no explanation for this claim because there is no explanation: the phrase "those whom Cricket did not attempt to compel to arbitration" is just another way of introducing the legal concept of waiver into the class definition. For the reasons explained in

---

[1] Plaintiffs first made this proposal in the Joint Proposed Notice Plan. Dkt. 424 at 12-14. In their motion, Plaintiffs described this request as an "alternative" solution to the Freitas problem. Mot. at 5 n.1. In their reply, however, Plaintiffs not only abandon their original request but wrongly accuse Cricket of "blatantly mischaracteriz[ing]" Plaintiffs' position by stating that Plaintiffs seek to add only a single person to the class definition, as they previously explicitly requested. *See* Reply at 1; Mot. at 5.

1 | Cricket's opposition, that is improper. Opp. at 7.

2 |     The motion's argument for why Freitas should be included in the class was based on the concept of waiver. Mot. at 3-4; Prop. Order ISO Mot. at 2. Cricket's opposition showed why that was wrong. Opp. at 8-9. In response to Cricket's arguments, Plaintiffs now disclaim any reliance on the concept of waiver in the class definition. Reply at 5. But if the class definition is unrelated to the concept of waiver as Plaintiffs now contend, then Plaintiffs have offered no rationale at all—much less provided a valid justification—for amending the class definition.

## CONCLUSION

For the foregoing reasons, Cricket respectfully requests that the Court reject Plaintiffs' new arguments and deny Plaintiffs' motion to amend the class definition.

Dated:  July 15, 2022

Respectfully submitted,

**SIDLEY AUSTIN LLP**

*/s/ David L. Anderson*
David L. Anderson

Counsel for Defendant
CRICKET WIRELESS, LLC