WAGSTAFF & CARTMELL LLP
Tyler W. Hudson (*pro hac vice*)
Eric D. Barton (*pro hac vice*)
Melody R. Dickson (*pro hac vice*)
Austin Brane (SBN 286227)
4740 Grand Ave., Suite 300
Kansas City, MO 64112
(816) 701-1100
thudson@wcllp.com
ebarton@wcllp.com
mdickson@wcllp.com
abrane@wcllp.com

*Attorneys for Plaintiffs*

SIDLEY AUSTIN LLP
David L. Anderson (SBN 149604)
dlanderson@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Matthew P. Henry (SBN 308878)
mhenry@sidley.com
Jennifer H. Lee (SBN 329079)
jhlee@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendant
Cricket Wireless, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| URSULA FREITAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CRICKET WIRELESS, LLC, <br><br> Defendant. | Case No.  3:19-cv-07270-WHA <br><br> **JOINT STATEMENT IN RESPONSE TO COURT'S AUGUST 15TH ORDER RE: NOTICE TO FORMER CLASS MEMBERS** <br><br> Assigned to: Hon. William Alsup |

## INTRODUCTION

On July 29, 2022, the Court decertified the class. Dkt. 455. In its decertification order, the Court directed counsel to "advise as to what notice needs to be given to the class regarding the decertification." Dkt. 455 at 10. Counsel for the parties met and conferred and agreed that formal, individualized notice of the decertification was not necessary where, as here, the putative class had not previously received notice of the class action. On August 12, 2022, a joint statement summarizing the parties' position was submitted to the Court. Dkt. 460. On August 15, 2022, the Court instructed Plaintiffs' counsel to "contact each class member who has contacted them about the action and advise those class members of the decertification and that they should not rely on this action for relief," "adjust the website for this action to reflect the decertification and to give the same admonition," and report the action taken to the Court. Dkt. 461. Plaintiffs' counsel has followed the Court's directives and the parties herein report the actions taken in accordance with the Court's August 15, 2022 Order.

## COMPLIANCE WITH COURT DIRECTIVES

Plaintiffs' counsel reports that they have complied in all respects with the Court's August 15, 2022 Order. In support of the factual information contained herein is the Affidavit of Plaintiffs' Counsel Melody Dickson, attached hereto as Exhibit 1. Based on these statements, Cricket agrees that Plaintiffs' counsel have fully complied with the Court's order.

**I.  Plaintiffs' counsel developed a Class Website that was made publicly available to interested class members.**

At the time of the Court's August 15, 2022 Order, there was no active class website. However, Plaintiffs' counsel facilitated the purchase of the web address www.Cricket4GClassAction.com and had a website built to further publicize the recent decertification ("Class Website"). The parties collaborated on the content of the Class Website that informs former class members that the decertification occurred, cautions that former class members cannot rely on this action for relief, and provides access to the key documents relevant to the underlying claims and decertification. More specifically, the Class Website includes the following admonitions:

➢ California District Court Has <u>Decertified</u> the Cricket Class Action Alleging Cricket Sold 4G Phones/Service in Areas Without 4G Coverage

1

- ➢ Cricket Customers Who Purchased a 4G/LTE-Capable Android Smartphone Between November 1, 2012 And September 30, 2014 May Be Impacted

- ➢ On July 29, 2022, the Court <u>decertified</u> the class. This means the case will no longer proceed as a class action, so you cannot rely on the case to pursue or protect your rights.

- ➢ The Court has not decided whether Cricket will win or lose. There has been no final decision on the merits of the case. Instead, the Court has ruled that the case will not proceed as a class action. Absent appeal, that means the lawsuit will not decide the claims of anyone other than the individual named plaintiffs.

- ➢ The claims asserted in this case are subject to a statute of limitations. Statutes of limitations require a party to file a claim that they may have within a certain amount of time after the action or events giving rise to the potential claim occurred. The statute of limitations applicable to claims identical to those raised in this case previously was tolled, or paused. Now that the Court has decertified the class, such claims are no longer protected from the passage of time.

- ➢ <u>If you do nothing</u>, the time limit for you to assert any claims you might have against Cricket will expire, and you will thereafter be barred from any such claims.

The Class Website also provides direction to former class members about how they can pursue their claims individually if they choose to do so. The Class Website home page states in relevant part:

- ➢ Plaintiff Ursula Freitas claims that Cricket advertised and sold 4G/LTE-capable Android smartphones and 4G monthly service plans in markets without Cricket 4G/LTE coverage between November 1, 2012 and September 30, 2014 in violation of the Racketeer Influenced and Corrupt Organizations Act. You can read the Amended Class Action Complaint <u>here</u>.

- ➢ You might have been a class member if between November 1, 2012 and September 30, 2014 you purchased from Cricket a 4G/LTE-capable Android smartphone and at least one 4G/LTE monthly service plan on Legacy Cricket's network and you lived in a location that did not have Cricket's 4G/LTE coverage during that time.

- ➢ <u>If you want to pursue a claim against Cricket</u>, you may be able to file a claim in arbitration or in a separate court action. If you believe you have an unresolved claim, you should act promptly and may wish to contact a lawyer. You can read Cricket's current arbitration terms <u>here</u>.

The Class Website prominently displays and makes available in pdf format each of the following documents relevant to former class member claims:

- ➢ Amended Class Action Complaint
- ➢ Cricket's Current Arbitration Terms
- ➢ August 4, 2021 Order Granting Class Certification
- ➢ January 20, 2022 Order Excluding Certain Class Members on Arbitration Grounds
- ➢ April 11, 2022 Order Excluding Certain Class Members on Arbitration Grounds
- ➢ July 29, 2022 Order Decertifying the Class

A pdf version of the Class Website's home page is attached hereto as Exhibit 1-A.

2

As of the date of this submission, the Class Website appears in Google's organic search results when searching for "cricket class action," "cricket 4G class action," and other similar queries. To increase the likelihood that former class members are directed to the Class Website when searching for details about the case, Plaintiffs' counsel has purchased Google priority placement banners that can present the Class Website at the top of Google search results for users that search for any of the following keyword combinations:

➢ cricket lawsuit
➢ cricket class action
➢ cricket litigation
➢ cricket 4g
➢ cricket case

An example of how the banner may appear at the top of the search results is set forth below.



### II. Plaintiffs' counsel directly communicated with former class members who had previously inquired about the action.

In addition to the website launch, Plaintiffs' counsel has also directly communicated with all former class members who previously contacted them about the action. In addition to the named plaintiffs, 16 former class members had contacted Plaintiffs' counsel about the action. Each of these former class members were sent an email advising them of the decertification and resulting consequences.

The parties collaborated on the content of the email. Therein each former class member was told that they should not rely on this action for relief and how to proceed with their claims against Cricket if they so desired. The former class members were also provided with a hyperlink to the website www.Cricket4GClassAction.com where they could obtain additional information and the key

documents relevant to their claims. A complete copy of the content of the aforementioned written communication with the 16 former class members is attached hereto as Exhibit 1-B.

## CONCLUSION

The parties agree that Plaintiffs' counsel have complied with the Court's August 15, 2022 directives and that no further notice of decertification is required. As supported by the caselaw previously cited in the parties' joint statement (Dkt. 460) and consistent with the fundamental principles of *American Pipe* tolling, Plaintiffs' counsel has directly communicated with all former class members who previously contacted them about the action, and the Court's decertification order has been made publicly available and is readily accessible to interested former class members, such that individualized, formal notice of the decertification is not necessary or required at this time.

Dated: September 12, 2022

WAGSTAFF & CARTMELL LLP

By: */s/ Tyler W. Hudson*
    Tyler W. Hudson

WAGSTAFF & CARTMELL LLP
Tyler W. Hudson (*pro hac vice*)
Eric D. Barton (*pro hac vice*)
Melody R. Dickson (*pro hac vice*)
Austin Brane (SBN 286227)
4740 Grand Ave., Suite 300
Kansas City, MO 64112
(816) 701-1100
thudson@wcllp.com
ebarton@wcllp.com
mdickson@wcllp.com
abrane@wcllp.com

Counsel for Plaintiffs

| | | |
|---|---|---|
| 1 | Dated: September 12, 2022 | SIDLEY AUSTIN LLP |
| 2 | | By: */s/ Sheila A. G. Armbrust* |
| 3 | | Sheila A.G. Armbrust |
| 4 | | SIDLEY AUSTIN LLP |
| 5 | | David L. Anderson (SBN 149604) dlanderson@sidley.com |
| 6 | | Sheila A.G. Armbrust (SBN 265998) sarmbrust@sidley.com |
| 7 | | Nicole M. Ryan (SBN 175980) nicole.ryan@sidley.com |
| 8 | | Matthew P. Henry (SBN 308878) mhenry@sidley.com |
| 9 | | Jennifer H. Lee (SBN 329079) jhlee@sidley.com |
| 10 | | 555 California Street, Suite 2000 San Francisco, CA 94104 |
| 11 | | Telephone: (415) 772-1200 |
| 12 | | Facsimile: (415) 772-7400 |
| 13 | | Counsel for Defendant Cricket Wireless, LLC |

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Tyler W. Hudson, attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

*/s/ Tyler W. Hudson*

Tyler W. Hudson