Tyler W. Hudson (*pro hac vice*)
Eric D. Barton (*pro hac vice*)
Melody R. Dickson (*pro hac vice*)
Austin Brane (State Bar No. 286227)
**WAGSTAFF & CARTMELL LLP**
4740 Grand Ave., Suite 300
Kansas City, MO 64112
(816) 701-1100
*thudson@wcllp.com*
*ebarton @wcllp.com*
*mdickson@wcllp.com*
*abrane@wcllp.com*

Matthew W.H. Wessler (*pro hac vice*)
Jonathan E. Taylor (*pro hac vice*)
**GUPTA WESSLER PLLC**
1900 L Street NW, Suite 312
Washington, DC 20036
(202) 888-1741
*matt@guptawessler.com*
*jon@guptawessler.com*

Jennifer Bennett (State Bar No. 296726)
**GUPTA WESSLER PLLC**
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 573-0336
*jennifer@guptawessler.com*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| URSULA FREITAS, *on behalf of herself and others similarly situated*, <br><br> *Plaintiffs*, <br><br> v. <br><br><br> CRICKET WIRELESS, LLC, <br><br> *Defendant*. | Case No. 3:19-cv-07270-WHA <br><br> Hon. William H. Alsup <br><br> **DECLARATION OF TYLER W. HUDSON IN SUPPORT OF STIPULATED REQUEST TO EXTEND BRIEFING SCHEDULE ON DEFENDANT'S MOTION TO EXCLUDE REPORTS AND OPINIONS OR PLAINTIFFS' EXPERTS KEITH MALLINSON AND STEVE BROWNE AND MOTION FOR SUMMARY JUDGMENT** |

I, Tyler W. Hudson, declare as follows:

1.      I am a partner in the law firm of Wagstaff & Cartmell LLP and am counsel for Plaintiffs in the above-captioned matter.  I make this declaration based on my personal knowledge.

2.      If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

3.      I submit this declaration in support of the Stipulation to Extend Briefing Schedule on Defendant's Motion to Exclude Reports and Opinions of Plaintiffs' Experts Keith Mallinson and Steve Browne (Dkt. 469) and Motion for Summary Judgment (Dkt. 471).

4.      On February 17, 2023, Defendant filed its Motion to Exclude Reports and Opinions of Plaintiffs' Experts Keith Mallinson and Steve Browne (Dkt. 469) and Motion for Summary Judgment (Dkt. 471) (the "Motions"). Defendant noticed its Motions to be heard on April 13, 2023. Dkt. 469 and 471 at 1.

5.      Absent an extension, Plaintiffs' opposition to Defendant's Motion to Exclude Reports and Opinions of Plaintiffs' Experts Keith Mallinson and Steve Browne (Dkt. 469) and Motion for Summary Judgment (Dkt. 471) are due on March 3, 2023.  See Civ. L.R. 7-3(a), (c).

6.      Absent an extension, Defendant's replies to its Motion to Exclude Reports and Opinions of Plaintiffs' Experts Keith Mallinson and Steve Browne (Dkt. 469) and Motion for Summary Judgment (Dkt. 471) are due on March 10, 2023. See Civ. L.R. 7-3(a), (c).

7.      Due to professional obligations, Counsel seek a short extension of time to file the opposition and replies.

8.      I recently corresponded with Cricket's counsel about the proposed extension of time. As a result of these communications, Cricket's counsel agreed to the extension of time.

STIPULATION TO EXTEND BRIEFING SCHEDULE ON DEFENDANTS'
MOTION TO EXCLUDE REPORTS AND OPINIONS OF PLAINTIFFS' EXPERTS KEITH MALLINSON AND
STEVE BROWNE AND MOTION FOR SUMMARY JUDGMENT
CASE NO. 3:19-CV-07270-WHA

9.      In accordance with Civil Local Rule 6-2(a)(2), I report that the previous time modifications in this case are as follows: (i) on January 9, 2020, the parties stipulated to a 31-day extension of Cricket's deadline to respond to the initial complaint (Dkt. 10); (ii) on February 2, 2022, the court granted the parties' stipulation to a 30-day extension of Cricket's deadline to respond to the First Amended Complaint and to reschedule the initial case management conference to coincide with the hearing on Cricket's forthcoming motions (Dkt. 12); (iii) on October 1, 2020, the parties stipulated to shorten the briefing times on Plaintiffs' motion to extend the class certification deadline (Dkt. 87); (iv) on November 5, 2020, the Court entered an amended scheduling order extending Plaintiffs' deadline to file a motion for class certification to February 4, 2021 (Dkt. 110); (v) on November 30, 2020, the Court continued the February 9, 2021 settlement conference to July 1, 2021 (Dkt. 122); (vi) on December 10, 2020, the Court granted Plaintiffs' request to extend the deadline to move for class certification to March 4, 2021 (Dkt. 133); (vii) on February 10, 2021, the parties stipulated to a seven-day extension of Cricket's deadline to respond to the Second Amended Complaint (Dkt. 164); (viii) on March 5, 2021, the Court sua sponte continued the hearing on Cricket's motion to dismiss from March 25, 2021 to April 8, 2021 (Dkt. 178); (ix) on March 10, 2021, the parties stipulated to extend Plaintiffs' deadline to oppose Cricket's motion to dismiss the Second Amended Complaint in order to permit the filing of a Third Amended Complaint mooting that motion (Dkt. 181); (x) on March 22, 2021, the parties stipulated to a seven-day extension of time for Cricket to respond to the Third Amended Complaint (Dkt. 186); (xi) on April 7, 2021, the Court granted the parties' stipulated request to shorten the time on Cricket's expert motions and combine the hearing on those motions with the hearing on Plaintiffs' motion for class certification (Dkt. 209); (xii) on April 27, 2021, the Court sua sponte continued the May 6, 2021 hearing on the motions for class certifications, to exclude or disqualify Plaintiffs'

experts, and for an evidentiary hearing to May 19, 2021 (Dkt. 229); (xiii) on April 27, 2021, the Court sua sponte continued the May 13, 2021 hearing on Cricket's motion to dismiss to May 27, 2021 (Dkt. 230); (xiv) on May 14, 2021, the Court sua sponte continued the May 19, 2021 hearing on the motions for class certification and to exclude or disqualify Plaintiffs' experts to June 10, 2021 (Dkts. 234, 235); (xv) on June 2, 2021, the Court continued the June 10, 2021 hearing on the motion for class certification to July 15, 2021 and moved up the June 10, 2021 hearing on the motions to exclude or disqualify Plaintiffs' exerts to June 3, 2021 (Dkts. 247, 248); (xvi) on June 2, 2021, the Court continued the July 1, 2021 settlement conference to September 21, 2021 (Dkt. 252); (xvii) on June 17, 2021, the Court sua sponte continued the June 24, 2021 evidentiary hearing to June 25, 2021 (Dkts. 272, 273); (xviii) on July 6, 2021, the Court sua sponte advanced the July 15, 2021 hearing on the motion for class certification to July 14, 2021 (Dkt. 283); (xix) on July 8, 2021, the Court approved the parties' stipulated request to permit two depositions after the non-expert discovery cutoff (Dkt. 287); (xx) on July 27, 2021, the Court approved the parties' stipulated request to extend the expert discovery period by nine days (Dkt. 295); (xxi) on September 27, 2021, the Court sua sponte limited the October 7, 2021 hearing on the motion to compel arbitration, and reset the other motions for December 2, 2021 (Dkt. 335); (xxii) on September 30, 2021, the Court sua sponte stayed the case pending the outcome of Cricket's Rule 23(f) appeal and vacated the October 7, 2021 hearing (Dkt. 341); (xxiii) on January 25, 2022, the Court approved the parties' stipulated request to extend the deadlines for Plaintiffs' response to Cricket's motion to enforce text-message and electronic-signature arbitration agreements by 14 days and for Cricket's reply by 7 days, and to continue the February 24, 2022 hearing date on the arbitration motion to March 24, 2022 (Dkt. 380); (xxiv) on January 25, 2022, the Court sua sponte shortened the time for Cricket to oppose Plaintiffs' motion to shorten briefing schedule for Plaintiffs' motion to compel

depositions and ordered that Plaintiffs' shall not submit a reply (Dkt. 381); (xxv) on January 26, 2022, the Court shortened the briefing schedule for Plaintiffs' motion to compel depositions and set the motion to compel depositions to be heard on February 7, 2022 (Dkt. 384); (xxvi) on March 21, 2022, the Court sua sponte rescheduled the time of the hearing on Cricket's motion to enforce text-message and electronic-signature arbitration agreements from 8:00 A.M. to 2:00 P.M. on March 24, 2022 (Dkt. 406); (xxvii) on March 23, 2022, the Court sua sponte advanced the time of the hearing on Cricket's motion to enforce text-message and electronic-signature arbitration agreements from 2:00 P.M. to 1:00 P.M. on March 24, 2022 (Dkt. 407); and (xxviii) on March 24, 2022, the Court sua sponte continued the March 24, 2022 hearing on Cricket's motion to enforce text-message and electronic-signature arbitration agreements to March 31, 2022 (Dkt. 410); (xxix) on April 30, 2022, the parties stipulated to extend the briefing schedule for Defendant's Motion to Decertify the Class (Dkt. 420) by one week (Dkt. 426); (xxx) on June 6, 2022, the Court sua sponte changed the time of the hearing regarding Defendant's Motion to Stay from 8:00 AM to 1:30 PM on June 9, 2022 (Dkt. 434); (xxxi) on June 9, 2022, the Court sua sponte advanced the time of the hearing on Cricket's Motion to Stay from 1:30 PM to 12:00 PM on June 9, 2022 (Dkt. 435); on June 16, 2022, the Court sua sponte rescheduled the hearing regarding Cricket's Motion to Decertify the Class from June 23, 2022 to July 28, 2022 (Dkt. 439); (xxxii) on July 5, 2022, the parties stipulated to extend the briefing schedule for Plaintiffs' Motion to Amend the Class Definition (Dkt. 441) by one week (Dkt. 444); (xxxiii) on July 22, 2022, the Court sua sponte rescheduled the hearing regarding Plaintiffs' Motion to Amend the Class Definition (Dkt. 441) and Cricket's Motion to Decertify the Class (Dkt. 420) from 8:00AM to 1:30PM on July 28, 2022 (Dkt. 452); (xxxiv) on November 22, 2022, the Court sua sponte rescheduled the hearing regarding Cricket's Motion to Exclude Reports and Opinions of Plaintiffs' Experts Keith Mallinson and

1    Steve Browne (Dkt. 311), Motion for Summary Judgment (Dkt. 312), and Motion to Disqualify

2    Plaintiffs' Expert Keith Mallinson (Dkt. 310) from January 12, 2023 to January 26, 2023 (Dkt.

3    466); (xxxv) on January 20, 2023, the Court sua sponte rescheduled the hearing regarding Cricket's

4    Motion to Exclude Reports and Opinions of Plaintiffs' Experts Keith Mallinson and Steve Browne

5    (Dkt. 311), Motion for Summary Judgment (Dkt. 312), and Motion to Disqualify Plaintiffs' Expert

6    Keith Mallinson (Dkt. 310) from 8:00AM to 1:30PM on January 26, 2023 (Dkt. 467).

7

8         10.    In accordance with Civil Local Rule 6-2(a)(3), I report that the requested time

9    modification will not have any effect on the schedule for this case. It will not alter the date of any

10   event or any deadline already fixed by Court order and no party will be prejudiced by the requested

11   relief.  Briefing on the present motion will be complete two weeks prior to the scheduled hearing

12   date.

13        I declare under penalty of perjury under the laws of the United States that the foregoing is

14   true and correct.

15        Executed this 24th day of February, 2023, in Kansas City, Missouri.

16

17                                                      /s/ Tyler W. Hudson
                                                        Tyler W. Hudson
18

19

20

21

22

23

24

25

26

27

28
STIPULATION TO EXTEND BRIEFING SCHEDULE ON DEFENDANTS'
MOTION TO EXCLUDE REPORTS AND OPINIONS OF PLAINTIFFS' EXPERTS KEITH MALLINSON AND
STEVE BROWNE AND MOTION FOR SUMMARY JUDGMENT
CASE NO. 3:19-CV-07270-WHA